TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:   (424) 330-8580
Facsimile:    (315) 512-1465

BRIAN BLOOM (*pro hac vice forthcoming*)
*bbloom@tarterkrinsky.com*
ELIEZER LEKHT (*pro hac vice forthcoming*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, Brave Angelo Johnson, and Isabella Murray

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUNNY KHACHATRYAN, an individual; TATEVIK KHACHATRYAN, an individual; BRAVE ANGELO JOHNSON, a minor; and ISABELLA MURRAY, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C; and DOES 1 through 70, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-10829<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **REMOVAL OF COPYRIGHT INFORMATION;**<br>3. **MISAPPROPRIATION OF MINORS' LIKENESS;**<br>4. **VIOLATION OF CIVIL CODE SECTION 3344;**<br>5. **CONVERSION**<br>6. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**<br>7. **CYBER NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Sunny Khachatryan, an individual; Tatevik Khachatryan, an individual; Brave Angelo Johnson, a minor; and Isabella Murray, a minor (collectively "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendants 1 Hotel West Hollywood L.L.C.; SH Group Operations, L.L.C.; and SH Group Global IP Holdings, L.L.C. (collectively, the "Defendants"), for damages and injunctive relief, and in support thereof state as follows:

## I.

## INTRODUCTION AND PARTIES

1. Plaintiffs Sunny Khachatryan, an individual ("S. Khachatryan"); Tatevik Khachatryan, an individual ("T. Khachatryan"); Brave Angelo Johnson, a minor, ("Brave"); and Isabella Murray, a minor ("Isabella" and together with Brave, the "Plaintiffs") bring this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiffs original copyrighted Work of authorship.

2. S. Khachatryan is a prominent figure in the field of mental health and is regularly featured in magazines such as Psychology Today and CanvasRebel, and was dubbed as a "rising star" in the Voyage MIA Magazine (February 2022 issue).

3. S. Khachatryan and her family are well-known figures who are closely affiliated with the sporting world, charitable foundations, and entertainment industry including modeling and acting.

4. Brave and Isabella are (i) cousins; (ii) minor children with a right to privacy; (iii) child professional SAG models; and (iv) commercial actors.

5. Brave and Isabella have appeared in numerous television commercials, print ads, and other paid commercial uses of their images and likenesses for pay. In fact, both Brave and Isabella have recently signed modeling contracts with Adidas.

6. Brave and Isabella are both represented by talent agents and talent management.

7. Most recently, Brave and Isabella were being considered for a multi-million-dollar hotel endorsement, and modeling contracts for several five-star hotel chains.

8. Defendant 1 Hotel West Hollywood L.L.C. ("1 Hotel") is a Delaware limited liability company with a principal address of 591 West Putnam Ave, Greenwich, CT 06830. 1 Hotel can be served on its California registered agent, 1505 Corporation CT Corporation, at 330 N Brand Blvd, Glendale, CA 91203.

9. Defendant SH Group Operations, L.L.C., ("SH"), is a Delaware limited liability company with a principal address of 591 West Putnam Ave, Greenwich, CT 06830. SH can be served on its California registered agent, 1505 Corporation CT Corporation, at 330 N Brand Blvd, Glendale, CA 91203.

10. Defendant SH Group Global IP Holdings, L.L.C., ("IP Holdings", collectively with SH and 1 Hotel known as the "Defendants") is a Delaware holding company with a principal place of business at 591 West Putnam Avenue, Greenwich, Connecticut 06830.

11. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Doe 1 through Doe 70, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and thereon alleges that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and are liable for payment of damages to Plaintiffs.

## II.

## JURISDICTION AND VENUE

12. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

13. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

14. Defendants are subject to personal jurisdiction in California.

15. Venue is proper in the Central District under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

### III.
### THE COPYRIGHTED WORK AT ISSUE

16. On January 3, 2021, Plaintiffs created the photograph shown below and referred to herein as the "Work."

17. S. Khachatryan is the sole owner of all rights, title, and interest in and to



the US copyrighted photograph titled "Cousins at the Pool in Bathrobes" (the "Copyrighted Photograph") which was taken at 1 Hotel West Hollywood located at 8490 Sunset Blvd, West Hollywood, CA 90069.

18. S. Khachatryan is the owner of U.S. Copyright Registration Certificate, Registration No. VA 2-343-002. The Certificate of Registration is attached hereto as **Exhibit 1**.

19. On January 3, 2021, Plaintiffs posted the Work to Brave's Instagram social media account as shown above.

20. Plaintiffs' display of the Work on the Instagram social media page also included copyright management information ("CMI") in the form of Plaintiffs's name, "brave_johnson" ("Attribution").

