CLARK HILL LLP
Myriah V. Jaworski (SBN336898)
mjaworski@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone:   (619) 557-0404
Facsimile:   (619) 557-0460

Attorneys for Defendants 1 HOTEL WEST
HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS,
L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; BRAVE ANGELO JOHNSON, A MINOR; AND ISABELLA MURRAY, A MINOR,<br><br>                    Plaintiffs,<br><br>        v.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C; AND DOES 1 THROUGH 70, INCLUSIVE,<br><br>                    Counter-Claimant. | Case No. 2:23-CV-10829-ODW-E<br><br>**1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS COMBINED RULE 12 MOTION**<br><br>Judge:      Otis D. Wright, III<br>Magistrate Judge: Hon. Charles F. Eick<br><br>Date:       March 18, 2024<br>Time:       1:30 pm. |

## NOTICE OF MOTION AND COMBINED RULE 12 MOTION

PLEASE TAKE NOTICE that on March 18, 2024 at 1:30pm, or as soon thereafter as the matter may be heard, before the Honorable Otis D. Wright, III, in Courtroom 10B of the above-entitled Court, located at First Street Courthouse, 350 W. First Street, Los Angeles, CA 90012, Defendants 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP

CASE NO.: 2:23-CV-10829-ODW-E

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

GLOBAL IP HOLDINGS, L.L.C (collectively, "Defendants" or "1 Hotels") by and through its attorneys of record, will and hereby do move for an order dismissing the Complaint, ECF No. 1 ("Complaint"), with prejudice pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure ("FRCP").

On December 28, 2023, Plaintiffs filed the instant action against the Defendants. ECF No. 1. Contemporaneous with this combined Rule 12 Motion, Defendants filed a Partial Answer. ECF No. 32.

Defendants bring this combined Rule 12 Motion on the following grounds:

(1)     Pursuant to FRCP 12(b)(6), Defendants move to dismiss Plaintiffs' removal of copyright management information ("CMI") claim (Count II); conversion claim (Count V); violation of business and professional code section 17200 claim (Count VI) and cyber negligence claim (Count VII). These claims are preempted by the Copyright Act, 17 U.S.C. § 301(a), are unsupported by the facts as alleged and otherwise fail to state a claim upon which relief can be granted.

(2)     Pursuant to FRCP 12(c), Defendant moves for judgment on the pleadings on Plaintiffs' copyright infringement claim (Count I) and misappropriation of likeness claims (Counts II, III).  As a matter of law, Plaintiffs granted Defendants an implied license and consented to Defendants use of the photograph.

(3)     Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants also request that the Court take judicial notice of certain exhibits verified and included within Defendants' Partial Answer.

This Motion is made following the conference of counsel which took place on January 22, 2024, at which time Plaintiffs' counsel directed that they "waived" any additional conferral obligations under the Court's Local Rules and directed that Defendants' counsel "bring their motion." *See, e.g.* Declaration of Myriah V. Jaworski, Esq., dated February 12, 2024.

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

1    This Motion is based upon this Notice of Motion and Motion, the
2  accompanying Memorandum of Points and Authorities, the pleadings and records on
3  file in this action, and such other evidence and argument as may be presented to the
4  Court at or before the hearing on the Motion.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO.: 2:23-CV-10829-ODW-E

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP
HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 1

RELEVANT FACTS ......................................................................................... 2

LEGAL STANDARD ....................................................................................... 3

    A.    Rule 12(b)(6) ................................................................................ 3

    B.    Rule 12(c) ..................................................................................... 4

    C.    Fed. R. Evid. 201 Request for Judicial Notice ...................... 5

ARGUMENT ...................................................................................................... 7

I.    The copyright infringement claim (Count I) fails because 1 Hotel had a nonexclusive license to use the work as a matter of law. ................................................................................................... 7

II.    Plaintiff is not entitled to statutory damages or attorneys' fees on the copyright infringement claim (Count I). ............................... 9

III.    Brave's social media handle is not "CMI" and the CMI Removal (Count II) claim fails ................................................................ 10

IV.    Plaintiffs' misappropriation claims (Counts III-IV) fail because they consented to Defendants' use of the work, the use was incidental, and the children are not readily identifiable. .............................. 11

    A.    Plaintiffs consented to the use of their images by 1 Hotel. ............... 12

    B.    The use of the minor Plaintiffs' images is incidental and not actionable. ............................................................................... 14

    C.    Plaintiffs are not readily identifiable in the photo, and their statutory misappropriation claim fails for this additional reason. .................................................................... 15

V.    Plaintiffs' conversion (Count V), unfair competition (Count VI) and "cyber negligence" (Count VII) claims are expressly preempted by the Copyright Act, 17 U.S.C. § 501 et. seq. ......................... 16

    A.    Conversion (Count V) ................................................................ 17

    B.    Unfair Competition Law ("UCL") (Count VI) ................................ 18

    C.    "Cyber" Negligence (Count VII) ............................................... 18

CASE NO.: 2:23-CV-10829-ODW-E

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

VI.   Plaintiffs conversion (Count V), unfair competition (Count VI)
      and "cyber negligence" (Count VII) claims also fail to state a
      claim on which relief can be granted. ........................................... 19

      A.   Plaintiffs' conversion (Count V) claim fails. ..................................... 19

      B.   Plaintiffs' UCL claim (Count VI) fails. .............................................. 19

      C.   Plaintiffs' negligence claim (Count VII) fails. ................................... 20

VII.  The Complaint fails to satisfy Rule 8(a) and, at the very least,
      T. Kachatryan must be dismissed from the action. ........................................ 21

CONCLUSION ........................................................................................................... 22

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP
HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
　355 F.3d 1179 (9th Cir. 2004) ................................................................4

*Aguirre v. Wells Fargo Bank, N.A.*,
　2015 WL 4065245 (C.D. Cal. July 5, 2015) ..........................................4

*Aligo v. Time-Life Books, Inc.*,
　1994 WL 715605 (N.D. Cal. Dec. 19, 1994) ...............................14, 15

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ...............................................................................4

*Asset Mktg. Sys., Inc. v. Gagnon*,
　542 F.3d 748 (9th Cir. 2008) .................................................................7

*Beacon Residential Cmty. Assn. v. Skidmore, Owings & Merrill LLP*,
　59 Cal. 4th 568 (2014) .........................................................................21

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ...............................................................................4

*Bogie v. Rosenberg*,
　705 F.3d 603 (7th Cir. 2013) ...............................................................15

*Branch v. Tunnell*,
　14 F.3d 449 (9th Cir. 1994), *overruled in part on other grounds by,*
　*Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ..................5

*Brophy v. Almanzar*,
　359 F. Supp. 3d 917 (C.D. Cal. 2018) ..................................................6

*Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
　20 Cal.4th 163 (Cal. 1999) ..................................................................20

