TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:   (424) 330-8580
Facsimile:   (315) 512-1465

BRIAN BLOOM (*pro hac vice*)
*bbloom@tarterkrinsky.com*
ELIEZER LEKHT (*pro hac vice*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for* Plaintiffs Sunny
Khachatryan, Tatevik Khachatryan, B.A.J,
a minor and I.M, a minor

*(Defendants' counsel listed on following page)*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, an individual; TATEVIK KHACHATRYAN, an individual; B. A. J, a minor; and I.M, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C; and DOES 1 through 70, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-10829-ODW(Ex)<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date:   Monday, April 29, 2024<br>Time:   1:30 p.m.<br>Location: First Street Courthouse,<br>   350 W. 1st Street,<br>   Los Angeles, CA 90012<br>   Courtroom 5D, 5th Floor<br><br>*Honorable Otis D. Wright II*<br>*Honorable Charles F. Eick*<br><br>Complaint Filed: December 27, 2023<br>Trial Date: Not Set |

**CLARK HILL LLP**
Myriah V. Jaworski (SBN336898)
*mjaworski@clarkhill.com*
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

Chirag H. Patel (*pro hac forthcoming*)
*cpatel@clarkhill.com*
130 E Randolph St, Suite 3900
Chicago, IL 60601

Attorneys for Defendants 1 HOTEL WEST
HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP
GLOBAL IP HOLDINGS, L.L.C

*JOINT RULE REPORT*

Case No. 2:23-cv-10829-ODW(Ex)

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26, and the Court's February 13, 2024, Order Setting Scheduling Conference for April 29, 2024, at 1:30 p.m., Courtroom 9D (ECF #36), Plaintiffs SUNNY KHACHATRYAN, an individual ("S. Khachatryan"); TATEVIK KHACHATRYAN, an individual ("T. Khachatryan"); B. A. J, a minor ("B.A.J"); and I.M, a minor ("I.M", collectively with S. Khachatryan, T. Khachatryan, and B.A.J, known as the "Plaintiffs") and Defendants 1 HOTEL WEST HOLLYWOOD, L.L.C. ("1 Hotel West"); SH GROUP OPERATIONS, L.L.C.("SH Group"); SH GROUP GLOBAL IP HOLDINGS, L.L.C ("SH Global", collectively with "1 Hotel West" and "SH Group" known as the "Defendants" and Defendants, collectively with the Plaintiffs, known as the "Parties") jointly submit this report, and its Proposed Schedule of Pretrial and Trial Dates as follows:

1. **STATEMENT OF CASE**

   **A. Plaintiffs' Statement**

   Plaintiffs' copyrighted photograph was used without Plaintiffs' permission to promote and advertise the Defendants business, including but not limited to its spa business and associated merchandise such as bathrobes. The copyrighted photograph was of two minor children, who are cousins, wearing bathrobes by the Defendants pool located in West Hollywood, California. There was no parental consent for the use of the photograph. Defendants did not provide Plaintiffs with any compensation for the use of the copyrighted photograph. Defendants did not provide Plaintiffs with any credit or attribution. Defendants failed to obtain minor Plaintiffs' parental or guardian consent prior to copying, publishing, and disseminating the copyrighted photograph.

   **B. Defendants' Statement**

   Plaintiffs' claims fail and they have no actual damages, nor are they entitled to any statutory damages. The photograph at issue in this case, of Plaintiffs B. A. J, a minor and I.M, a minor, are standing in front of the 1 Hotel pool in West Hollywood

wearing 1 Hotel branded robes, was posted by Plaintiff onto Plaintiff's Instagram account and geo-tagged to the 1 Hotel's Instagram account for the specific purpose of enhancing the exposure and use of the photograph. By their conduct, Plaintiffs provided express consent to Defendants to re-post the photo to its digital channels, without limitation, and any purported use of the photo or Plaintiffs' likeness was with consent and license, incidental and not actionable. *See* Defendants' Motion to Dismiss. (ECF No. 35). Statutory damages are also not available to Plaintiffs under the Copyright Act because there was no copyright registration covering the photograph until more than 2 years after use, nor did Defendants remove any copyright management information from the photograph prior to re-posting it. *See* Defs. Mot., §§ I-II. Plaintiff's unconditional consent to Defendants' use of the photograph also operated as a nonexclusive license to Defendants, further defeating any copyright infringement claim. *See* Defs. Mot., § III. Plaintiffs' remaining common law claims for conversion, unfair competition, and "cyber" negligence are redundant of prior claims, legally defective, and expressly preempted by the Copyright Act, 17 U.S.C. § 501, et. seq. *See* Defs. Mot., §§ V- VI. Moreover, Plaintiffs failed to oppose Defendants' motion to dismiss these claims, and they are legally abandoned and must be dismissed. *See* Defendants' Reply in Support of its Motion to Dismiss, § VI.

## 2.    <u>SUBJECT MATTER JURISDICTION</u>

This action arises under the Copyright Act, 17 U.S.C. § 501.  The Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, 1338(a) which provides for original jurisdiction in cases in which there is diversity of citizenship between the Parties and the amount in controversy exceeds $75,000.

Venue is proper in the Central District under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the allegations giving rise to the claims occurred in this district and Defendants are subject to personal jurisdiction in this district.

On January 8, 2024, the Summons and Complaint in this action was served on Defendants' registered agent for service of process (ECF #27-29). Defendants requested a fourteen (14) day extension (ECF #32) and timely filed a partial answer (ECF #34) and Motion to Dismiss (ECF #35) on February 12, 2024, which is now fully briefed and awaiting decision by this Court (ECF #39, #41). On March 4, 2024, the hearing on Defendants' Motion to Dismiss was vacated and taken off calendar by the Court, with Defendants' Motion to Dismiss to be decided upon without oral argument (ECF #42).

3.    **LEGAL ISSUES**

    a.    **Plaintiffs' Position**

       i.  In violation of 17 U.S.C. §501, Defendants committed copyright infringement by copying, posting, publishing, and disseminating the copyrighted photograph.

      ii.  In violation of 17 U.S.C. § 1202, Defendants removed the copyright management information from the copyrighted photograph prior to copying, posting, publishing, and disseminating the copyrighted photograph.

     iii.  Defendants misappropriated Plaintiffs likeness without permission, authorization, or consent.

     iv.  Defendants violated California states' privacy law under civil code § 3344 by copying, posting, publishing, and disseminating the copyrighted photograph and using Plaintiffs name and likeness.

      v.  Defendants committed conversion of Plaintiffs' property by using the copyrighted photograph without authority or consent.

     vi.  Defendants engaged in unfair competition and violated Business and Professions Code Section 17200 by using the work without Plaintiffs permission.

    vii.  Defendants committed cyber negligence by the unauthorized

1  collection and use of data from minor Plaintiffs and the public
2  publishing of the copyrighted photograph.

3  **b.**    **Defendants' Position**

4  i.   No copyright infringement occurred because Plaintiffs, by their
5       conduct, provided express consent and license to Defendants
6       concerning the complained-of use, and Plaintiff's copyright claim
7       fails for this reason.

8  ii.  Further, the copyright registration of the photograph at issue was not
9       completed until April 2023, more than two (2) years after
10      Defendant's expressly permitted Instagram post, meaning Plaintiff is
11      not entitled to any statutory damages whatsoever.

12 iii. Copyright management information ("CMI") is clearly defined under
13      the statute. The photograph at issue did not contain any purported
14      CMI for Defendants to allegedly remove in violation of 17 U.S.C. §
15      1202, and Count II of Plaintiffs' Complaint fails accordingly.

16 iv.  Plaintiffs provided express consent and license to Defendants for use
17      of the photograph at issue, rendering their misappropriation claims
18      defective and those claims fail as a matter of law.

19 v.   Plaintiffs' claims for conversion, unfair competition and "cyber"
20      negligence (Counts V-VII) are all expressly preempted by Copyright
21      Act, 17 U.S.C. § 501, et. seq., and therefore fail as matter a law.

22 vi.  Plaintiffs further failed to oppose Defendants' Motion to Dismiss as
23      it relates to Counts V-VIII, rendering those claims legally abandoned
24      and subject to dismissal for this reason.

25 **4.**    **PARTIES, EVIDENCE, ETC.**

26      In regard to a list of parties, witnesses, and key documents on the main issues
27 in the case, the Parties identify the following:

28

a.    **List of Parties and Witnesses**

   i.    Relevant personnel from S. Khachatryan, T. Khachatryan, B.A.J., and I.M (Plaintiffs);

   ii.   Relevant personnel from 1 Hotel West, SH Group and SH Global (Defendants); and

   iii.  Relevant third parties with whom Plaintiffs allege they have purported endorsement deals and modeling contracts with.

b.    **Key Documents**

   i.    All documents and/or communications related to the "Copyrighted Photograph" and registration of the same. Compl. ¶¶ 16-22.

   ii.   All documents and/or communications related to Plaintiffs' purported endorsement deals and modeling contracts. Compl. ¶¶ 3-7.

   iii.  All documents and/or communications related to the issue of consent of use of the "Copyrighted Photograph". Compl. ¶ 30.

   iv.   Any other document and/or communication that supports or negates any claim for damages.

5.   **<u>DAMAGES</u>**

**Plaintiffs' Damages:**

   1.    Plaintiffs lost on a modeling contract for another hotel because of Defendants' unauthorized use of the copyrighted photograph;

   2.    Plaintiffs suffered damages for copyright infringement;

   3.    Plaintiffs suffered damages for the removal of copyright management information;

   4.    Plaintiffs suffered damages from defendants' misappropriation of the copyrighted photograph;

   5.    Plaintiffs suffered damages from Defendants' violation of Cal. Civ. Code §3344;

   6.    Plaintiffs suffered damages from Defendants' conversion of the

copyrighted photograph;

7.    Plaintiffs suffered damages from Defendants' violation of business and professions code section 17200; and

8.    Plaintiffs suffered damages from Defendants cyber negligence.

**Defendants' Damages:**

Defendants do not allege to have suffered any damages and affirmatively deny that Plaintiffs have suffered any damages in connection with the allegations of this suit.

**6.    INSURANCE**

In its Notice of Interested Parties pursuant to Local Rule 7.1-1, Defendants disclosed the potential for insurance coverage of the claim(s) in this action through one or more policies issued by Munich Re Insurance.

**7.    MOTIONS**

**a.    Plaintiffs anticipates the following motions**:

No amendments are anticipated at this time, and Plaintiffs do not anticipate seeking to add any additional parties nor transfer venue.

**b.    Defendants anticipate filing the following motions:**

Defendants filed their Rule 12 Motion to Dismiss the Complaint on February 12, 2024, and this Motion is fully briefed and awaits ruling from this Court. The forthcoming ruling on Defendants' Motion will have a direct bearing on the scope and relevance of any potential discovery motions or protective order. In the event Defendant's Rule 12 motion is not granted in full, Defendants anticipate filing a motion for summary judgment at the close of fact discovery on any remaining claims.

**8.    MANUAL FOR COMPLEX LITIGATION**

The Parties submit that the Manual for Complex Litigation need not be utilized for this case.

**9.**    **STATUS OF DISCOVERY**

    **a.**    **Plaintiffs' Position**

Plaintiffs propose to promptly exchange targeted document requests by May 3, 2024, in furtherance of the Plaintiffs' proposal to pursue mediation. Plaintiffs propose phased fact and expert discovery. No discovery has taken place at this time.

    **b.**    **Defendants' Position**

Defendants propose a temporary stay on discovery pending the outcome of Defendants' Rule 12 Motion to Dismiss, as it has a direct bearing on the scope of discovery. The Parties have not presently agreed to mediation of this action. Defendants' position is that mediation prior to the Court's ruling on the pending Motion to Dismiss and subsequent discovery on the purported commercial value of certain Plaintiffs identities is premature.

**10.**    **DISCOVERY PLAN**

The Parties anticipate providing their respective Initial Disclosures on or before the Rule 26(f) conference scheduled for April 29, 2024, and Plaintiffs seek to pursue targeted initial discovery in aid of mediation as noted in Item 9 above with the hope that an early resolution is possible. Accordingly, the Parties agree that written discovery in this action shall be governed by the limits imposed by the Federal Rules of Civil Procedure and jointly propose the following:

        i.   The Parties believe there will be between 3-5 depositions per side and agree to a limit of 7 hours per deposition, unless good cause exists to require a longer deposition and the Court authorizes such longer deposition. It is the Plaintiffs' position that depositions may occur either in person, or remotely, depending upon the convenience of the parties and the witness.  It is Defendants' position that depositions should occur in person, absent Court approval or the parties' agreement otherwise. Request for Admissions limited to 20 per party. Requests for Admission regarding the authenticity of documents shall not count against this limit.

The Parties intend to negotiate a proposed Order governing collection, production, and the format of ESI ("ESI Order"). The parties' proposed ESI Order will address, e.g.:

    i.   a process for the identification and disclosure of custodians, storage systems, and non-custodian sources ("ESI disclosures");

    ii.   a process for the identification and disclosure of any potentially discoverable ESI that has been lost, destroyed, is inaccessible, or is only of limited accessibility;

    iii.   a methodology for searching ESI, including whether the use of technology assisted review ("TAR") and/or search terms are appropriate, and the TAR methodology and/or search terms that will be used; and

    iv.   technical specifications governing the form of production of hard copy documents and ESI.

The Parties identify and anticipate taking document and testimonial discovery on at least the following issues:

    a)  The processes and procedures of the Parties related to the copyrighting, consent, and/or posting of the photograph at issue.

    b)  Plaintiffs will also seek discovery regarding Defendants' efforts to clear the photograph prior to use and publication. As with all topics, Defendants reserve the right to object to same.

    c)  Defendants will seek discovery of Plaintiffs' alleged damages and the commercial value of their identities. As with all topics, Plaintiffs reserve the right to object to same.

**Proposed Schedule:**

**a.    Plaintiffs' Position**

Plaintiffs propose the following schedule:

10

1      Fact Discovery Cut Off: January 10, 2025

2      Expert Disclosure (Initial): January 10, 2025

3      Expert Disclosure (Rebuttal): January 17, 2025

4      Expert Discovery Cut Off: January 24, 2025

5      Dispositive Motion: January 31, 2025

6      Pre-trial conference: February 21, 2025

7      Trial: March 10, 2025

8      **b.**    **Defendants' Position**

9      Defendants believe the parties should be able to efficiently move forward with

10 discovery following decision on Defendants' Rule 12 motion.    To this end,

11 Defendants propose:

12      Fact Discovery Cut Off:  Four (4) months following the date of decision on

13 the Rule 12 motion.

14      Expert Disclosure (Initial): Six (6) months following the date of decision on

15 the Rule 12 motion.

16      Expert Disclosure (Rebuttal): 30 days following initial expert disclosures.

17      Expert Discovery Cut Off: 30 days following initial and rebuttal expert

18 disclosures.

19      Dispositive Motion: 30 days following the close of expert discovery.

20      Pre-trial conference: 30 days prior to trial date.

21      Trial: To be determined.

22  **11.**  **DISCOVERY CUT-OFF**

23      The Parties each prepared their own proposed discovery schedule as identified

24 in Section 10. Each discovery proposal includes its own respective cut-off date for

25 fact and expert discovery.

26  **12.**  **EXPERT DISCOVERY**

27      **A.**    **Plaintiffs' Statement on Expert Discovery**

28      Plaintiffs will seek to retain an expert on damages.

## B.    Defendants' Statement on Expert Discovery

Defendants intend to retain an expert on the purported commercial value (or lack thereof) of Plaintiffs' identities, damages and various liability issues.

## 13.    DISPOSITIVE MOTIONS

### a.    Plaintiffs' Statement on Anticipated Dispositive Motions

Motion for Summary Adjudication and/or Summary Judgment on its claims alleged in the Complaint.

### b.    Defendants' Statement on Anticipated Dispositive Motions

Motion for Summary Adjudication and/or Summary Judgment on any alleged claims remaining in Plaintiffs' Complaint after the Court's decision on Defendants' pending Motion to Dismiss.

## 14.    SETTLEMENT PURSUANT TO L.R. 16-15.4/ALTERNATIVE DISPUTE RESOLUTION (ADR)

The Parties have not conducted nor scheduled any ADR to date.

Defendants' position is that ADR prior to the Court's ruling on the pending Motion to Dismiss and discovery on at least Plaintiffs' purported damages is premature.

## 15.    PRELIMINARY TRIAL ESTIMATE

The Parties estimate that this matter will take five (5) days to try before a jury, pursuant to the Court's general practice.

## 16.    TRIAL COUNSEL

**Trial Counsel for Plaintiffs Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor:**

TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:  (424) 330-8580
Facsimile:  (315) 512-1465

12

BRIAN BLOOM (*pro hac vice forthcoming*)
*bbloom@tarterkrinsky.com*
ELIEZER LEKHT (*pro hac vice forthcoming*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

**Trial Counsel for Defendants:**

Myriah V. Jaworski (SBN336898)
*mjaworski@clarkhill.com*
**CLARK HILL LLP**
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

Chirag H. Patel (*pro hac forthcoming*)
*cpatel@clarkhill.com*
**CLARK HILL LLP**
130 E Randolph St, Suite 3900
Chicago, IL 60601

## 17.  INDEPENDENT EXPERT OR MASTER

The Parties submit that this case is not suitable for a reference appointing a master pursuant to Rule 53.

## 18.  AMENDED PLEADINGS AND ADDING PARTIES

A party who wishes to amend its pleading or to add one or more parties shall seek a stipulation from the other parties. If the Parties cannot reach such a stipulation, then the party seeking to amend shall comply with Rule 15(a) and, if applicable, Rule 16(b)(4) of the Federal Rules of Civil Procedure, as well as L.R. 15-1 through L.R.

15-3 and L.R. 16-14.

**19.   OTHER ISSUES**

On February 14, 2024, Defendants propounded Rule 68 Offers of Judgment to Plaintiffs B. A. J, a minor; I.M, a minor, and Sunny Khachatryan, respectively. Plaintiffs rejected the Offers and Defendants reserve all rights to seek attorneys' fees and costs should Plaintiffs not be awarded more than what was offered to them via the Offers of Judgment.

Defendants are also investigating a potential counterclaim for dilution of trademark/trademark infringement related to Plaintiffs' unauthorized use of 1 Hotel's trademarked robes and logo in promotion of Plaintiffs' personal brands and purported modeling careers.

**20.   CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE**

Counsel for all Parties have discussed whether the Parties consent to have a Magistrate Judge of this Court conduct any and all necessary proceedings and order the entry of judgment in this matter pursuant 28 U.S.C. § 636(c) and General Order 12-01. The Parties consent to proceed before the Magistrate Judge of this Court to conduct any and all necessary proceedings and order the entry of judgment in this matter pursuant to 28 U.S.C. § 636(c) and General Order 12-01.

*JOINT RULE REPORT*

Case No. 2:23-cv-10829-ODW(Ex)

1 | DATED:  April 22, 2024

**TARTER KRINSKY & DROGIN LLP**

By: _____/s/ Tyler R. Dowdall_____
      Tyler R. Dowdall, State Bar No. 258950
      *tdowdall@tarterkrinsky.com*
      Renata A. Guidry, State Bar No. 227713
      *rguidry@tarterkrinsky.com*
      **TARTER KRINSKY & DROGIN LLP**
      2029 Century Park East, Suite 400N
      Los Angeles, California 90067
      Telephone:     (424) 330-8580
      Facsimile:      (315) 512-1465

      Brian Bloom (*pro hac vice*)
      *bbloom@tarterkrinsky.com*
      Eliezer Lekht (*pro hac vice*)
      *elekht@tarterkrinsky.com*
      **TARTER KRINSKY & DROGIN LLP**
      1350 Broadway
      New York, New York 10018
      Telephone: (212) 574-0350
      Facsimile: (212) 216-8001

      *Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor

15

DATED:  April 22, 2024                **CLARK HILL LLP**


By:        */s/ Myriah V. Jaworski*

Myriah V. Jaworski (SBN336898)
*mjaworski@clarkhill.com*
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

Chirag H. Patel (*pro hac forthcoming*)
*cpatel@clarkhill.com*
130 E Randolph St, Suite 3900
Chicago, IL 60601

*Attorneys for Defendants* 1 HOTEL WEST
HOLLYWOOD, L.L.C.; SH GROUP
OPERATIONS, L.L.C.; SH GROUP GLOBAL
IP HOLDINGS, L.L.C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)</u>

I, Tyler R. Dowdall, am the ECF User whose identification and password are being used to file this **JOINT RULE 26(F) REPORT** in compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories have concurred in this filing.

Date: April 22, 2024

*/s/  Tyler R. Dowdall*
Tyler R. Dowdall

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

    I hereby certify that on April 22, 2024, I electronically filed the above

3

document(s) and attachments with the Clerk of Court using CM/ECF which will

4

send electronic notification of such filing(s) to all registered counsel.

5

6

7
                                         */s/  Tyler R. Dowdall*
                                          Tyler R. Dowdall

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*JOINT RULE REPORT*

Case No. 2:23-cv-10829-ODW(Ex)