O

# United States District Court
# Central District of California

| | |
|---|---|
| SUNNY KHACHATRYAN et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>1 HOTEL WEST HOLLYWOOD L.L.C. et al.,<br><br>     Defendants. | Case № 2:23-cv-10829-ODW (Ex)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS [35]** |

## I.   INTRODUCTION

Plaintiffs Sunny Khachatryan, Tatevik Khachatryan, B.A.J., and I.M. bring this copyright action against Defendants 1 Hotel West Hollywood L.L.C. ("1 Hotel"), SH Group Operations, L.L.C., and SH Group Global IP Holdings, L.L.C., alleging that Defendants violated federal and state law by copying and distributing Plaintiffs' original copyrighted work—namely a photograph of B.A.J. and I.M. ("Minor Plaintiffs") in 1 Hotel branded robes (the "Photograph")—without proper authorization.  (*See* Compl., ECF No. 1.)

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), Defendants now move to dismiss Plaintiffs' second, fifth, sixth, and seventh causes of action.  (Mot. Dismiss ("Mot." or "Motion"), ECF No. 35.)  Under Rule 12(c), Defendants also

move for judgment on the pleadings on Plaintiffs' first, third, and fourth causes of action. (*See id.*) For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.[1]

## II. REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of several screenshots included within Defendants' Partial Answer and Affirmative Defenses. (Mot. 5–6 (citing Affirmative Defenses ("Aff. Defs."), ECF No. 34[2]).) Specifically, Defendants ask that the Court take judicial notice of the following: (1) a post on the Instagram account of @brave_johnson featuring the Photograph, (Aff. Defs. ¶ 4); (2) the comment section below the @brave_johnson Instagram post, (*id.* ¶ 7); (3) a post on the Instagram account of @1Hotel featuring the Photograph, (*id.* ¶ 8); (4) the comment section below the @1Hotel Instagram post, (*id.* ¶ 11); and (5) a private direct message between the Instagram account of @brave_johnson and @1Hotel, (*id.* ¶ 14). (Mot. 6.) Plaintiffs do not oppose the request or question the authenticity of the screenshots. (*See generally* Opp'n Mot. ("Opp'n"), ECF No. 39.)

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may also review "unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020) (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011)). The purpose of this rule is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based."

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] Defendants' Affirmative Defenses begin on page 19 of their Partial Answer.

*Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (alterations and internal quotation marks omitted).

Here, the Court finds that evidence accessible on a publicly available website—such as an Instagram post and the comments associated with that post—may be accurately and readily determined from sources whose accuracy cannot be questioned. Courts can therefore take judicial notice of publicly available webpages that are referenced in a complaint, or websites which are relevant to allegations raised in a complaint. *See, e.g.*, *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965–66 (C.D. Cal. 2005) (taking judicial notice of Amazon.com web pages); *Taylor v. Viacom Inc.*, No. 2:17-cv-3247-DMG (AFMx), 2018 WL 4959821, at *1 (C.D. Cal. June 5, 2018) (taking judicial notice of websites); *Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, No. 5:16-cv-1953-DMG (KKx), 2017 WL 4082419, at *1 (C.D. Cal. Sept. 13, 2017) (taking judicial notice of "publicly available websites"), *aff'd* 777 F. App'x 241 (9th Cir. 2019). These public websites can include Instagram. *See Young v. Greystar Real Est. Partners, LLC*, No. 3:18-cv-02149-BEN-MSB, 2019 WL 4169889, at *2 (S.D. Cal. Sept. 3, 2019) (granting an unopposed request to take judicial notice of "Instagram and Facebook Posts"). Accordingly, the Court **GRANTS** Defendants' request to take judicial notice of the screenshots of websites that are publicly available, which include Paragraphs 4, 7, 8, and 11 of Defendants' Affirmative Defenses.

However, in contrast to information accessible by way of a public website, the Court finds that the direct messages between the Instagram accounts of @brave_johnson and @1Hotel cannot be verified. These private messages are not "generally known within the trial court's territorial jurisdiction" nor can they "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Unlike the public Instagram posts discussed above, these private messages are, indeed, private. Plaintiffs' Complaint also does not refer to or necessarily rely on these private messages. Accordingly, the Court

1  **DENIES** Defendants' request for judicial notice as to the screenshot of the private message contained in Paragraph 14 of Defendants' Affirmative Defenses.

### III.  BACKGROUND

This copyright infringement dispute stems from whether the Defendants had the requisite authorization to use a copyrighted photograph of Minor Plaintiffs (the "Photograph"). On January 3, 2021, a photo was posted to the Instagram account of @brave_johnson, taken at 1 Hotel and showing Minor Plaintiffs standing by the pool in their 1 Hotel robes. (Compl. ¶¶ 17, 19.)



(*Id.* ¶ 17.) Through its Instagram account, 1 Hotel commented on the post, "We love this photo! Reply to this comment with #sharemy1pic if you're happy with us sharing your photo on our social channels." (Aff. Defs. ¶ 7.) The account of @brave_johnson responded, "@1hotels thank you! #sharemy1pic." (*Id.* ¶ 7.)

On February 17, 2021, 1 Hotel proceeded to post the Photograph on their Instagram account. (*Id.* ¶ 8.) However, and of primary dispute in this action, 1 Hotel then also used the Photograph on their website to promote and sell "1 Hotel Signature Kids Jersey Knit Hooded Robe[s]." (Compl. ¶ 25.)



(*Id.*) On April 21, 2023, over two years after the Photograph was taken, Sunny Khachatryan obtained a Certificate of Registration for "Cousins at the pool in bathrobes" from the United States Copyright Office. (*Id.* ¶ 17, Ex. 1 ("Certificate of Registration").)

On December 27, 2023, Plaintiffs filed this action in federal court, alleging (1) copyright infringement, (2) removal of copyright management information, (3) misappropriation of minor's likeness, (4) unauthorized use of photograph or likeness in violation of California Civil Code section 3344, (5) conversion, (6) unfair competition in violation of California Business and Professions Code section 17200, and (7) cyber negligence. (*Id.* ¶¶ 34–101.) Plaintiffs seek legal and equitable relief. (*Id.*, Prayer for Relief.) Defendants now move to dismiss Plaintiffs' second, fifth, sixth, and seventh causes of action and for judgment on the pleadings on Plaintiffs' first, third, and fourth causes of action. (Mot.)

## IV. LEGAL STANDARD

### A. Motion to Dismiss

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### B. Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In general, courts may not consider matters

outside the pleadings on a Rule 12(c) motion without treating it as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Hal Roach Studios*, 896 F.2d at 1550.

When ruling on a motion for judgment on the pleadings, "[a]ll allegations of fact by the party opposing the motion are accepted as true" and construed in the light most favorable to that party. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient" to withstand a motion for judgment on the pleadings. *Id.* "As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

## C. Leave to Amend

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). If judgment on the pleadings is appropriate, a court has discretion to grant the non-moving party leave to amend, grant dismissal, or enter a judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## V. DISCUSSION

Defendants argue that the Court should either dismiss or grant judgment in their favor on each of Plaintiffs' causes of action, and that the Complaint fails to satisfy Rule 8(a)'s pleading requirement. (Mot.) Defendants also move to dismiss Plaintiffs'

claim to recover attorneys' fees and statutory damages. The Court considers each of Defendants' arguments in turn.

**A.     Copyright Infringement (Count I)**

Defendants first move for judgment on the pleadings on Plaintiffs' copyright infringement claim because "1 Hotel had a nonexclusive license to use the work as a matter of law." (Mot. 7.) Defendants argue that Plaintiffs' conduct—posting the photo to Instagram subject to Instagram's terms and conditions, tagging 1 Hotel in the Instagram post, commenting the hashtag "#sharemy1pic" in response to 1 Hotel's comment, liking and resharing 1 Hotel's Instagram post, and commenting on 1 Hotel's Instagram post thanking them for sharing the photo—gave 1 Hotel an "objective and reasonable basis to conclude that it [had] an implied non-exclusionary license to use the [Photograph]" in the manner that they did. (Mot. 8–9.)

"[A] nonexclusive license may be . . . implied from conduct." *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990); *see also Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006) ("An implied license can be found where the copyright holder engages in conduct 'from which [the] other [party] may properly infer that the owner consents to his use.'" (quoting *De Forest Radio Tel. & Tel. Co. v. United States*, 273 U.S. 236, 241 (1927) (alteration in original))). "[A]n implied grant of a nonexclusive license to use a copyrighted work precludes a copyright infringement claim." *Falcon Enters., Inc. v. Publishers Serv., Inc.*, 438 F. App'x 579, 581 (9th Cir. 2011).

To determine whether a license exists, courts consider whether "(1) a person (the licensee) request[ed] the creation of a work, (2) the creator (the licensor) ma[de] that particular work and deliver[ed] it to the licensee who requested it, and (3) the licensor intend[ed] that the licensee-requestor copy and distribute his work." *Asset Mktg. Sys., Inc. v. Gagnon*, 542 F.3d 748, 754–55 (9th Cir. 2008) (quoting *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996)). No factor is dispositive, and "[w]here the totality of the parties' conduct indicates an intent to grant such permission, the

result is a nonexclusive license." *Interscope Recs. v. Time Warner, Inc.*, No. 2:10-cv-01662-SVW (PJWx), 2010 WL 11505708, at *3 (C.D. Cal. June 28, 2010).

Here, after Plaintiffs posted the Photograph on the Instagram account of @brave_johnson, Defendants commented, "We love this photo! Reply to this comment with #sharemy1pic if you're happy with us sharing your photo on our social channels." (Aff. Defs. ¶ 7.) Plaintiffs replied, "@1hotels thank you! #sharemy1pic." (*Id.*) After @1hotels posted the picture on Instagram, @brave_johnson commented, "Thank you for the post! One [o]f [o]ur favorite hotels!" (Aff. Defs. ¶ 11.) Plaintiffs' express assent to 1 Hotel's use of the photograph therefore created an implied license to use the Photograph on Defendant's "social channels."

However, although there is an implied license, Plaintiffs have a valid argument that the scope of that license did not encompass 1 Hotel's authority to use the photograph for the purpose of selling 1 Hotel robes on Defendants' website. Specifically, 1 Hotel sought and obtained permission to "shar[e]" Plaintiffs' photo "on [their] social channels." (Aff. Defs. ¶ 7.) Yet, 1 Hotel did not only use the Photograph on their socials, but also on their website for the purpose of promoting the sale of robes. The facts are not clear that this use falls within the scope of the license. Therefore, because 1 Hotel could have exceeded the scope of consent by using the Photograph on their website, Defendants have failed to establish on the face of the pleadings that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *See Hal Roach Studios*, 896 F.2d at 1550. Judgment on the pleadings is therefore improper. Accordingly, the Court **DENIES** Defendants' motion for judgment on the pleadings as to Plaintiffs' first cause of action of copyright infringement.

**B.     Removal of Copyright Management Information (Count II)**

Defendants next move to dismiss Plaintiffs' second cause of action for Removal of Copyright Management Information ("CMI") because Plaintiffs' social media handle does not constitute CMI. (Mot. 10–11.) Specifically, Defendants argue that

the alleged CMI—Brave Johnson's name and Instagram handle—does not provide the identity of the copyright owner Sunny Khachatryan. (*Id.* at 11.)

Pursuant to 17 U.S.C. § 1202(b),

> No person shall, without the authority of the copyright owner or the law—(1) intentionally remove or alter any [CMI], (2) distribute or import for distribution [CMI] knowing that the [CMI] has been removed or altered without authority of the copyright owner or the law, or (3) distribute, import for distribution or publicly perform works . . . knowing that [CMI] has been removed or altered without authority of the copyright owner or the law—knowing . . . that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

The statute's definition of CMI includes "the name of, and other identifying information about, the author of a work [and] . . . the copyright owner of the work." 17 U.S.C. § 1202 (c)(2)–(3).

Here, Plaintiffs allege that Defendants violated § 1202(b) of the Copyright Act (Removal of CMI) by knowingly and intentionally removing the @brave_johnson Instagram handle when it "distributed the Work to the Website knowing that the CMI had been removed or altered without authority of the copyright owner or authority to do so under the law." (Compl. ¶ 45.) However, Brave Johnson's Instagram handle does not include any identifying information about the author of the work or the copyright owner, which, as alleged in the Complaint, is Sunny Khachatryan. (*See* Compl. ¶ 17; Certificate of Registration.) Accordingly, Plaintiffs fail to establish that Brave Johnson's Instagram handle constitutes CMI, and therefore fail to establish that Defendants removed any CMI when republishing the Photograph. This element is required to support a claim for Removal of Copyright Information. *See* 17 U.S.C. § 1202. Because the Court finds that amendment would be futile, the Court **DISMISSES** Plaintiffs' second cause of action **WITHOUT LEAVE TO AMEND**.

## C. Misappropriation Claims (Counts III and IV)

Plaintiffs bring their third and fourth causes of action for misappropriation, one for misappropriation of minors' likeness and the other for unauthorized use of photograph or likeness. (Compl. ¶¶ 50–68.) Defendants move for judgment on the pleadings on Plaintiffs' third and fourth causes of action because (1) Plaintiffs consented to Defendants' use of the work, (2) the use was incidental, and (3) the children are not readily identifiable. (Mot. 11.)

### 1. Consent

As discussed previously, it is not clear from the facts in this case that Defendants obtained the necessary consent to use the copyrighted material on Defendants' website to advertise the sale of robes. When 1 Hotel sought to obtain permission to use the photo, 1 Hotel specifically requested authorization to share the photo "on [its] social channels." (Aff. Defs. ¶ 7.) While the @brave_johnson's Instagram account responded to the request by commenting, "@1hotels thank you! #sharemy1pic," it is not clear that response constituted objectively manifested consent for Defendants to use the photograph outside of its social media accounts. *See Jones v. Corbis Corp.*, 489 F. App'x 155, 156 (9th Cir. 2012) (holding that consent "is to be determined objectively from the perspective of a reasonable person").

Defendants also argue that Plaintiffs' expression of enthusiasm about Defendants' use of the Photograph indicates consent. (Mot. 13 ("Consent may also be shown where a plaintiff expresses enthusiasm about the use of his image by the defendant.").) However, although a plaintiff's expression of excitement can be indicative of consent, here, that expression was to Defendants' use of the Photograph on Defendants' social media accounts. Plaintiffs do not express any enthusiasm or excitement after Defendants used the Photograph on its website for the sale of robes. Accordingly, the factual allegations in Plaintiffs' Complaint do not indicate that consent defeats Plaintiffs' misappropriation claims.

### 2. Incidental

Next, "incidental use of a name or likeness does not give rise to liability for invasion of privacy by appropriation." *Aligo v. Time-Life Books, Inc.*, No. C 94-20707 JW, 1994 WL 715605, at *2 (N.D. Cal. Dec. 19, 1994).

To determine whether the use of a name or likeness was incidental, courts consider the following factors:

> (1) whether the use has a unique quality or value that would result in commercial profit to the defendant; (2) whether the use contributes something of significance; (3) the relationship between the reference to the plaintiff and the purpose and subject of the work; and (4) the duration, prominence or repetition of the name or likeness relative to the rest of the publication.

*Davis v. Elec. Arts Inc.*, 775 F.3d 1172, 1180 (9th Cir. 2015) (quoting *Aligo*, 1994 WL 715605, at *3).

Applying these factors, first, the use of Minor Plaintiffs' image and likeness for advertising purposes likely resulted in commercial profit to Defendants. "If a defendant uses a plaintiff's name and/or likeness to advertise, then it can reasonably be inferred that the name and/or likeness has some economic value, even if small." *Callahan v. PeopleConnect, Inc.*, No. 20-cv-09203-EMC, 2021 WL 5050079, at *14 (N.D. Cal. Nov. 1, 2021). Furthermore, Plaintiffs allege that B.A.J. and I.M. "are child professional SAG models" and commercial actors. (Compl. ¶ 4.) However, even if Minor Plaintiffs are relatively unknown, "the appropriation of the identity of a relatively unknown person may result in economic injury or may itself create economic value in what was previously valueless." *Motschenbacher v. R. J. Reynolds Tobacco Co.*, 498 F.2d 821, 824 n.11 (9th Cir. 1974). Accordingly, based on the allegations, the Court finds that there is value in Minor Plaintiffs' image and likeness, which Defendants then used for the purpose of commercial advertising and sales. Finally, Minor Plaintiffs are clearly prominent in the Photograph, and directly relate to the Defendants' use: the promotion of robe sales. In summary, the Court has

considered each of the *Davis* factors listed above and concludes that Minor Plaintiffs are not incidental to the work.

      3.     *Readily Identifiable*

Lastly, Defendants argue that Plaintiffs' misappropriation claims fail because Minor Plaintiffs are not "readily identifiable" in the Photograph. (Mot. 15–16.) To succeed in a claim under California Civil Code section 3344, the statutes requires that the complainant is readily identifiable. Cal. Civ. Code § 3344(b). "A person shall be deemed to be readily identifiable from a photograph when one who views the photograph with the naked eye can reasonably determine that the person depicted in the photograph is the same person who is complaining of its unauthorized use." *Id.* § 3344(b)(1).

Here, the Court finds that Minor Plaintiffs are clearly readily identifiable in the Photograph. For example, in *Young v. Greystar Real Estate Partners, LLC*, the court held that the plaintiff failed to plead that he was readily identifiable because the "only visible facial characteristic [was] a small, shadowy sliver of the individual's chin." *Young*, 2019 WL 4169889, at *4. In contrast, the Photograph in this case clearly depicts Minor Plaintiffs, and a person viewing the Photograph with a naked eye can reasonably determine that Minor Plaintiffs are depicted therein. The Court therefore finds that Minor Plaintiffs are readily identifiable for the purposes of California Civil Code section 3344.

Accordingly, the Court **DENIES** Defendants' motion for judgment on the pleadings as to Plaintiffs' third and fourth causes of action.

**D.    Conversion, Unfair Competition, and Negligence**

Next, Defendants argue that Plaintiffs' fifth (conversion), sixth (unfair competition), and seventh ("cyber negligence") causes of action are preempted by the Copyright Act. (Mot. 16–18.) Plaintiffs wholly fail to respond to Defendants' argument as to preemption of even one of these three causes of action. (*See generally* Opp'n (only discussing preemption with relation to Plaintiffs' misappropriation

claims).) The Court could grant Defendants' motion on these causes of action as unopposed. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (internal quotation marks and citation omitted)); *Heraldez v. Bayview Loan Servicing, LLC*, No. 5:16-cv-1978-R (DTBx), 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016) ("Failure to oppose constitutes a waiver or abandonment of the issue."), *aff'd*, 719 F. App'x 663 (9th Cir. 2018). However, as discussed further below, the Court nevertheless grants Defendants' motion on its merits.

The Copyright Act expressly preempts "all legal [and] equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301. A state law cause of action is preempted by the Copyright Act if (1) "the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act," and (2) "the work involved must fall within the 'subject matter' of the Copyright Act." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) (quoting 17 U.S.C. §§ 102, 103, 301(a)).

### 1. Conversion (Count V)

Generally, the "distribution of . . . intangible property does not state a claim for conversion." *Dielsi v. Falk*, 916 F. Supp. 985, 992 (C.D. Cal. 1996). Where there is no claim of any "physical deprivation" of tangible property, a claim for conversion will fail if it is equivalent to a claim for copyright infringement. *See id.* In other words, on the one hand, "claims for conversion of physical property or for misappropriation involve an extra element beyond unauthorized copying since they require a plaintiff to prove that the defendant wrongfully obtained possession over a specific piece of property." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001) (first citing *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992); then citing *Oddo v. Ries*, 743 F.2d 630,

635 (9th Cir. 1984); and then citing *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 822–23 (C.D. Cal. 1997)). However, on the other hand, "where a plaintiff is only seeking damages from a defendant's reproduction of a work—and not the actual return of a physical piece of property—the claim is preempted." *Id.*

Here, Plaintiffs do not plead any physical deprivation of property, but rather that Defendants reproduced the Photograph in violation of the Copyright Act. (*See* Compl.) Plaintiffs' conversion claim is therefore preempted, and the Court **DISMISSES** Plaintiffs' fifth cause of action **WITHOUT LEAVE TO AMEND**.

2. *Unfair Competition (Count VI)*

Next, "where the alleged improper business activity" in an unfair competition claim "is the act of copyright infringement, the claim is preempted." *See Wild v. NBC Universal, Inc.*, No. 2:10-cv-3615-GAF (AJWx), 2011 WL 13272427, at *18 (C.D. Cal. June 28, 2011); *see also Kodadek*, 152 F.3d at 1212–13 (finding a claim under California's unfair competition law preempted where the claim was based on rights granted by the Copyright Act); *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) (same). Here, the law is clear that Plaintiffs' sixth cause of action—which is based on Defendants taking "the Work without the Plaintiffs' consent in order to use the Work to sell Defendants' products," (Compl. ¶ 80)—is preempted. Accordingly, the Court **DISMISSES** Plaintiffs' sixth cause of action **WITHOUT LEAVE TO AMEND**.

3. *Negligence (Count VII)*

Lastly, Defendants argue that Plaintiffs' seventh cause of action for "cyber negligence" is preempted. (Mot. 18.) Courts have held that merely recharacterizing a copyright infringement claim as negligence "does not add a legally cognizable additional element because a general claim for copyright infringement is fundamentally one founded on strict liability." *See, e.g.*, *Dielsi*, 916 F. Supp. at 992. The essential allegation underlying Plaintiffs' negligence claim is that Defendants unlawfully reproduced and shared the Photograph. This is a mere recharacterization

of Plaintiffs' copyright claim, and the Court therefore **DISMISSES** Plaintiffs' seventh cause of action **WITHOUT LEAVE TO AMEND**.

### E. Statutory Damages and Attorneys' Fees

Turning to Defendants' next argument, Defendants move to dismiss Plaintiffs' request to recover statutory damages and attorneys' fees. Plaintiffs argue that "[p]ursuant to the copyright statutes, the prevailing party is entitled to its attorneys' fees and costs" under 17 U.S.C. § 505 and California Civil Code section 3344(a). (Opp'n 10.) Defendants argue that Plaintiffs are not entitled to statutory damages and attorneys' fees because Plaintiffs registered the photo "more than two years after the work was first created." (Mot. 9–10 (emphasis omitted).)

The Copyright Act "mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). The same bar applies to attorneys' fees. *See* 17 U.S.C. § 412(2). Plaintiffs allege that they created the Photograph and published it on Instagram on January 3, 2021. (Compl. ¶¶ 16–17.) The Effective Date of the Certificate of Registration is April 21, 2023, over two years after the Photograph was first published. (*See* Certificate of Registration.) Therefore, because the registration was not made within three months after first publication, the copyrighted work must have been registered prior to commencement of the infringement. Plaintiffs do not allege the date of the alleged infringement and fail to plead the necessary facts in this case. (*See generally* Compl.) Accordingly, Plaintiffs cannot recover attorneys' fees or statutory damages under the Copyright Act.

However, California Civil Code section 3344(a) permits a prevailing plaintiff to recover attorney's fees and costs for the use of another's name, voice signature, photograph or likeness for advertising or selling or soliciting purposes. Cal. Civ. Code § 3344(a). As discussed above, the Court declined to dismiss Plaintiffs'

misappropriation claim under section 3344 of the California Civil Code, and Plaintiffs could recover attorneys' fees and costs under this statute.

Therefore, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' claim for the recovery of statutory damages **WITH LEAVE TO AMEND**, but it **DENIES** the Motion as to the recovery of attorneys' fees and costs under California Civil Code section 3344.

### F.  Sufficiency of the Complaint

Lastly, Defendants argue that Plaintiffs' Complaint is insufficient because (1) it constitutes an impermissible "shotgun pleading," and (2) it is inadequately pleaded as to Plaintiff Tatevik Khachatryan.[3]  (Mot. 21–22.)

#### 1.  *Shotgun Pleadings as to All Defendants*

"Shotgun pleadings . . . that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations . . . are unacceptable." *Sollberger v. Wachovia Secs., LLC*, No. 8:09-cv-766-AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010); *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming district court's dismissal of a "shotgun pleading" that made general "everyone did everything" allegations).  A complaint generally constitutes an impermissible shotgun pleading if it asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts.

The reason such a pleading is considered impermissible is that it fails to give the defendants adequate notice of the claims against them, thereby failing to provide a short and plain statement of the claim as required by Rule 8(a).  Rule 8(a) ensures that a Complaint "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Here, the allegations described in Plaintiffs' Complaint are collectively pleaded against all Defendants, and they do not specify which Defendant—1 Hotel, SH Group

---

[3] Plaintiffs again fail to respond to either of these arguments.  (*See generally* Opp'n.)

Operations, or SH Group Global IP Holdings—committed any particular act. Rather, the Complaint states consistently that "Defendants" performed a certain act or wrong. (*See, e.g.*, Compl. ¶ 26 ("*Defendants* copied Plaintiffs' Work without permission, authority, or license." (emphasis added)).) Other than stating that Defendants SH Group Operations and SH Group Global IP Holdings are Delaware companies, (*id.* ¶¶ 9–10), Plaintiffs fail to mention them again in any other part of the Complaint. This makes it "difficult or impossible" for these defendants "to make informed responses to the plaintiff's allegations." *Sollberger*, 2010 WL 2674456, at *4.

Plaintiffs may not plead their claims broadly by alleging that "Defendants" committed each alleged act giving rise to their claims. Accordingly, the Court **DISMISSES** all remaining causes of action **WITH LEAVE TO AMEND**. To the extent that Plaintiffs intend to file an amended complaint, the Court instructs Plaintiffs to plead each Defendants' act or omission with sufficient specificity so that Defendants may defend against these claims.

        2.    *Plaintiff Tatevik Khachatryan*

Defendants next argue that Plaintiffs fail to adequately plead the Complaint as to Plaintiff Tatevik Khachatryan. (Mot. 22.) In their Complaint, Plaintiffs name Tatevik Khachatryan as a plaintiff and describe the party to be "an individual," (Compl. ¶ 1), but then give no further information as to the party's involvement in the facts alleged in the Complaint. Plaintiffs fail to provide any specific conduct relating to Tatevik Khachatryan or any factual basis to support Tatevik Khachatryan's entitlement to relief. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff Tatevik Khachatryan as a party in this action **WITH LEAVE TO AMEND**.

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART and DENIES IN PART** Defendants' Motion to Dismiss and for Judgment on the Pleadings. (ECF No. 35).

Specifically, the Court **DISMISSES** Plaintiffs' second, fifth, sixth, and seventh causes of action **WITHOUT LEAVE TO AMEND**. Further, the Court **DISMISSES** (1) Plaintiff Tatevik Khachatryan, (2) Plaintiffs' first, third, and fourth causes of action, and (3) Plaintiffs' request to recover statutory damages under the Copyright Act, all **WITH LEAVE TO AMEND**

The Court **DENIES** Defendants' motion for judgment on the pleadings as to all counts moved on and **DENIES** Defendants' motion to dismiss Plaintiffs' request for attorneys' fees under California Civil Code 3344.

If Plaintiffs elect to amend, the First Amended Complaint is due no later than **twenty-one (21) days** from the date of this Order, in which case Defendants shall answer or otherwise respond within **fourteen (14) days** of Plaintiffs' filing of the First Amended Complaint. As all causes of action are hereby dismissed, the Court will consider Plaintiffs' failure to timely amend consent to dismiss this action and close this case.

**IT IS SO ORDERED.**

June 14, 2024

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE