TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:  (424) 330-8580
Facsimile:   (315) 512-1465

BRIAN BLOOM (admitted *pro hac vice*)
*bbloom@tarterkrinsky.com*
ELIEZER LEKHT (admitted *pro hac vice*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, B.A.J. and I.M.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUNNY KHACHATRYAN, an individual; TATEVIK KHACHATRYAN, an individual; B.A.J. a minor; and I.M., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.<br><br>Defendants. | CASE NO. 2:23-cv-10829<br><br>**AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **MISAPPROPRIATION OF MINORS' LIKENESS;**<br>3. **VIOLATION OF CIVIL CODE SECTION 3344;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Sunny Khachatryan, an individual; Tatevik Khachatryan, an individual; B.A.J., a minor; and I.M., a minor (collectively "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendants 1 Hotel West Hollywood L.L.C. ("1 Hotel"), for damages and injunctive relief, and in support thereof state as follows:

## I.

## INTRODUCTION AND PARTIES

1. Plaintiffs Sunny Khachatryan, an individual ("S. Khachatryan"); Tatevik Khachatryan, an individual ("T. Khachatryan"); B.A.J., a minor, ("Brave"); and I.M., a minor ("Plaintiffs") bring this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiffs original copyrighted Work of authorship.

2. S. Khachatryan is a prominent figure in the field of mental health and is regularly featured in magazines such as Psychology Today and CanvasRebel, and was dubbed as a "rising star" in the Voyage MIA Magazine (February 2022 issue).

3. S. Khachatryan and her family are well-known figures who are closely affiliated with the sporting world, charitable foundations, and entertainment industry including modeling and acting.

4. T. Khachatryan is I.M.'s parent and legal guardian.

5. B.A.J. and I.M. are (i) cousins; (ii) minor children with a right to privacy; (iii) child professional SAG models; and (iv) commercial actors.

6. B.A.J. and I.M. have appeared in numerous television commercials, print ads, and other paid commercial uses of their images and likenesses for pay. In fact, both B.A.J. and I.M. have recently signed modeling contracts with Adidas.

7. B.A.J. and I.M. are both represented by talent agents and talent management.

8. Most recently, B.A.J. and I.M. were being considered for a multi-million-dollar hotel endorsement, and modeling contracts for several five-star hotel chains.

9. Defendant 1 Hotel West Hollywood L.L.C. ("1 Hotel") is a Delaware limited liability company with a principal address of 591 West Putnam Ave, Greenwich, CT 06830. 1 Hotel can be served on its California registered agent, 1505 Corporation CT Corporation, at 330 N Brand Blvd, Glendale, CA 91203.

10. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Doe 1 through Doe 70, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon alleges that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and are liable for payment of damages to Plaintiffs.

## II.

## JURISDICTION AND VENUE

11. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

12. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

13. This Court has supplemental jurisdiction pursuant to California Civil Code Section 3344(a).

14. Defendants are subject to personal jurisdiction in California.

15. Venue is proper in the Central District under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## III.

## THE COPYRIGHTED WORK AT ISSUE

16. On January 3, 2021, Plaintiffs created the photograph shown below and referred to herein as the "Work."

17. S. Khachatryan is the sole owner of all rights, title, and interest in and to the US copyrighted photograph titled "Cousins at the Pool in Bathrobes" (the "Copyrighted Photograph") which was taken at 1 Hotel West Hollywood located at 8490 Sunset Blvd, West Hollywood, CA 90069.

18. S. Khachatryan is the owner of U.S. Copyright Registration Certificate,



Registration No. VA 2-343-002. The Certificate of Registration is attached hereto as **Exhibit 1**.

19. T. Khachatryan gave S. Khachatryan consent to register the subject photograph.

20. On January 3, 2021, Plaintiffs posted the Work to B.A.J.'s Instagram social media account as shown above.

21. Plaintiffs' Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

22. At all relevant times Plaintiffs were the owners of the copyrighted Work.

**IV.**

**INFRINGEMENT BY DEFENDANTS**

23. 1 Hotel was not authorized to use the Work at issue in the manner in which it did, such as posting the Work on its website to promote the sale of bath robes.

24. On a date after the Work at issue in this action was created, but prior to the filing of this action, 1 Hotel copied the Work.

25. Plaintiffs discovered the unauthorized use of the Work, on the Website at the URL https://shop.1hotels.com/collections/apparel/products/1-hotels-signature-kids-organic-jersey-knit-hooded-robe, as shown below.



26. 1 Hotel copied Plaintiffs' Work without permission, authority, or license.

27. After 1 Hotel copied the Work, they made further copies and distributed the Work on the internet, without obtaining permission from each parent or guardian with authority, to promote the sale of goods and services as part of their hotel spa and apparel business.

28. 1 Hotel copied and distributed Plaintiffs' copyrighted Work in connection with 1 Hotel's business for purposes of advertising and promoting its business, and in the course and scope of advertising and selling products and spa services.

29. 1 Hotel committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

30. Plaintiffs never gave 1 Hotel permission or authority to copy, distribute, or display the Work at issue in this case on its website.

31. Plaintiffs notified 1 Hotel of the allegations set forth herein on May 10, 2023.

32. When 1 Hotel was notified of its unauthorized copying and displaying of the Work on its website.

33. Plaintiffs never gave 1 Hotel or any other Defendant permission or authority to use the Work on its website in connection with the sale of bath robes or the promotion of 1 Hotel's spa services.

## COUNT I

## COPYRIGHT INFRINGEMENT

34. Plaintiffs incorporate the allegations of the above paragraphs of this Complaint as if fully set forth herein.

35. Plaintiffs own a valid copyright in the Work at issue in this case.

36. Plaintiffs registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

37. 1 Hotel copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiffs's authorization in violation of 17 U.S.C. § 501.

38. 1 Hotel performed the acts in the course and scope of its business activities for purposes of driving sales and generating profit, as alleged herein.

39. 1 Hotel's acts were willful.

40. Plaintiffs have been damaged.

41. The harm caused to Plaintiffs has been irreparable.

## COUNT II

## MISAPPROPRIATION OF MINORS' LIKENESS

42. Plaintiffs incorporate the allegations of above paragraphs of this Complaint as if fully set forth herein.

43. 1 Hotel failed to obtain the requisite permission, authority, or license to use the Work on its website.

44. 1 Hotel's impermissible use of the Work infringed the minor Plaintiffs rights of publicity and privacy by displaying their personally identifiable information, including but not limited to their faces, names, and likeness for 1 Hotel's commercial gain.

45. Plaintiffs did not consent to or authorize 1 Hotel to use the Work in the manner in which it did.

46. 1 Hotel's unauthorized use of the Work was done for 1 Hotel's commercial benefit.

47. 1 Hotel used the Work for the purpose of commercial advertising and sales.

48. 1 Hotel directly used the Work for the promotion of robe sales.

49. 1 Hotel indirectly used the Work for the promotion of its spa services.

50. 1 Hotel benefitted from the unauthorized and impermissible use of the Work.

51. This constitutes a misappropriation of the right of publicity and privacy in the form of the unauthorized commercial use of a photograph in violation of several USCA provisions, as well as state law.

52. Plaintiffs have been damaged.

53. The harm caused to Plaintiffs has been irreparable.

## COUNT III

## CALIFORNIA STATE PRIVACY LAW VIOLATIONS UNDER CIVIL CODE § 3344 – UNAUTHORIZED USE OF PHOTOGRAPH OR LIKENESS.

54. Plaintiffs incorporate the allegations of above paragraphs of this Complaint as if fully set forth herein.

55. It is well established that California protects a natural living peson's right of publicity, including a minor's right of publicity.

56. 1 Hotel knowingly used B.A.J. and I.M.'s photograph to advertise and sell its 1 Hotels Signature Kids Jersey Knit Hooded Robe as shown below:



57. The photograph used by 1 Hotel to sell these robes depicted both minors in a manner that they were both easily and readily identifiable.

58. 1 Hotel did not have the prior consent of either of minor Plaintiffs' parents or legal guardians to use this photograph to advertise and sell its robes or any other products.

59. 1 Hotel's knowing use of the photograph did not occur in connection with a news, public affairs, or sports broadcast or account, or in connection with a policital campaign.

60. The use of Plaintiffs' photograph was directly connected to 1 Hotel's commercial purpose.

61. B.A.J. and I.M. have been harmed by the use of their photograph in this manner by 1 Hotel and 1 Hotel's conduct in using the photograph in this manner was a substantial factor in causing Plaintiffs' harm.

62. 1 Hotel's unauthorized commercial use of Plaintiffs' name and likeness violated Cal. Civ. Code § 3344.

63. Minor Plaintiffs are both readily identifiable on the photograph at issue in this case.

64. Any individual viewing the photograph with the naked eye can reasonably dermine that minor Plaintiffs are depcited in the photograph.

65. Minor Plaintiffs are complaining of the unauthorized use by 1 Hotel.

66. 1 Hotel's unauthorized use does not fall within any exemption under Section 3344(d).

67. California Civil Code section 3344(a) permits a prevailing plaintiff to recover attorney's fees and costs for the use of Plaintiffs' name, photograph, and likeness for advertising or selling or soliciting purposes.

68. 1 Hotel used the minor Plaintiff's name, photograph, and likeness for advertising, selling, and soliciting without the requisite consent or permission.

69. The harm caused to Plaintiffs has been irreparable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against

the Defendants for the following:

    A.    Defendants and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501;

    B.    Defendants be required to pay Plaintiffs their actual damages in the amount presently believed to be not less than $2,000,000 per plaintiff and Defendants' profits attributable to the infringement;

    C.    That Plaintiffs be awarded restitution;

    D.    That Defendants be enjoined from further use of the Work;

    E.    Plaintiffs be awarded their attorneys' fees and costs of suit under the applicable statutes sued upon;

    F.    Plaintiffs be awarded pre-judgment interest and post-judgment interest; and

    G.    Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues raised in this Complaint.

DATED: July 5, 2024　　　　TARTER KRINSKY & DROGIN LLP


By:　　  */s/ Tyler R. Dowdall*
　　　Tyler R. Dowdall, State Bar No. 258950
　　　*tdowdall@tarterkrinsky.com*
　　　Renata A. Guidry, State Bar No. 227713
　　　*rguidry@tarterkrinsky.com*
　　　**TARTER KRINSKY & DROGIN LLP**
　　　2029 Century Park East, Suite 400N
　　　Los Angeles, California 90067
　　　Telephone:　(424) 330-8580
　　　Facsimile:　(315) 512-1465

　　　Brian Bloom (admitted *pro hac vice*)
　　　*bbloom@tarterkrinsky.com*
　　　Eliezer Lekht (admitted *pro hac vice*)
　　　*elekht@tarterkrinsky.com*
　　　**TARTER KRINSKY & DROGIN LLP**
　　　1350 Broadway
　　　New York, New York 10018
　　　Telephone: (212) 574-0350
　　　Facsimile: (212) 216-8001

　　　*Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, B.A.J., and I.M.