21. Plaintiffs' Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

22. At all relevant times Plaintiffs were the owner of the copyrighted Work.

## IV.
## INFRINGEMENT BY DEFENDANTS

23. Defendants were never licensed to use the Work at issue in this action for any purpose.

24. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

25. Plaintiffs discovered the unauthorized use of the Work, on the Website at the URL https://shop.1hotels.com/collections/apparel/products/1-hotels-signature-kids-organic-jersey-knit-hooded-robe, as shown below.



26. Defendants copied Plaintiffs' Work without permission, authority, or license.

27. After Defendants copied the Work, they made further copies and distributed the Work on the internet, without obtaining permission from each parent or guardian with authority, to promote the sale of goods and services as part of their hotel spa and apparel business.

28. Defendants copied and distributed Plaintiffs' copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and spa services.

29. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

30. Plaintiffs never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

31. Plaintiffs notified Defendants of the allegations set forth herein on May 10, 2023.

32. When Defendants copied and displayed the Work at issue in this case, Defendants purposefully and willfully removed Plaintiffs' attribution or copyright

management information from the Work with the intention to further disseminate and profit from the Work.

33. Plaintiffs never gave Defendants permission or authority to remove attribution or copyright management information from the Work.

## COUNT 1
## COPYRIGHT INFRINGEMENT

34. Plaintiffs incorporate the allegations of the above paragraphs of this Complaint as if fully set forth herein.

35. Plaintiffs own a valid copyright in the Work at issue in this case.

36. Plaintiffs registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiffs's authorization in violation of 17 U.S.C. § 501.

38. Defendants performed the acts in the course and scope of their business activities for purposes of driving sales and generating profit, as alleged herein.

39. Defendants' acts were willful.

40. Plaintiffs have been damaged.

41. The harm caused to Plaintiffs has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

42. Plaintiffs incorporate the allegations of above paragraphs of this Complaint as if fully set forth herein.

43. The Work contains copyright management information ("CMI") in the form of Attributions to Brave Johnson's name and Instagram account.

44. Defendants knowingly and with the intent to enable and/or facilitate copyright infringement, displayed the Work on the Website without any of the Attributions in violation of 17 U.S.C. § 1202(b).

45. Defendants distributed the Work to the Website knowing that the CMI had been removed or altered without authority of the copyright owner or authority to do so under the law.

46. Defendants committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Plaintiffs's rights in the Work.

47. Defendants caused, directed, and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiffs's rights in the Work at issue in this action protected under the Copyright Act.

48. Plaintiffs have been damaged.

49. The harm caused to Plaintiffs has been irreparable.

## COUNT III
## MISAPPROPRIATION OF MINORS' LIKENESS

50. Plaintiffs incorporate the allegations of above paragraphs of this Complaint as if fully set forth herein.

51. Defendants' impermissible use of the Work infringed the children's rights of publicity and privacy by displaying their personally identifiable information, including but not limited to their faces, names, and likeness for commercial gain.

52. Plaintiffs did not consent to or authorize Defendants' use of the Work.

53. Defendants' unauthorized use of the Work was done for Defendants' commercial benefit.

54. Defendants benefitted from the unauthorized use of the Work.

55. This constitutes a misappropriation of the right of publicity and privacy in the form of the unauthorized commercial use of a photograph in violation of several USCA provisions, as well as state law.

56. Plaintiffs have been damaged.

57. The harm caused to Plaintiffs has been irreparable.

# COUNT IV

# CALIFORNIA STATE PRIVACY LAW VIOLATIONS UNDER CIVIL CODE § 3344 – UNAUTHORIZED USE OF PHOTOGRAPH OR LIKENESS.

58. Plaintiffs incorporate the allegations of above paragraphs of this Complaint as if fully set forth herein.

59. It is well established that California protects a natural living peson's right of publicity, including a minor's right of publicity.

60. Defendants knowingly used Brave and Isabella's photograph to advertise and sell its 1 Hotels Signature Kids Jersey Knit Hooded Robe as shown below:



61. The photograph used by Defendant to sell these robes depicted both minors in a manner that they were both easily and readily identifiable.

62. Defendant did not have the prior consent of either Brave or Isabella's parents or legal guardian to use this photograph to advertise and sell its robes or any other products.

63. Defendants' knowing use of the photograph did not occur in connection with a news, public affairs, or sports broadcast or account, or in connection with a policital campaign.

9
*COMPLAINT*

Case No. 2:23-cv-10829

64. The use of Plaintiffs' photograph was directly connected to Defendants' commercial purpose.

65. Brave and Isabella have been harmed by the use of their photograph in this manner by Defendants and Defendants' conduct in using the photograph in this manner was a substantial factor in causing Plaintiffs' harm.

66. Defendants' unauthorized commercial use of Plaintiffs' name and likeness violated Cal. Civ. Code § 3344.

67. Defendants' unauthorized use does not fall within any exemption under Section 3344(d).

68. The harm caused to Plaintiffs has been irreparable.

## V.

## CONVERSION

69. Plaintiffs incorporate the allegations of above paragraphs of this Complaint as if fully set forth herein.

70. Plaintiff owns the copyright in the Work.

71. Defendants' unauthorized use of the Work is a disposition of the Work, or substantial interference with Plaintiff's ownership of the work, in a manner that is inconsistent with Plaintiff's bundle of rights, including but not limited to the publication and display of its Work.

72. Plaintiffs did not consent to Defendants' use of the Work.

73. Plaintiffs have been damaged.

74. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

75. The harm caused to Plaintiffs has been irreparable.

## VI.

## UNFAIR COMPETITION – BUSINESS AND PROFESSIONS CODE SECTION 17200

76. Plaintiffs incorporate the allegations of above paragraphs of this Complaint as if fully set forth herein.

77. California's Unfair Competition law provides that "unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . ." *Cal Bus & Prof Code* § 17200.

78. California Penal Code § 496(a) prohibits the obtaining of property in any manner constituing theft.

79. California Penal Code § 484 defines "theft" as the taking of the "personal property of another," including the taking of ". . .property which has been entrusted to him or her. . ." and/or "the defrauding of any other person of money, labor, or personal property by any false or fraudenly representation or pretense. . ."

80. Defendants took the Work without the Plaintiffs' consent in order to use the Work to sell Defendants' products.

81. The Work is the property of the Plaintiffs.

82. Defendants' unathorized taking and use of the Work constitutes a violation of Penal Codes sections 496(a) and 484.

83. California Courts have held that copying is theft despite the owner's retention of possession of the original property, as a deprivation of property occurs when a copy is made.

84. Defendants' unauthorized use and publication of the Work deceives the public into thinking that Plaintiffs endorse Defendants' hotel spa business, or the apparel associated with it.

85. Defendants failed to give Plaintiffs any credit or attribution in Defendants' unauthorized use of the Work.

86. Plaintiffs have been damaged by Defendants' illegal and wrongful conduct. Defendants' unauthorized use and publication of the Work to promote its hotel spa business without payment to Plaintiffs to obtain a license or royalty prevented Plaintiffs from obtaining a contract for advertising spa apparel for children.

87. Plaintiffs have a property interest in their personal information.

88. Plaintiffs have lost property value based on Defendants' unauthorized use of the Work.

89. The harm caused to Plaintiffs has been irreparable.

90. Plaintiffs are entitled to civil penalties, restitution, injunctive relief, and such other and further relief as may be available under the law.

## VII.

## CYBER NEGLIGENCE

91. Plaintiffs incorporate the allegations of above paragraphs of this Complaint as if fully set forth herein.

92. Defendants had a duty to protect Plaintiffs' economic rights.

93. Plaintiffs have a cognizable injury as a result of Defendants' unauthorized use of the Work.

94. Defendants' unauthorized use of the Work is the cause of Plaintiffs' injury.

95. Plaintiffs suffered an economic loss due to Defendants' breach of their statutory and legal duties.

96. Defendants' unauthorized collection and use of data constitutes cyber negligence.

97. Defendants' collection and publication of the Work is unauthorized distribution of biometric data.

98. Defendants' unauthorized publication caused Plaintiffs irreparable harm because once published on the internet, a trace of the Work will always remain on the internet and could never be truly erased.

99. Plaintiffs have been damaged.

100. Defendants' unauthorized conduct was a substantial factor in causing Plaintiffs' harm.

101. The harm caused to Plaintiffs has been irreparable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

A. Defendants and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

B. Defendants be required to pay Plaintiffs their actual damages and Defendants' profits attributable to the infringement, or, at Plaintiffs' election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

C. That Plaintiffs be awarded restitution;

D. That Defendants be enjoined from further use of the Work;

E. Plaintiffs be awarded their attorneys' fees and costs of suit under the applicable statutes sued upon;

F. Plaintiffs be awarded pre-judgment interest and post-judgment interest; and

G. Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

| | |
|---|---|
| DATED:  December 27, 2023 | TARTER KRINSKY & DROGIN LLP |

By:      */s/ Tyler R. Dowdall*
Tyler R. Dowdall, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
Renata A. Guidry, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:     (424) 330-8580
Facsimile:      (315) 512-1465

Brian Bloom (*pro hac vice forthcoming*)
*bbloom@tarterkrinsky.com*
Eliezer Lekht (*pro hac vice forthcoming*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, Brave Angelo Johnson, and Isabella Murray