*Daniels-Hall v. Nat'l Educ. Ass'n*,
　629 F.3d 992 (9th Cir. 2010) .................................................................5

iii

CASE NO.: 2:23-CV-10829-ODW-E

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP
HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT

*Davis v. Elec. Arts Inc.*,
   775 F.3d 1172 (9th Cir. 2015) ................................................................ 14

*Dennis Fugnetti Photography Trust v. Bird B. Gone, Inc.*,
   2022 WL 1585747 (C.D. Cal., April 4, 2022) ...................................... 8

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
   528 F. 3d 696 (9th Cir. 2008) ................................................................ 9

*Dielsi*,
   916 F. Supp. at 992 .................................................................... 17, 18

*Effects Assoc., Inc. v. Cohen*,
   908 F.2d 555 (9th Cir. 1990) ................................................................ 7

*Falcon Enters., Inc., Publishers Serv., Inc.*, 438 F. App'x 579, 581
   (9th Cir. 2011) ................................................................................ 7, 8

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) (*per curiam*) .................................... 4

*Field v. Google Inc.*,
   412 F. Supp. 2d 1106 (D. Nev. 2006) ................................................ 7

*Firoozye v. Earthlink Network*,
   153 F. Supp. 2d 1115 (N.D. Cal. 2001) .......................................... 17

*Fleming v. Pickard*,
   581 F.3d 922 (9th Cir. 2009) ................................................................ 5

*Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*,
   772 F.2d 505 (9th Cir.1985) ................................................................ 9

*Guettler v. Hyper Bicycles*,
   2020 WL 1290616 (C.D. Cal. Feb. 4, 2020) .................................. 14

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
   189 F.3d 971 (9th Cir. 1999) ................................................................ 5

*Henderson v. Marrow*,
   2011 WL 13217241 (C.D. Cal. Feb. 10, 2011) .............................. 22

*Hill v. National Collegiate Athletic Assn.*,
   7 Cal.4th 1 (1994) ................................................................................ 14

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP
HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT

*I.A.E., Inc. v. Shaver,*
 74 F.3d 768 (7th Cir. 1996) .................................................................. 7, 10, 17, 20

*Idema v. Dreamworks, Inc.,*
 162 F. Supp. 2d 1129 (C.D. Cal. 2001), *aff'd in part, dismissed in part*, 90 F. App'x 496 (9th Cir. 2003) .................................................... 19

*Interscope Records v. Time Warner, Inc.,*
 2010 WL 11505708 (C.D. Cal. June 28, 2010) ........................................ 8

*Irish Lesbian and Gay Org. v. Giuliani,*
 143 F.3d 638 (2d Cir. 1998) .................................................................... 4

*Jones v. Corbis Corp.,*
 815 F. Supp. 2d 1108 (C.D. Cal. 2011) ...................................... 12, 13, 14

*Kodadek v. MTV Networks, Inc.,*
 152 F.3d 1209 (9th Cir. 1998) .......................................................... 17, 18

*Korea Supply Co. v. Lockheed Martin Corp.,*
 29 Cal.4th 1134 (Cal. 2003) .................................................................. 19

*McCormick v. Amir Const. Inc.,*
 279 Fed. Appx. 470 (9th Cir. 2008) ...................................................... 10

*McElroy v. Courtney Ajimca Events LLC,*
 512 F. Supp. 3d 1328 (D. Ga. Jan. 12, 2021) ....................................... 8, 9

*McElroy v. Juarez,*
 2020 WL 5408933 (S.D. Cal. Sept. 9, 2020) ......................................... 22

*Melchior v. New Line Prods., Inc.,*
 131 Cal. Rptr. 2d 347 (Cal. Ct. App. 2003) .......................................... 17

*Morgan v. Cty. of Yolo,*
 436 F. Supp. 2d 1152 (E.D. Cal. 2006) .................................................... 4

*N. Amer. Chem. Co. v. Super. Ct.,*
 59 Cal.App.4th 764 (1997) .................................................................... 20

*Nat'l Rifle Ass'n of Am. v. City of Los Angeles,*
 441 F. Supp. 3d 915 (C.D. Cal. 2019) ...................................................... 6

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

*Nazemi v. Specialized Loan Servicing, LLC*,
  637 F. Supp. 3d 856 (C.D. Cal. 2022)................................................................ 19

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998)................................................................ 11, 12, 16

*Newton v. Thomason*,
  22 F. 3d 1455,1458 (9th Cir. 1994) ................................................................ 13

*Nimmer*
   § 10.03[A][7] ................................................................ 8

*Peredia v. HR Mobile Services, Inc.*,
  25 Cal.App.5th 680 (2018)................................................................ 20

*Perkins v. LinkedIn Corp.*,
  53 F. Supp. 3d 1190 (N.D. Ca. 2014)................................................................ 13

*Perkins v. LinkedIn Corp.*,
  53 F. Supp. 3d 1222 (N.D. Cal 2014)................................................................ 14

*Polar Bear Prods., Inc. v. Timex Corp.*,
  384 F.3d 700 (9th Cir.2004)................................................................ 9

*Reinicke v. Creative Empire LLC*,
  38 F. Supp. 3d 1192 (S.D. Cal. Aug. 6, 2014) ................................................................ 7

*Rios v. Fekkai Retail, LLC*,
  2021 WL 3160192 (C.D. Cal. Jul. 6, 2021) ................................................................ 13

*Shalghoun v. N. Los Angeles Cnty. Reg'l Ctr., Inc.*,
  2024 WL 277313 (Cal. Ct. App. Jan. 25, 2024) ................................................................ 21

*Shaw v. Hahn*,
  56 F.3d 1128 (9th Cir. 1995) ................................................................ 4

*Shwarz v. United States*,
  234 F.3d 428 (9th Cir. 2000) ................................................................ 4

*Signorelli v. N. Coast Brewing Co., Inc.*,
  2019 WL 2569582 (N.D. Cal. June 21, 2019) ................................................................ 7

*Silvers v. Sony Pictures Entertainment, Inc.*,
  402 F.3d 881 (9th Cir. 2005)................................................................ 10

*Sollberger v. Wachovia Secs., LLC*,
   2010 WL 2674456 (C.D. Cal. June 30, 2010)......................................21

*Stavrinides v. Vin Di Bona*,
   2018 WL 1311440 ...............................................................................7

*In re Sun Microsystems, Inc. Sec. Litig.*,
   1990 WL 169140, at *2 (N.D. Cal. Aug. 20, 1990).............................5

*Sybersound*,
   517 F.3d at 1152 ...............................................................................18

*Taylor v. Viacom Inc.*,
   2018 WL 4959821 (C.D. Cal. June 5, 2018)........................................6

*Textile Secrets Intern., Inc. v. Ya-Ya Brand, Inc.*,
   524 F. Supp. 2d 1184 (C.D. Cal., Oct. 31, 2007)...............................11

*Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*,
   445 F. Supp. 3d 139 (N.D. Cal. Apr. 7, 2020) ................................5, 6

*Velasquez-Reyes v. Samsung Elecs. Am., Inc.*,
   No. 2017 WL 4082419 (C.D. Cal. Sept. 13, 2017)..............................6

*Welco Elecs., Inc. v. Mora*,
   223 Cal. App. 4th 202 (2014)............................................................19

*Wible v. Aetna Life Ins. Co.*,
   375 F.Supp.2d 956 (C.D.Cal.2005).....................................................6

*Wild v. NBC Universal, Inc.*,
   788 F. Supp. 2d 1083 (C.D. Cal. 2011)..............................................18

*Worldwide Church of God v. Philadelphia Church of God, Inc.*,
   227 F. 3d 1110 (9th Cir. 2000)............................................................7

*Worth*,
   5 F. Supp. 2d at 821 ..........................................................................17

*Yeager v. Cingular Wireless LLC*,
   673 F. Supp. 2d 1089 (E.D. Cal. 2009)..............................................14

*Young v. Greystar Real Estate Partners, LLC*,
   2019 WL 4169889 (S.D. Cal. Sept. 3, 2019)......................................16

*Zella v. E.W. Scripps Co.,*
    529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007) ........................................................ 6

CASE NO.: 2:23-CV-10829-ODW-E

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP
HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT

## **INTRODUCTION**

This case concerns "Kid-fluencing" by Plaintiff parents Sunny Khachatryan and Tatevik Khachatryan of their minor children, Plaintiffs Brave Angelo Johnson and Isabella Murry. In early 2021, "Plaintiffs"[1] posted a photo to minor Brave's public Instagram social media account.[2] Compl. ¶ 19. The photo shows Brave and his minor cousin Isabell are standing in front of a pool at the 1 Hotel in West Hollywood, California ("1 Hotel") wearing 1 Hotel branded-robes. Compl. ¶ 17. Plaintiffs geo-tagged – or associated – the photo with the 1 Hotel Instagram account. *Id.* Geo-tagging is common where a person wants to enhance the reach of their photo and leverage the tagged brand's audiences. Defendants' Partial Answer ("Ans.") and Affirmative Defenses ("Aff. Defs."), ECF No. 32, Aff. Defs. at ¶¶ 3-4. In other words, the Parents wanted 1 Hotel's attention and to exploit 1 Hotels' established brand, following, and reputation to promote their children. *Id.*

**With express consent**, 1 Hotel re-posted the photo to its own digital channels, directly alongside information on how to purchase 1 Hotel robes from the 1 Hotel website (the "Website"). Aff. Defs. ¶¶ 6-16. Plaintiffs "liked," "hearted" and re-shared theses posts on their social media accounts, and then ***publicly thanked*** 1 Hotel for using their photo. *Id.* ¶ 12. From March 2021 through May 2023, 1 Hotel included the photo for its child's robe listing on the Website. *Id.* ¶¶ 19-20. Over the two years, 1 Hotel sold 38 child robes, for a net profit of $2,342.40. *Id.* ¶¶ 21-22.

Now, years later, the Parents have made a federal case with multi-million dollar demands out of the use of a photo that they affirmatively sought out, consented to and promoted on their children's behalf. As explained below, Plaintiffs' claims are

---

[1] The Complaint employs impermissible group pleading and fails to FRCP 8(a). *See* § VII, *infra*.

[2] According to his Instagram profile, Brave is currently seven (7) years old. During the relevant time period, in 2021, Plaintiff Brave was four (4) years old.

CASE NO.: 2:23-CV-10829-ODW-E

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

preempted, legally defective, and misdirected: If the minor Plaintiffs' aspiring influencer careers have truly suffered as a result, as the Complaint alleges, they have only the actions of their legal guardians to blame.

## RELEVANT FACTS

At some point in time, minor Brave (or someone acting on his behalf given his minor status) created an Instagram account under the handle @brave_johnson. Aff. Defs. ¶¶ 1-2. In creating the account, Brave agreed to and became bound by Instagram's terms of service (collectively, the "Instagram Terms"). *Id*. ¶¶ 23-24. Among other things, the Instagram Terms grant broad and non-exclusive licenses to Instagram and others to "host, use, distribute, modify, run, copy, publicly perform or display, translate, and create derivative works of [Plaintiffs'] content." *Id*. ¶ 24.

On January 3, 2021, Plaintiffs posted a picture to minor Brave's public Instagram social media account. Compl. ¶ 19. The photo shows Brave and his minor cousin Isabella wearing 1 Hotel robes and standing in front of a pool at the 1 Hotel in West Hollywood, California. *Id*. ¶ 17. Plaintiffs geo-tagged – or associated – their photo with the 1 Hotel West Hollywood Instagram account. *Id.* By geo-tagging the photo to the 1 Hotel location and Instagram account, Plaintiffs wanted – and got – the attention of 1 Hotel.

1 Hotel then asked for Plaintiffs' permission to copy and distribute the photo. Aff. Defs. ¶¶ 6-7. Plaintiffs provided their express consent to this use – "@1hotels – thank you! #sharemy1pic." *Id*. ¶ 7.



1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

Case 2:23-cv-10829-ODW-E   Document 35   Filed 02/12/24   Page 14 of 34   Page ID #:154

*Id*.

Once authorized, 1 Hotel posted the photo to its digital channels to sell bathrobes. *Id*. ¶¶ 8-9. Specifically, 1 Hotel's posts of the photo included the statement: "Wrapped in 100% organic jersey knit. Bring the comfort of our sustainable sanctuaries home with signature hooded robes **from our online shop**, GoodThings. ***Link in the bio***." *Id*. ¶ 9 (emphasis added). 1 Hotel's account "bio" linked directly to the Website catalogue where 1 Hotel robes could be purchased. *Id*. In the posts, 1 Hotel identified Plaintiff Johnson by his @brave_johnson Instagram account. *Id.* at 10.

In response, the @brave_johnson Instagram account "liked" the 1 Hotel posts, sent heart emojis to 1 Hotel's private message notifying him of the posts, re-shared the 1 Hotel post to their Instagram stories, and publicly thanked 1 Hotel for using the photo: "Thank you for the post! One if [sic] Our favorite hotels!" *See Id*. ¶¶ 11-16. During the time the photo was posted to the 1 Hotel Website for the child's robe listing, 1 Hotel sold 38 children's robes for a net profit of $2,342.40. *Id*. ¶¶ 21-22.

More than two years later, on April 21, 2023, Plaintiff Sunny Khachatryan (mother of Brave Johnson) registered the photo for copyright protection. *See* Compl. Ex. 1. Shortly after registering the photo, Plaintiffs demanded $4 million dollars from 1 Hotel for use of the photo or they threated to file a lawsuit. *Id*. ¶ 19. Once in receipt of the demand, 1 Hotel immediately took the photo off the Website. *Id*. ¶ 20.

## LEGAL STANDARD

### A. Rule 12(b)(6)

Defendants bring a Rule 12(b)(6) challenge to Plaintiffs' copyright information, conversion, unfair practices and cyber negligence claims (Counts II, V-VII).

To survive a motion to dismiss under FRCP 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face."' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quotations and citation omitted). The complaint must allege facts which, when taken as true, raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555. "Although [the Court] must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff, [it] need not accept as true legal conclusions cast in the form of factual allegations." *Aguirre v. Wells Fargo Bank, N.A.*, 2015 WL 4065245, at *2 (C.D. Cal. July 5, 2015).

A court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000)*, and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995).* Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011)* (*per curiam*) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004).*

**B.   Rule 12(c)**

Defendants bring a Rule 12(c) challenge to Plaintiffs' copyright infringement and misappropriation of likeness claims (Counts I, III-IV).

A motion for judgment on the pleadings under FRCP 12(c) "challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6)." *Morgan v. Cty. of Yolo*, 436 F. Supp. 2d 1152, 1154-55 (E.D. Cal. 2006) (citing *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998)), *aff'd, Morgan v. Cty. of Yolo*, 277 F.

App'x 734 (9th Cir. 2008) (unpublished). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)).

### C.     Fed. R. Evid. 201 Request for Judicial Notice

Defendants make a Rule 201 of the Federal Rules of Evidence request for the Court to take judicial notice of certain exhibits verified and included within or attached to Defendants' Partial Answer and Affirmative Defenses, ECF No. 32. A court "may take judicial notice on its own" or "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c) (emphasis added). "In general, websites and their contents may be judicially noticed." *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 142 (N.D. Cal. Apr. 7, 2020).

Moreover, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled in part on other grounds by, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also In re Sun Microsystems, Inc. Sec. Litig.*, 1990 WL 169140, at *2 (N.D. Cal. Aug. 20, 1990) (taking judicial notice of documents on a motion to dismiss, pursuant to Fed. R. Evid. 106 and 201).

Thus, in ruling on this Rule 12 motion, the Court may look beyond the complaint to "consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)

(citations omitted); *see also Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007) ("a court may consider documents which are not physically attached to the complaint but 'whose contents are alleged in [the] complaint and whose authenticity no party questions.'").

Courts in the Ninth Circuit, including this District, routinely take judicial notice of publicly available webpages that are referenced to in a complaint, or websites which are relevant to allegations raised in a complaint. *See e.g. Wible v. Aetna Life Ins. Co.,* 375 F.Supp.2d 956, 965–66 (C.D.Cal.2005) (taking judicial notice of contents of Amazon.com web pages describing books related to the case); *Taylor v. Viacom Inc.*, 2018 WL 4959821, at *1 (C.D. Cal. June 5, 2018) (taking judicial notice of websites); *Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, No. 2017 WL 4082419, at *1 (C.D. Cal. Sept. 13, 2017) (taking judicial notice of "publicly available websites").

Based on this principle, courts have taken judicial notice of social media websites. *See e.g. Brophy v. Almanzar*, 359 F. Supp. 3d 917, 924 (C.D. Cal. 2018) (judicial notice of social media accounts); *Nat'l Rifle Ass'n of Am. v. City of Los Angeles*, 441 F. Supp. 3d 915, 934 (C.D. Cal. 2019) (judicial notice of social media posts made on Twitter); *Threshold Enters.*, 445 F. Supp. 3d at 142 (judicial notice of social media websites). Accordingly, because the Complaint references a post made on Instgram.com, Compl., ¶¶ 17,19-20,  this Court may take judicial notice of the contents of this website. *See* Aff. Defs. ¶¶ 4, 7, 8, 11, and 14. The Court may also take judicial notice of the screenshots in the Answer and Affirmative Defenses which are verified as true and accurate because they relate to the allegations made in the Complaint.

## **ARGUMENT**

**I.    The copyright infringement claim (Count I) fails because 1 Hotel had a nonexclusive license to use the work as a matter of law.**

"A copyright owner may grant a nonexclusive license expressly or *impliedly through conduct.*" *Reinicke v. Creative Empire LLC,* 38 F. Supp. 3d 1192, 1199 (S.D. Cal. Aug. 6, 2014)(emphasis added). "An implied license can be found where the copyright holder engages in conduct from which the other party may properly infer that the owner consents to his use." *Field v. Google Inc*., 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006); *see also Effects Assoc., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990) ("nonexclusive license may … be implied from conduct").

"[A]n implied grant of a nonexclusive license to use a copyright work precludes a copyright infringement claim." *Falcon Enters., Inc., Publishers Serv., Inc*., 438 F. App'x 579, 581 (9th Cir. 2011); *Worldwide Church of God v. Philadelphia Church of God, Inc*., 227 F. 3d 1110, 1114 (9th Cir. 2000); *Stavrinides v. Vin Di Bona*, 2018 WL 1311440, at *4 (C.D. Cal. Mar. 12, 2018 (Snyder, J.) (granting motion to dismiss based on implied consent).

The question whether an implied license exists is to be "determined by the licensor's objective intent . . . as manifested by the parties' conduct." *Signorelli v. N. Coast Brewing Co., Inc.*, 2019 WL 2569582, at *3 (N.D. Cal. June 21, 2019) (citing *Asset Mktg. Sys., Inc. v. Gagnon*, 542 F.3d 748, 756 (9th Cir. 2008)). To decipher "objective intent," district courts in the Ninth Circuit consider the three factors delineated in *Effects*, 908 F.2d at 558 (the "*Effects* factors"). The *Effects* factors consider whether "(1) a person (the licensee) request[ed] the creation of the work, (2) the creator (the licensor) ma[de] the particular work and deliver[ed] it to the licensee who requested it, and (3) the licensor intend[ed] that the licensee-requestor copy and distribute his work." *Gagnon, 542 F.3d at 754–55* (quoting *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996)). Importantly,

nothing requires that all three of these elements be met and "where the totality of the parties' conduct indicates an intent to grant such permission, the result is a nonexclusive license." *Interscope Records v. Time Warner, Inc.*, 2010 WL 11505708, at *3 (C.D. Cal. June 28, 2010) (*citing* Nimmer § 10.03[A][7]). "Courts quickly pass over the request and delivery issues to focus on manifestations of . . . intent that [the work] may be used . . . without the plaintiff's involvement." *Dennis Fugnetti Photography Trust v. Bird B. Gone, Inc*., 2022 WL 1585747 * 4 (C.D. Cal., April 4, 2022); *see also Falcon Enters., Inv.*, 438 Fed. Appx. at 581 (upholding finding of implied license where plaintiff "did not produce its content at [defendants] specific request," but where the images "were worth little and offered to [defendants] without any restrictions" on use).

The Northern District of Georgia's decision in *McElroy v. Courtney Ajimca Events LLC*, 512 F. Supp. 3d 1328 (D. Ga. Jan. 12, 2021) is almost directly on point. There, a photographer provided his photos to an advertising agency, who then distributed the photos to numerous media outlets including *People* and *Star* magazine. *Id*. at 1333. The plaintiff photographer did not have a direct relationship with the defendant who distributed the photographs. *Id.* at 1338. The court held that the photographer's conduct created an implied non-exclusionary to allow the defendant to copy and distribute his photographs. *Id*. Specifically, the court pointed to the photographer's: (1) "willingness to deliver his photographs," (2) excitement in "communications" about photographs' use, and (3) knowledge that the photographs would be used for publicity. *Id*.

Here, Plaintiffs' conduct clearly indicated that they intended to – and did – grant 1 Hotel an implied license to use the photo, including for the purpose of selling 1 Hotel robes. Aff. Defs.  ¶¶ 6-16. Specifically: (1) the photo was publicly posted on Instagram subject to the Instagram Terms; (2) Plaintiffs geo-tagged the photo to 1 Hotel; (3) with express permission from Plaintiffs ("@1hotels thank

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

you!#sharemy1pic"), 1 Hotel re-posted the photo on its digital channels *directly alongside information on how to purchase 1 Hotel robes*; (4) Plaintiffs' "liked," "hearted" and re-shared 1 Hotel's post using their photo to sell robes so as to promote their association with 1 Hotel; and (5) Plaintiffs publicly thanked 1 Hotel for using their photo: "Thank you for the post! One if Our [sic] favorite hotels!" *Id*.

1 Hotel had an objective and reasonable basis to conclude that it an implied non-exclusionary license to use the photo in the manner for which Plaintiffs now complain. This Court should grant judgment on the pleadings for Defendants on Count I because the totality of the circumstances demonstrate existence of an implied non-exclusionary license.

## II.   Plaintiff is not entitled to statutory damages or attorneys' fees on the copyright infringement claim (Count I).

Should the Court permit the claim for copyright infringement to proceed, it must nonetheless dismiss the request for statutory damages and attorneys' fees under 17 U.S.C. §§ 504 *et. seq*. Compl. ¶ 102(B), (E). It is black letter law that the Copyright Act "mandates that, in order to recover statutory damages, the copyrighted work must have been registered *prior to* commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp*., 528 F. 3d 696 (9th Cir. 2008) (reversing statutory damages award where plaintiff registration was not timely); *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc., 772* F.2d 505, 520 (9th Cir.1985) (same and precluding an award of attorneys' fees as well); *Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 707 n. 5 (9th Cir.2004)*. This provision of the Copyright Act also precludes an award of attorneys' fees unless the same registration showing is made. *Derek Andrews*, 528 F. 3d 696, 701.

Plaintiffs admit the work was created on January 3, 2021. Compl. ¶ 16.  They allege the infringement of the work occurred on or after January 3, 2021. *Id*. ¶ 24.

Plaintiffs attach as Exhibit 1 to the Complaint the copyright registration for the work, which is dated April 23, 2023 – *more than two years* after the work was first created. Compl. Ex. 1. As a matter of law, the registration was not made before the infringement, nor within three months of the first publication of the work (*i.e.*, by April 3, 2021). Plaintiffs' request for statutory damages and attorneys' fees for the copyright infringement claim must be dismissed.

### III. Brave's social media handle is not "CMI" and the CMI Removal (Count II) claim fails.

It is an axiomatic rule of copyright law that a plaintiff who does not hold copyright ownership has no standing to bring an infringement or related claim. *See McCormick v. Amir Const. Inc*., 279 Fed. Appx. 470 (9th Cir. 2008) ("Section 501(b) [of the Copyright Act] grants standing to sue under the Copyright Act only to one owning a copyright") (*citing Silvers v. Sony Pictures Entertainment, Inc*., 402 F.3d 881, 885 (9th Cir. 2005). The Complaint alleges that S. Khachatryan is the copyright author and owner of the photo, so only S. Khachatryan has standing to pursue the infringement (Count I) and related removal of copyright management information ("CMI") claim (Count II). Compl. ¶¶ 17-18.

S. Khachatryan's admitted status as copyright author and owner of the photograph also renders the CMI removal claim legally defective and subject to dismissal. This is because the Digital Millennium Copyright Act ("DMCA") defines CMI to be limited to "identifying information about the author of a work and/or the copyright owner of the work" -*i.e*., information about S. Khachatryan. 17 U.S.C. § 1202 (c)(2)-(3).[3]

---

[3] For example, CMI may include "[the] title and other information identifying the work, including the information set forth on a notice of copyright;" "[the] name of, and other identifying information about, the author of a work;" and the "copyright owner of the work, including the information set forth in a notice of copyright." 17 U.S.C. § 1202(c).

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

Yet, the Complaint alleges that Brave's social media handle "@brave_johnson" is CMI for the copywritten work authored and owned by S. Khachatryan. Compl. ¶¶ 20, 42-44. This is legally untenable: as Brave is not the copyright holder or author of the work, his social media handle does not and cannot constitute CMI as the term is understood for purposes of § 1202. Brave's Instagram handle is not the title of the work, does not provide identifying information about the copyright owner or author of the work, and is not otherwise any of the forms of copyright-related information dictated in the statute. 17 U.S.C. §1202(c)(1)-(8); s*ee, also Textile Secrets Intern., Inc. v. Ya-Ya Brand, Inc*., 524 F. Supp. 2d 1184, 1195 (C.D. Cal., Oct. 31, 2007) (dismissing CMI removal claim and finding definition of CMI is *not* "limitless [in] scope.").

In fact, Brave's Instagram handle @brave_johnson is expressly *excluded* from the definition of CMI under the statute. *See* 17 U.S.C. § 1202(c) ("***except that*** such term [CMI] does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work") (emphasis added). As plead in the Complaint, by posting the work to his Instagram account, Brave is a "user" of the work and/or display of the work. Plaintiffs' CMI removal claim (Count II) fails as a matter of law and must be dismissed.

## IV. Plaintiffs' misappropriation claims (Counts III-IV) fail because they consented to Defendants' use of the work, the use was incidental, and the children are not readily identifiable.

To sustain a common law cause of action for commercial misappropriation, a plaintiff must prove: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 692 (9th Cir. 1998)(internal quotation omitted). "Furthermore, California Civil Code § 3344 provides a statutory remedy for

commercial misappropriation. 'Under section 3344, a plaintiff must prove all the elements of the common law cause of action. In addition, the plaintiff must allege a knowing use [without consent] by the defendant as well as a direct connection between the alleged use and the commercial purpose.'" *Jones v. Corbis Corp.*, 815 F. Supp. 2d 1108, 1113 (C.D. Cal. 2011) (citing *Newcombe,* 157 F.3d at 692).

Both of Plaintiffs' misappropriation claims fail because they cannot establish an essential element of these claims: lack of consent to the purportedly unauthorized use. Here, Plaintiffs posed their children in 1 Hotel robes in front of a 1 Hotel pool and geo-tagged 1 Hotel in the photo. Plaintiffs then expressly permitted 1 Hotel to publicly disseminate and use the photo directly alongside instructions on how to purchase 1Hotel robes, and thanked 1 Hotel for doing so. As a matter of law, Plaintiffs consented to the use of their images.

### A.    Plaintiffs consented to the use of their images by 1 Hotel.

In California, consent to use a name or likeness "need not be express or in writing, but may be implied by the consenting party's conduct and circumstances of the case." *Jones v. Corbis Corp*., 815 F. Supp. 2d 1108, 1113 (C.D. Ca. May 25, 2011); *see also* Cal. Civ. Code § 3344 (not requiring consent in writing).

Consent may be manifested in several ways. In *Jones*, for example, the plaintiff (actress Shirley Jones) posed for "red carpet" photos taken by individual photographers, who then licensed their photographs to the defendant. When the defendant displayed the images on its website, Ms. Jones sued for misappropriating her name and likeness. *Id. at 1110-1111*. The court held that Ms. Jones could not maintain an action for misappropriation of her likeness because she consented to having her photograph taken and knew that the images would be distributed. *Id. 1113-4*. Moreover, the court rejected the actress' argument that "she did not consent to defendant's placement of sample images on its websites for the purpose of soliciting customers to sell copyright licenses for the images" because a "[p]laintiff's subjective

beliefs as to her consent are not determinative; consent is measured from Plaintiff's manifested action or inaction." *Id.* at 1114; *see also Perkins v. LinkedIn Corp*., 53 F. Supp. 3d 1190, 1215 (N.D. Ca. 2014) ("The Ninth Circuit has held that for purposes of a common law right to publicity causes of action, consent is to be determined objectively from the perspective of a reasonable person").

Consent may also be shown where a plaintiff expresses enthusiasm about the use of his image by the defendant. In *Newton v. Thomason*, 22 F. 3d 1455,1458 (9th Cir. 1994), the Ninth Circuit Court of Appeals held that no "fair-minded jury could find non-consent" where the plaintiff wrote to the defendant to express excitement and stated that he was "flattered" by the use of his name in a television program both before and after the show aired and had multiple occasions to, but did not, object to such use. *Id.*, at 1455,1458.

And last, in the context of "influencer" culture, where people associated themselves with brands and businesses in an attempt to leverage those brands' audiences, showing up voluntarily to a photo shoot and allowing her photo to be taken was evidence of consent to having plaintiff's image used by defendant, even where that use was broader than plaintiff anticipated, to include billboards and a large media campaign. *Rios v. Fekkai Retail, LLC*, 2021 WL 3160192, *2-3 (C.D. Cal. Jul. 6, 2021).

Plaintiffs walked the proverbial red carpet here. As in *Jones*, *Newton* and *Rios*, Plaintiffs:

- associated themselves with 1 Hotel – by wearing 1 Hotel robes, posing in front of a 1 Hotel pool and geo-tagging 1 Hotel in their photo;

- expressly consented to 1 Hotel's request to use the photo – "@1hotels – thank you! #sharemy1pic";

- knew the photo was in use by 1 Hotel to sell robes and did not object to this use at the time;

- expressed great enthusiasm through "likes" and heart emojis – to 1 Hotel's use of their photo to sell robes;

13

- publicly thanked 1 Hotel for using the photo to sell 1 Hotel robes ("Thank you for the post! . . . Our favorite hotel!").

Aff. Defs. ¶¶1-16. Given all this, Plaintiffs' conclusory allegations about their *post-hoc* subjective beliefs are factually unsupported. As consent is an *objective* inquiry. Plaintiffs cannot seriously contend a lack of consent here. *Jones, supra*; s*ee also Guettler v. Hyper Bicycles*, 2020 WL 1290616, at *4 (C.D. Cal. Feb. 4, 2020); *Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1, 26 (1994). The misappropriation claims must be dismissed.

## B. The use of the minor Plaintiffs' images is incidental and not actionable.

"[I]ncidental use of a name or likeness does not give rise to liability for invasion of privacy by appropriation." *Aligo v. Time-Life Books, Inc*., 1994 WL 715605, at *2 (N.D. Cal. Dec. 19, 1994); *Yeager v. Cingular Wireless LLC*, 673 F. Supp. 2d 1089, 1100 (E.D. Cal. 2009). The following factors are relevant to whether a use is incidental: "(1) whether the use has a unique quality or value that would result in commercial profit to the defendant; (2) whether the use contributes something of significance; (3) the relationship between the reference to the plaintiff and the purpose and subject of the work; and (4) the duration, prominence or repetition of the name or likeness relative to the rest of the publication." *Davis v. Elec. Arts Inc*., 775 F.3d 1172, 1180 (9th Cir. 2015).

Whether the use of a plaintiff's name or likeness falls within the incidental use exception to liability is determined by the role that the use of the plaintiff's name or likeness plays in the main purpose and subject of the work at issue." *Yeager*, 673 F. Supp. 2d at 1100. The value of a plaintiff's likeness is not appropriated "when it is published for purposes other than taking advantage of his reputation, prestige, or other value associated with him, for purposes of publicity." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1222, 1254 (N.D. Cal 2014).

CASE NO.: 2:23-CV-10829-ODW-E

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

None of the foregoing factors establish that the minor Plaintiffs presence in the photo is anything but incidental. In the photo, the 1 Hotel pool and 1 Hotel bathrobes are the focus. And Plaintiffs admit as much, as they titled the photo "Cousins at the Pool in Bathrobes." Compl. ¶ 17. To put it another way, it could have been *anyone* in the robes, but it could *only* have been 1 Hotel bathrobes.

And, despite the Complaint's totally implausible allegations (which need not be credited by this Court), the minor children simply do not have a "reputation, prestige, or other value" associated with them to appropriate. To the contrary, it is Plaintiffs who sought to exploit the global brand, image, reputation and substantial social media reach of 1 Hotel – not the other way around. *Aligo v. Time-Life Books, Inc.*, 1994 WL 715605, at *2 (N.D. Cal. Dec. 19, 1994) (granting motion to dismiss based on the incidental use doctrine); *Bogie v. Rosenberg*, 705 F.3d 603, 616 (7th Cir. 2013) (affirming dismissal based on the incidental use exception). Counts III and IV must be dismissed.

### C. Plaintiffs are not readily identifiable in the photo, and their statutory misappropriation claim fails for this additional reason.

A plaintiff who is not readily identifiable in an image does not have an actionable statutory misappropriation claim. The statute expressly provides that liability based on a photograph requires that the plaintiff be "readily identifiable" in it. Cal. Civ. Code § 3344(a). The statute defines the term "photograph" as "any photograph or photographic reproduction, still or moving, or any videotape or live television transmission, of any person, such that the person is readily identifiable." Cal. Civ. Code § 3344(b). "A person shall be deemed to be readily identifiable from a photograph when one who views the photograph with the naked eye can reasonably determine that the person depicted in the photograph is the same person who is complaining of its unauthorized use." Cal. Civ. Code § 3344(b)(1). The Ninth Circuit has held that the same "readily identifiable" standard applies to claims

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

based on alleged misappropriation of "likeness." *Newcombe*, 157 F.3d at 692 ("[b]ecause a likeness and a photograph are so similar—a photograph is a visual image that is obtained by using a camera while a likeness is a visual image of a person other than a photograph—we find the application of this standard appropriate to likenesses as well as photographs. Therefore, we hold that to constitute [the plaintiffs] likeness, the [person] depicted in the advertisement [in this case, Defendants Facebook and Instagram pages] must be readily identifiable as [the plaintiff].")

On this point, *Young v. Greystar Real Estate Partners, LLC*, is instructive. 2019 WL 4169889 *1 (S.D. Cal. Sept. 3, 2019). The Plaintiff in *Young* was a police officer who posted a personal picture of himself scratching a dog's belly to Instagram. The photo was subsequently used by the defendant (allegedly without consent) on an apartment complex's social media pages to showcase the apartment complex and its dog-friendly atmosphere. *Id*. On a motion to dismiss, the court reasoned that because the picture depicted "an unidentified male wearing a hat and sunglasses" and because the photo could be of "a countless number of white males," "[i]t is clear: the [p]laintiff is not readily identifiable in the subject photograph. . ." *Id*.

By Plaintiffs' own admission, the photograph here shows a set of children in robes by a pool. Compl. ¶ 19. The children themselves are not readily identifiable as any child in particular – as in *Young*, it could be a "countless number" of children who are posing in the robes. The point, again, is the 1 Hotel robes, not any particular identified or identifiable child. The misappropriation claims (Counts III, IV) should be dismissed for this additional reason.

## V. Plaintiffs' conversion (Count V), unfair competition (Count VI) and "cyber negligence" (Count VII) claims are expressly preempted by the Copyright Act, 17 U.S.C. § 501 et. seq.

The Copyright Act expressly preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106." 17 U.S.C. § 301(a). A state law cause of action is

preempted by the Copyright Act if (1) the rights that a plaintiff asserts under state law are rights that are equivalent to those protected by the Copyright Act, and (2) the work involved falls within the "subject matter" of the Copyright Act. *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).

To determine whether the second prong of the copyright preemption test has been met, "a court must analyze the elements of the state-law cause of action to see if the right defined by state law may be abridged by an act which in and of itself would infringe one of the exclusive rights in the [Copyright] Act." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1125 (N.D. Cal. 2001). In other words, "the second prong of the copyright preemption test often focuses on whether or not the state claim requires an additional element that is not encompassed within the Act." *Worth*, 5 F. Supp. 2d at 821. "Thus, for each cause of action, the [c]ourt must evaluate whether the plaintiff's state-law claims are equivalent (*i.e.*, do not require the proof of an additional element) to protections under the Act and are therefore preempted." *Firoozye*, 153 F. Supp. 2d at 1126.

## A.   Conversion (Count V)

California courts have repeatedly held that where a plaintiff in a conversion action seeks damages for a defendant's wrongfully use, distribution, or reproduction of a work of authorship and fails to claim any "physical deprivation" of tangible property, the conversion claim is equivalent to a claim for copyright infringement and is therefore preempted. *See Firoozye*, 153 F. Supp. 2d at 1130; *Worth*, 5 F. Supp. 2d at 822–23; *Dielsi*, 916 F. Supp. at 992; *Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 792 (Cal. Ct. App. 2003).  Here, Plaintiffs allege that Defendants published and displayed Plaintiffs' copyrighted work without their authority. Compl. ¶ 71. They fail to allege any physical deprivation of property. Thus, Plaintiffs' conversion claim is identical to their claim for copyright infringement and is preempted by the Copyright Act.

### B.      Unfair Competition Law ("UCL") (Count VI)

Where the alleged improper business activity in a UCL claim is the act of copyright infringement, courts have consistently held that the claim is preempted. *See Wild v. NBC Universal, Inc.*, 788 F. Supp. 2d 1083, 1111 (C.D. Cal. 2011); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212–13 (9th Cir. 1998); *Sybersound*, 517 F.3d at 1152. Plaintiffs allege in their UCL claim that Defendants engaged in unlawful and unfair business acts by using and publishing Plaintiffs' copyrighted work without consent, allegedly resulting in the loss of royalties and property value. Compl. ¶¶ 80, 86, 87, 88. These allegations articulate an act of copyright infringement. Thus, Plaintiffs' UCL claim is merely a thinly veiled claim for copyright infringement and is preempted by the Copyright Act.

### C.      "Cyber" Negligence (Count VII)

Courts have held that merely recharacterizing a copyright infringement claim as negligence "does not add a legally cognizable additional element because a general claim for copyright infringement is fundamentally one founded on strict liability." *Dielsi*, 916 F. Supp. at 992. Altering the required state of mind does not add an additional element to a federal copyright claim, and a negligence claim that articulates an act of copyright infringement does not avoid preemption. *Id.* at 992–93. As with their other claims, Plaintiffs' negligence claim simply rehashes the allegations put forth in every other count of the Complaint. Namely, Plaintiffs allege that Defendants negligently published Plaintiffs' copyrighted work without authority, resulting in economic loss to Plaintiffs. Plaintiffs' negligence claim is therefore also preempted by the Copyright Act.

///

///

///

///

**VI.    Plaintiffs conversion (Count V), unfair competition (Count VI) and "cyber negligence" (Count VII) claims also fail to state a claim on which relief can be granted.**

**A.    Plaintiffs' conversion (Count V) claim fails.**

"The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. " *Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014)(internal quotation omitted; cleaned up). Plaintiffs' conversion claim fails for two reasons:

*First*, Plaintiffs' claim conversion of the Work. Compl. ¶¶ 69-75. However, Plaintiffs' own allegations indicate that the Work is owned exclusively by S. Khachatryan. Compl. ¶ 17. Accordingly, T. Khachatryan, Brave, and Isabella do not have any "ownership or right to possession of [the Work]" that could be subject to conversion. *Second*, Plaintiffs fail to allege any distinct "wrongful act" by Defendants and damages stemming therefrom to support a conversion claim related to the Work. Plaintiffs vaguely allege "unauthorized use" and "disposition" on the Work, but any alleged "unauthorized use" or "disposition" is addressed by Plaintiffs' copyright and misappropriation of identity claims. *See Idema v. Dreamworks, Inc*., 162 F. Supp. 2d 1129, 1193 (C.D. Cal. 2001), *aff'd in part, dismissed in part*, 90 F. App'x 496 (9th Cir. 2003)(dismissing conversion claim because it was substantially equivalent to copyright claim).

**B.    Plaintiffs' UCL claim (Count VI) fails.**

A UCL claim requires Plaintiffs to show "[1] anything that can properly be called a business practice and [2] that at the same time is forbidden by law." *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal.4th 1134, 1144 (Cal. 2003). "[T]he heightened pleading standard of [Fed. R. Civ. P.] 9(b) applies" to UCL claims. *Nazemi v. Specialized Loan Servicing, LLC*, 637 F. Supp. 3d 856, 863 (C.D. Cal. 2022). Plaintiffs' UCL claim fails for two reasons:

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

*First*, Plaintiffs fail to allege facts demonstrating the existence of an unfair "business practice." *See Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (Cal. 1999)("Section 17200 borrows violations from other laws by making them independently actionable as unfair competitive practices"). Plaintiffs' UCL claim alleges that Defendants engaged in an "unathorized [sic] taking and use of the Work . . . [in] violation of [California] Penal Codes sections 496(a) and 484." Compl. ¶ 82. Plaintiffs, however, fail to demonstrate how the alleged violations of ¶¶ 496(a) and 484 would constitute an unfair widespread business practice.

*Second,* Plaintiffs' UCL claim is barred for the same reason their conversion claim is barred. *See* subsection (b), *supra*. The claim, based on the "theft" of the Work. Compl. ¶ 82. Plaintiffs T. Khachatryan, Brave, and Isabella do have ownership interest of the Work and the claim is entirely duplicative of its copyright and misappropriation claims.

### C. Plaintiffs' negligence claim (Count VII) fails.

The elements of negligence are (a) existence of a duty, (b) breach of a duty, (c) foreseeability (*i.e.*, proximate cause) and damages. *Peredia v. HR Mobile Services, Inc.*, 25 Cal.App.5th 680, 687 (2018). Plaintiffs allege that Defendants' "unauthorized use of the Work" constitutes negligence. Compl. ¶ 93. Plaintiffs' claim fails for several reasons:

*First*, Plaintiffs' negligence claim is barred by California's economic loss rule. California's economic loss rule "bar[s] a plaintiff's tort recovery of economic damages unless such damages are accompanied by some form *of physical harm* (*i.e.*, personal injury or property damage)." *N. Amer. Chem. Co. v. Super. Ct.*, 59 Cal.App.4th 764, 777 (1997). Plaintiffs' negligence claim is barred because it exclusively seeks economic damages and Plaintiffs did not suffer any physical harm. *See* Compl. ¶ 92 ("Defendants had a duty to protect Plaintiffs' *economic rights*").

*Second*, Plaintiffs' fail to allege any facts demonstrating that Defendants owe Plaintiffs a duty of care. "Whether a duty of care exists in a particular case is a question of law to be resolved by the court." *Beacon Residential Cmty. Assn. v. Skidmore, Owings & Merrill LLP*, 59 Cal. 4th 568, 573 (2014) (internal citation omitted). Plaintiffs must demonstrate that Defendants have "a **legal duty** to act reasonably and with due care under the circumstances with respect to their own actions." *Shalghoun v. N. Los Angeles Cnty. Reg'l Ctr., Inc*., 2024 WL 277313, at \*5 (Cal. Ct. App. Jan. 25, 2024)(citations omitted; emphasis added). "Even if California law provides that a legal duty of care . . . , courts have the power and obligation to examine whether considerations of public policy warrant limiting that duty." *Id*. (citations omitted). Here, Plaintiffs' make only conclusory allegations that Defendants had a "duty to protect Plaintiffs' economic rights" and that Defendants "breached their statutory and legal duties." Compl. ¶¶ 92, 95. Plaintiffs make no attempt to articulate *any* legal source that imposes a duty of care between an e-commerce website and an owner of a photograph.[4] Plaintiffs fail to plausibly allege the existence of a duty of care.

*Third*, as Plaintiffs fail to establish any duty of care, Plaintiffs also lack facts demonstrating how Defendants deviated from the standard of care and what damages Plaintiffs proximately suffered as a result of that alleged breach.[5]

**VII.   The Complaint fails to satisfy Rule 8(a) and, at the very least, T. Kachatryan must be dismissed from the action.**

Lastly, the Complaint is an impermissible "shotgun pleading" in violation of FRCP 8(a)'s notice pleading requirements. *See Sollberger v. Wachovia Secs., LLC*,

---

[4] Again, T. Khachatryan, Brave, and Isabella do not own the Work. Plaintiffs do not allege any facts demonstrating a duty of care owed to the subjects of a photograph and a parent of the photo subjects.

[5] Here, again, Plaintiffs to not allege any district facts to distinguish their negligence claim from their copyright and misappropriation claims.

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (noting "shotgun pleading … in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together" does not satisfy Rule 8(a). The Complaint does not mention a single act done by any of the Defendants. Instead, it refers only to "Defendants" in every allegation. The allegations are therefore insufficient to put each defendant on notice of what they allegedly did or did not do. *See McElroy v. Juarez*, 2020 WL 5408933, at *6 (S.D. Cal. Sept. 9, 2020)(complaint that "lump[s] together … multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)" (internal quotation omitted)).

Similarly, the complaint also employs impressible group pleading by its use of the term "Plaintiffs." To this end, the complaint is totally void of any specific conduct or other factual basis to support T. Khachatryan's involvement in the case or her entitlement to relief. Indeed, T. Khachatryan is mentioned only once in the entire complaint – in paragraph 1 where she is identified as a named plaintiff. Compl. at ¶ 1.[6] As the complaint fails to plead any facts, let alone sufficient facts, to satisfy Rule 8(a)'s basic fair notice requirement, this Could should dismiss T. Khachatryan. *Henderson v. Marrow*, 2011 WL 13217241 (C.D. Cal. Feb. 10, 2011).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Counts II, V, VI and VII be dismissed with prejudice, and that judgment be entered on the pleadings for Defendants on Counts I, III and IV.

---

[6] To the extent T. Khachatryan was included in her capacity as guardian to Isabella, this has been effectuated by order of the Court. ECF No. 22.

CASE NO.: 2:23-CV-10829-ODW-E
1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

Dated:  February 12, 2024

CLARK HILL LLP

By:    *s/ Myriah V. Jaworski*

Myriah V. Jaworski (SBN336898)
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
mjaworski@clarkhill.com

Chirag H. Patel (*pro hac* forthcoming)
130 E Randolph St # 390
Chicago, IL 60601
cpatel@clarkhill.com

Attorneys for Defendants 1 HOTEL
WEST HOLLYWOOD, L.L.C.; SH
GROUP OPERATIONS, L.L.C.; SH
GROUP GLOBAL IP HOLDINGS,
L.L.C

CASE NO.: 2:23-CV-10829-ODW-E

1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP
HOLDINGS, L.L.C'S NOTICE OF MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT