CLARK HILL PLC
Myriah V. Jaworski, Esq. (SBN 336898)
mjaworski@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

Attorneys for Defendant 1 HOTEL WEST HOLLYWOOD, L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B.A.J., A MINOR; AND I.M., A MINOR,

Plaintiffs,

v.

1 HOTEL WEST HOLLYWOOD, L.L.C.,

Defendant.

Case No. 2:23-cv-10829

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFFS' DISCOVERY RESPONSES AND THE DEPOSITION OF PLAINTIFF SUNNY KHACHATRYAN**

Discovery Cut-Off: 11/25/2024
Pre-Trial Conference: 4/7/2025
Trial: 4/29/2025
Hearing Date: 9/13/2024
Time: 9:30 a.m.

Defendant 1 HOTEL WEST HOLLYWOOD, L.L.C. ("Defendant" or "1 Hotel"), by and through its attorneys of record, submits its Memorandum in Support of its Motion to Compel Plaintiffs' Discovery Responses and the Deposition of Plaintiff Sunny Khachatryan, and states the following in support thereof:

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. RELEVANT PROCEDURAL POSTURE .......... 2

III. FACTUAL BACKGROUND .......... 3

a. Plaintiffs claim they have up to $6 million in damages, but refuse to produce a computation or supporting documents. .......... 3

b. Plaintiffs claim they are celebrities with multi-million-dollar hotel deals but refuse to provide supporting documentation. .......... 4

c. Plaintiffs failed to present Sunny Khachatryan for her discovery deposition. .......... 5

d. Plaintiffs failed to participate in a C.D. Cal. Local Rule 37-1 conferral. .......... 6

IV. ARGUMENT .......... 6

a. This Court should compel Plaintiffs' compliance with Fed. R. Civ. P. 26, 33 and 34. .......... 7

i. Plaintiffs should be compelled to provide sufficient Rule 26(a)(1)(A)(iii) damages calculations. .......... 8

ii. This Court should compel Plaintiffs to fully respond to 1 Hotel's written discovery requests. .......... 10

iii. This Court should compel Plaintiff Sunny Khachatryan to appear for a deposition. .......... 11

b. Fed. R. Civ. P. 37 sanctions are appropriate for Plaintiffs' repeated noncompliance in discovery and other dilatory actions. .......... 12

V. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A. Farber and Partners, Inc. v. Garber*,
234 F.R.D. 186 (C.D. Cal. 2006) ....................................................... 10, 11

*Brown v. Hoops*,
No. CV 11-5415-CAS DTB, 2013 WL 4854118 (C.D. Cal. Sept. 10, 2013) ....................................................... 11

*City & County of San Francisco v. Tutor-Saliba Corp.*,
218 F.R.D. 219 (N.D. Cal. 2003) ....................................................... 8, 9

*Computer Task Grp. v. Brotby*,
364 F.3d 1112 (9th Cir. 2004) ....................................................... 11

Connecticut *Gen. Life Ins. Co. v. New Images of Beverly Hills*,
482 F.3d 1091 (9th Cir. 2007) ....................................................... 7

*Erhart v. BofI Holding, Inc.*,
No. 15-CV-02287-BAS-NLS, 2022 WL 129696 (S.D. Cal. Jan. 13, 2022) ....................................................... 8, 9

*Keith H. v. Long Beach Unified Sch. Dist.*,
228 F.R.D. 652 (C.D. Cal. 2005) ....................................................... 10

*Leprino Foods Co. v. Avani Outpatient Surgical Ctr., Inc.*,
No. 2:22-cv-07434-DSF-JC, 2024 WL 650434 (C.D. Cal. Jan. 4, 2024) ....................................................... 6, 7

*Link v. Wabash R.R. Co.*,
370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ....................................................... 7

*Lute v. Sniff*,
No. 517CV01722DSFSP, 2022 WL 4072036 (C.D. Cal. July 7, 2022), *report and recommendation adopted*, No. 517CV01722DSFSP, 2022 WL 4042469 (C.D. Cal. Sept. 1, 2022) ....................................................... 7

*Mariscal v. Graco, Inc.*,
52 F. Supp. 3d 973 (N.D. Cal. 2014) ....................................................... 9

*Marti v. Baires*,
1:08-CV-00653-AWI, 2012 WL 2029720 (E.D. Cal. June 5, 2012) ................. 11

*Morgan Hill Concerned Parents Assoc. v Cal. Dep't of Educ.*,
No. 11-cv-3471-KJM (AC), 2016 WL 4375015 (E.D. Cal. Aug. 17, 2016) ................. 12

*O. L. v. City of El Monte*,
No. 220CV00797RGKJDE, 2021 WL 9721339 (C.D. Cal. Feb. 8, 2021) ................. 13

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
460 F.3d 1217 (9th Cir. 2006) ................. 8

*R & R Sails, Inc. v. Ins. Co. of Pennsylvania*,
673 F.3d 1240 (9th Cir. 2012) ................. 7

*Spin Master, Ltd. v. Zobmondo Ent., LLC*,
No. CV063459ABCPLAX, 2011 WL 13127349 (C.D. Cal. Sept. 15, 2011) ................. 8

*Villagomes v. Lab. Corp. of Am.*,
783 F. Supp. 2d 1121 (D. Nev. 2011) ................. 8

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001) ................. 10

**Statutes**

Cal. Civ. Code § 3344 ................. 3

Copyright Act ................. 3

## I. INTRODUCTION

Plaintiffs' Complaint alleges that they are entitled to "not less than" $6 million in damages based on a single photograph of minor plaintiffs Brave Angelo Johnson ("B.A.J.") and Isabella Murray ("I.M.") (the "Photograph") appearing on a 1 Hotel website listing for children's bath robes (the "Website"). [ECF No. 47, Am. Compl. ("Compl."), ¶¶ 23-33; Prayer for Relief ¶ B (emphasis added)].[1] But, despite invoking this Court's jurisdiction to seek relief and demanding multiple millions of dollars in damages, Plaintiffs confoundingly refuse to prosecute their own claims.

To be sure, Plaintiffs' dilatory conduct in discovery extends well-beyond heel dragging or a good faith dispute about the scope of discovery. At nearly every turn, Plaintiffs' late or deficient responses have required 1 Hotel to repeatedly follow up and request supplementation, only for the supplemented response to be equally deficient. For example, Plaintiffs provided improper blanket objections to each of 1 Hotel's Rule 33 interrogatories and have refused (or ignored) 1 Hotel's requests that they provide substantive written responses to the same. Plaintiffs also provided improper blanket objections to all of 1 Hotel's Rule 34 requests for production and, to date, have produced a mere 60 pages of documents concerning *only* Plaintiff I.M. Major categories of responsive documents remain outstanding, as does all information concerning Plaintiffs B.A.J and Sunny Khachatryan.

Plaintiffs followed a similar pattern with their Fed. R. Civ. P. 26(a)(1) disclosures, which require a "*computation* of each category of damages claimed." Despite repeated requests for a *computation* of their claim for up to six million dollars in damages, Plaintiffs have provided only a boilerplate statement that they are seeking "actual damages in the amount of $2,000,000" apparently per plaintiff. And, Plaintiffs failed to produce Plaintiff Sunny Khachatryan for her noticed deposition on August 7, 2024, or to provide any alternative dates and times for her

[1] By the Complaint, Plaintiffs seek "actual damages in the amount presently believed to be not less than $2,000,000 *per plaintiff*" (emphasis added).

to be deposed. Throughout it all, Plaintiffs have wholly ignored 1 Hotel's repeated requests to confer pursuant to Local Rule 37-1, further compounding the delay and costs incurred to have Plaintiffs meet their most basic discovery obligations.

Fact discovery in this case is scheduled to close on November 25, 2024, and 1 Hotel intends to move for summary judgment promptly thereafter. [ECF No. 44]. Plaintiffs' failure to participate in discovery for a case ***they filed*** prejudices 1 Hotel's ability to defend itself against Plaintiffs' remaining claims, rebut their unsupported damages claim, and seek a timely exit from this case.

For the reasons set forth below, 1 Hotel respectfully requests that this Court:

i. ***first,*** compel Plaintiffs to provide a computation of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii);

ii. ***second,*** compel Plaintiffs to provide complete responses to 1 Hotel's interrogatories (Interrog. Nos. 1-18);

iii. ***third,*** compel Plaintiffs to produce documents that supports their own claims and damages (RFP Nos. 1-13);

iv. ***forth***, compel Plaintiffs to provide a deposition date for Sunny Khachatryan individually and as guardian for B.A.J. and I.M.; and

v. ***fifth***, award 1 Hotel all attorneys' fees and costs incurred in seeking Plaintiffs' compliance with discovery, including the costs of preparing and filing this present motion.

## II. RELEVANT PROCEDURAL POSTURE

This case concerns the allegedly unauthorized use of a single Photograph of minor plaintiffs B.A.J. and I.M. by 1 Hotel on a Website page associated with a listing for 1 Hotel children's bath robes. Compl., ¶¶ 23-33. By Order dated June 14, 2024, this Court dismissed all but Plaintiff Sunny Khachatryan's copyright infringement claim, and Plaintiffs B.A.J. and I.M.'s misappropriation claims against 1 Hotel. [ECF No. 46]. The Court also dismissed Plaintiffs' request for attorneys' fees and statutory damages on the infringement claim under the Copyright Act [*Id*.],

leaving Plaintiffs theoretically entitled to only ***actual damages*** on their remaining claims.[2] Plaintiffs' themselves acknowledge this in the prayer for relief, where they request that "Defendants be required to pay Plaintiffs their actual damages in the amount presently believed to be not less than $2,000,000 *per plaintiff* and Defendants' profits attributable to the infringement."[3] Compl., Prayer for Relief ¶ B (emphasis added).

## III. FACTUAL BACKGROUND

### a. Plaintiffs claim they have up to $6 million in damages, but refuse to produce a computation or supporting documents.

Fed. R. Civ. P. 26(a)(1)(A)(iii) requires Plaintiffs' initial disclosures to include "a "computation of each category of damages claimed" and the documents supporting that computation. On May 3, 2024, Plaintiffs provided their Rule 26 initial disclosures. *See* Declaration of Myriah V. Jaworski ("Jaworski Decl."), ¶ 5. In the damages computation section of their disclosure, Plaintiffs stated that they "seek monetary relief." Jaworski Decl., Ex. 1 at ¶ II(C). 1 Hotel requested that Plaintiffs supplement the disclosures to provide a damages computation as required by Rule 26(a)(1)(A)(iii). Jaworski Decl. ¶ 6. On June 21, 2024, Plaintiffs modified their disclosures to state: "Plaintiffs seek monetary relief of actual damages in the amount of $2,000,000."[4] Jaworski Decl., Ex. 4 at ¶ II(C). On July 12, 2024, 1 Hotel again requested supplementation as the amended computation still lacked the

---

[2] Cal. Civ. Code § 3344 provides for statutory damages "in an amount equal to the greater of seven hundred fifty dollars ($750) ***or*** the actual damages suffered". Given Plaintiffs' multi-million-dollar damages demand, it appears they do not seek statutory damages under this Code provision.

[3] Plaintiffs have long known that Defendants total profits attributable to the alleged infringement is less than $5,000. Specifically, for the period of time the Photograph was displayed on the Website, Defendants sold a total of 38 children's bathrobes for total revenue of $3,216 and total net profits of $2,342. [ECF No. 48, Affirm. Defs. ¶¶ 21-22].

[4] Notably, this disclosure appears inconsistent with the prayer for relief in Plaintiffs' Amended Complaint, in which Plaintiffs stated they are seeking $2,000,000 *per plaintiff*. Compl., Prayer for Relief ¶ B.

required damages computation as required by law. Jaworski Decl. ¶ 9. To avoid any doubt, 1 Hotel expressly requested a breakdown of how Plaintiffs reached the amount of damages they seek, the amount claimed for each specific claim, the amount attributable to each Plaintiff, and provided caselaw support for its request. Jaworski Decl., Ex. 5. Despite repeated reminders, Plaintiffs have failed to even respond to this request, let alone actually supplement their damages computation. Jaworski Decl. ¶ 10.

**b. Plaintiffs claim they are celebrities with multi-million-dollar hotel deals but refuse to provide supporting documentation.**

Plaintiffs allege that Sunny Khachatryan "is a prominent figure in the field of mental health," has been featured in Psychology Today and CanvasRebel, and was dubbed as a "rising star" in the "Voyage MIA Magazine." Compl., ¶ 2. Plaintiffs further allege that they are all "well-known figures" in the entertainment industry. *Id.*, ¶ 3.

Plaintiffs also allege that B.A.J. and I.M. (collectively, "Minor Plaintiffs") are professional models, who have appeared in numerous ads and commercials and that they were both considered for "a multi-million-dollar hotel endorsement" and other modeling contracts with several "five-star hotel chains." *Id.*, ¶¶ 5-8. As these specific allegations were contained in Plaintiffs' Complaint, information in support of these allegations should be readily available to Plaintiffs. Obtaining this information (or confirming it does not, in fact, exist), is vital to 1 Hotel's defense of Plaintiffs' claims.

On June 14, 2024,1 Hotel issued its first set of Rule 33 interrogatories and Rule 34 requests for production ("RFPs"). Jaworski Decl. ¶¶ 11, 14. 1 Hotel's RFPs requested information supporting (or refuting) Plaintiffs' claim for damages (RFP Nos. 1-2, 12-13), information on Plaintiffs' social media accounts (RFP No. 3), documents and communications related to the alleged modeling careers of Minor Plaintiffs, including their alleged endorsement deals with other five-star hotel chains

(RFP Nos. 4-8, 11), and information related to the copyright registration of the Photograph (RFP No. 10). Jaworski Decl., Ex. 8. Through its interrogatories, 1 Hotel asked questions related to Plaintiffs claims. Jaworski Decl., Ex. 6. Together, the requests seek documentation and information concerning, among other things, Plaintiffs' alleged celebrity status, flourishing modeling careers, hotel endorsement deals, and the alleged multiple million-dollar value of their image(s).

After delays, on July 16, 2024, Plaintiffs served responses to 1 Hotel's discovery requests. ***Plaintiffs did not respond to one interrogatory***, and instead issued improper blanket objections to all 18 of 1 Hotel's Rule 33 interrogatories. Jaworski Decl. ¶ 12. Similarly, Plaintiffs asserted blanket objections to each of 1 Hotel's Rule 34 requests for production. Jaworski Decl. ¶ 15. Plaintiffs' redundant boilerplate objections stated in some fashion that each request was vague, indefinite, overly broad, irrelevant, and sought confidential and/or privileged information – providing no particularity for the basis of the objections. Jaworski Decl., Exs. 7, 9.

After multiple demands for substantive responses to discovery and for times to confer on the same, on July 26, 2024, Plaintiffs made one small production of 60 pages of documents. Jaworski Decl. ¶ 18. This production is responsive to only one document request and only one Plaintiff, I.M. *Id.* Since July 26, 2024, Plaintiffs' counsel has totally failed to respond to any further communications from 1 Hotel's counsel. Jaworski Decl. ¶ 28. To date, 1 Hotel's counsel has made no fewer than four requests for conferral on discovery matters, which have gone totally ignored by Plaintiffs' counsel. Jaworski Decl. ¶¶ 24-28.

**c. Plaintiffs failed to present Sunny Khachatryan for her discovery deposition.**

On July 12, 2024, 1 Hotel issued a Notice of Deposition for Plaintiff Sunny Khachatryan, tentatively scheduled for August 7, 2024. Jaworski Decl. ¶ 21. In serving the deposition notice, 1 Hotel asked Plaintiffs to provide Ms. Khachatryan's availability or alternative dates for the deposition. Jaworski Decl., Ex. 5. Plaintiffs

entirely failed to acknowledge receipt of the Notice of Deposition and did not present Sunny Khachatryan for the scheduled deposition. Jaworski Decl. ¶ 22. Plaintiffs' counsel also failed to respond to discovery conferral requests, including requests to confer on Ms. Khachatryan's availability for a deposition date and location. Jaworski Decl. ¶ 23.

**d. Plaintiffs failed to participate in a C.D. Cal. Local Rule 37-1 conferral.**

1 Hotel group has made several requests for conferral with Plaintiff's counsel, including expressly under Local Rule 37-1 which requires parties to confer on discovery disputes. Jaworski Decl. ¶¶ 24-27. Specifically, on July 16, 2024, 1 Hotel sent a Local Rule 37-1 pre-filing conference letter and provided the topics for conferral. Jaworski Decl. ¶ 24. Plaintiffs ignored 1 Hotels request. On July 17, 2024, 1 Hotel specifically requested dates and times of Plaintiffs availability that same week to meet and confer. Jaworski Decl. ¶ 28. Plaintiffs' counsel did not respond. *Id*. Again, on July 30, 2024, 1 Hotel requested that Plaintiffs' counsel provide their availability for a Local Rule 37-1 meet and confer and provided an agenda of discovery topics for same. Jaworski Decl. ¶ 27. Here, too, Plaintiffs ignored 1 Hotel's correspondence and did not respond to 1 Hotel's conferral request. Jaworski Decl. ¶ 28. Plaintiffs' failure to participate in the pre-filing conference procedure allows 1 Hotel to bypass the need for a joint stipulation and allows for the direct filing of this motion under Local Rule 37-2.4(a). Jaworski Decl. ¶ 29. *See Leprino Foods Co. v. Avani Outpatient Surgical Ctr., Inc.*, No. 2:22-cv-07434-DSF-JC, 2024 WL 650434, at *4 (C.D. Cal. Jan. 4, 2024) (citing Local Rule 37-2.4).

## IV. ARGUMENT

Parties in litigation have an "affirmative duty to engage in pretrial discovery in a responsible manner, consistent with the spirit and purposes of [discovery] rules 26 through 37." Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment.

Failing to engage in discovery risks sanctions, including payment of

requesting party's reasonable fees, barring evidence, and even dismissal of claims.[5] *Lute v. Sniff*, No. 517CV01722DSFSP, 2022 WL 4072036 (C.D. Cal. July 7, 2022), *report and recommendation adopted*, No. 517CV01722DSFSP, 2022 WL 4042469 (C.D. Cal. Sept. 1, 2022) (dismissing entire case with prejudice for failure to comply with discovery orders); *see also* Connecticut *Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095 (9th Cir. 2007) (affirming district court's imposition of terminating sanction for discovery violations).

Unless they can show that their failure to meaningfully participate in discovery is somehow justified, Plaintiffs are liable for, at least, the "reasonable expenses incurred [by 1 Hotel] in making the motion, including attorneys' fees." *Leprino Foods*, 2024 WL 650434, at *4 (Fed. R. Civ. P. 37(a)(5)(A) attorneys' fees awarded where motion to compel was granted and opposing party's conduct was not substantially justified); *see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) (burden is on the losing party to prove that its position was substantially justified to avoid award of attorney' fees under Fed. R. Civ. P. 37(a)(5)(A)).

**a. This Court should compel Plaintiffs' compliance with Fed. R. Civ. P. 26, 33 and 34.**

The case was filed nearly nine months ago. To date, Plaintiffs have failed to provide any basis for explaining how they calculated their damages demand and intend to support their claims. Plaintiffs' abject failure to prosecute their case and participate in discovery is inexcusable, and prejudices 1 Hotel's ability to defend itself against the claims. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460

---

[5] At this time, 1 Hotel is only seeking monetary sanctions. Should Plaintiffs continue their failure to prosecute their case or not participate in discovery, they should have their claims dismissed, and 1 Hotel reserves its right to seek such relief. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

F.3d 1217, 1227 (9th Cir. 2006) (highlighting that failure to produce documents is considered sufficient prejudice).

**i. Plaintiffs should be compelled to provide sufficient Rule 26(a)(1)(A)(iii) damages calculations.**

"Defendants are not required to compute damages, Rule 26 requires plaintiffs to do so." *Erhart v. BofI Holding, Inc.,* No. 15-CV-02287-BAS-NLS, 2022 WL 129696, at *4 (S.D. Cal. Jan. 13, 2022) (quoting *Villagomes v. Lab. Corp. of Am.*, 783 F. Supp. 2d 1121, 1129 (D. Nev. 2011). "[T]he 'computation' of damages required by Rule 26(a)(1)[(A)(iii)] contemplates some analysis," enough so that the opposing party can "understand the contours of its potential exposure and make informed decisions as to settlement and discovery." *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003).

Plaintiffs' *amended* Rule 26 disclosures – after repeated insistence by 1 Hotel to provide a computation of damages – is only a rote copy of its prayer for relief: "Plaintiffs seek monetary relief of actual damages in the amount of $2,000,000." Jaworski Decl., Ex. 4 at ¶ II(C). This statement has no analysis of the actual damages sought by Plaintiffs that would allow 1 Hotel to "understand the contours of its potential exposure." *Tutor-Saliba Corp.*, 218 F.R.D. at 221; *Spin Master, Ltd. v. Zobmondo Ent., LLC*, No. CV063459ABCPLAX, 2011 WL 13127349, n.12 (C.D. Cal. Sept. 15, 2011), *on reconsideration in part*, No. CV063459ABCPLAX, 2011 WL 13127211 (C.D. Cal. Oct. 13, 2011) ("category of 'actual damages' is meaningless as a 'category' because it says nothing about the type of actual damages sought.").

*Tutor-Saliba's* rejection of vague categorization of damages is instructive. In *Tutor-Saliba*, the court rejected the plaintiffs' aggregation of all compensatory damages for their claims, requiring instead that the plaintiffs distribute their damages among the several contracts at issue and among their separate claims. *Id.* at 221–22. This latter disclosure was critical because the plaintiffs' likely success on each claim

could vary, so the damages exposure for each claim would be crucial to defendants' assessment of the case. *Id*.

Plaintiffs' disclosures are even more vague than those in *Tutor-Saliba*. Without Plaintiffs providing any computation of the actual damages sought, 1 Hotel cannot effectively evaluate the components of Plaintiffs $2 million per plaintiff damages claim (or up to $6 million total damages claim), or the basis for the same. And, if Plaintiffs lack any actual damages (as 1 Hotel suspects), it should be able to promptly move for summary judgment.[6]

Indeed, failure to provide proper Rule 26 damages calculations may result in the exclusion of evidence of categories of damages that are computable. *Erhart*, 2022 WL 129696, at *4 (citing to Rule 37(c)(1) and holding that any evidence related to calculable damages was excluded). "Rule 37, in turn, provides that if a party fails to provide the information required by Rule 26, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.'" *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 981 (N.D. Cal. 2014) (quoting Fed. R. Civ. P. 37(c)(1)); s*ee also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106, n.1 (9th Cir. 2001) (Rule 37 forbids the use at trial of "any information required to be disclosed by Rule 26(a) that is not properly disclosed, unless the lack of disclosure had "substantial justification" or was "harmless."). At this time, Plaintiffs have not met their burden to provide a proper Rule 26 damages computation.

The Court should compel Plaintiffs to supplement their Rule 26 damages computation without undue delay, providing the specific categories of damages and the basis for each, on a per plaintiff basis, within 7 days. Without a prompt

---

[6] On February 14, 2024, 1 Hotel tendered Rule 68 Offers of Judgment to Plaintiffs Sunny Khachatryan, I.M., and B.A.J based on its analysis of the claims and damages at that time. Plaintiffs did not accept 1 Hotel's Offer, potentially exposing them to future payment of 1 Hotel's costs in this litigation. Fed. R. Civ. Pro. 68(d).

supplementation of the required detailed computation, Plaintiffs should be subject to the sanctions provided by Rule 37(c)(1), precluding the use of any evidence that may be used to support their request for relief.

**ii. This Court should compel Plaintiffs to fully respond to 1 Hotel's written discovery requests.**

"[T]he purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655 (C.D. Cal. 2005). "All discovery, and federal litigation generally, is subject to Rule 1, which directs that the rules 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Plaintiffs' deficient responses have required 1 Hotel to repeatedly follow up and request supplementation, only for the supplemented response to be equally deficient, needlessly causing delay and accrual of expenses.

Plaintiffs' responses to discovery are dilatory and unacceptable – the law is clear that blanket boilerplate objections are inappropriate. Even if Plaintiffs could assert legitimate objections to 1 Hotel's discovery requests "[g]eneral or boilerplate objections . . . are improper." *A. Farber & Partners, Inc.*, 234 F.R.D. at 188. Moreover, relevancy objections require an "explanation or argument why the requested documents are not relevant." *Id.* These general, repetitive objections are wholly inappropriate and evasive. "[A]ttempt[s] to evade disclosure through reliance on boilerplate objections is an abuse of the discovery process." *Marti v. Baires*, 1:08-CV-00653-AWI, 2012 WL 2029720, at *7 (E.D. Cal. June 5, 2012). This type of litigation tactic is not tolerated by the courts and may result in the imposition of sanctions. *Id.*

1 Hotel issued its interrogatories and requests for production on June 14, 2024. More than two months later, those discovery requests remain entirely outstanding. Plaintiffs have made one incomplete production of approximately 60 pages of

documents concerning only Plaintiff I.M.[7] All other categories of documents, including for Plaintiff I.M., remain outstanding, as do the production of any documents related to Plaintiffs B.A.J and Sunny Khachatryan, as well as responses to ***all*** of 1 Hotel's interrogatories. Plaintiffs must be made to produce all documents responsive to 1 Hotel's document requests, or to confirm that no such information exists, and provide substantive responses to all of 1 Hotel's interrogatories.

With fact discovery closing shortly, Plaintiffs failure to participate in the basic process of discovery is delaying 1 Hotel from deposing witnesses, engaging experts, and moving the defense of this case forward. Plaintiffs' conduct has made it "impossible for [defendants] to proceed to any imaginably fair trial," as we are nearly nine months into litigation, and 1 Hotel is still without the most basic information supporting Plaintiffs' claims of liability and theory of damages. *See Brown v. Hoops*, No. CV 11-5415-CAS DTB, 2013 WL 4854118, at *4 (C.D. Cal. Sept. 10, 2013) (quoting *Computer Task Grp. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004)).

This Court should compel Plaintiffs to fully answer Interrogatory Nos. 1-18 and produce all responsive information to RFP Nos. 1-13 within 14 days.

**iii. This Court should compel Plaintiff Sunny Khachatryan to appear for a deposition.**

Fed. R. Civ. P. 30 governs depositions by oral examination. Specifically, it provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)...." Fed. R. Civ. P. 30(a)(1). Additionally, "[a]ny party who wants to depose a person by oral questions must give reasonable notice to every other party...." Fed. R. Civ. P. 30(b)(1). 1 Hotel issued a Notice of Deposition for Plaintiff Sunny Khachatryan set for August 7,

---

[7] Plaintiffs' July 26, 2024 document production is limited to only certain contractual documents related to I.M and no other plaintiff. The RFPs are directed at all Plaintiffs, not just I.M. Thus, whichever unidentified RFP the limited production is responsive to is still incomplete, leaving Plaintiffs' responses to *all* RFPs substantively deficient.

2024. Not only did Sunny Khachatryan fail to appear for her deposition on August 7, but Plaintiffs have entirely failed to respond to a basic inquiry for mutually acceptable dates for Sunny Khachatryan's deposition. This Court should compel Plaintiff Sunny Khachatryan to sit for her deposition within 30 days of Plaintiffs' court ordered deadline to answer the written discovery in § IV(a)(ii).

**b. Fed. R. Civ. P. 37 sanctions are appropriate for Plaintiffs' repeated noncompliance in discovery and other dilatory actions.**

Fed. R. Civ. P. 37(a)(5)(A) states that if a "motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court ***must*** . . . require" the party or attorney "whose conduct necessitated the motion" to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" (emphasis added). Attorneys' fees under Rule 37(a)(5)(A) are mandatory, unless the compelled party meets one of the narrow exceptions. *See Morgan Hill Concerned Parents Assoc. v Cal. Dep't of Educ.*, No. 11-cv-3471-KJM (AC), 2016 WL 4375015, at *4 (E.D. Cal. Aug. 17, 2016) (noting mandatory nature of Rule 37(a)(5)(A)).

This Plaintiffs' overall dilatory behavior, failure to prosecute their own claims, an abject failure to meaningfully participate in discovery, as described above, is exactly the behavior Rule 37 seeks to deter and punish. The Court should not tolerate it and sanctions are appropriate. *See O. L. v. City of El Monte*, No. 220CV00797RGKJDE, 2021 WL 9721339, at *6 (C.D. Cal. Feb. 8, 2021) ("[r]efusal to properly and timely respond substantively to basic discovery requests, including a failure to appear at her deposition without justification, and repeated violations of the Local Rules, all to the detriment and prejudice of Defendant[], make an excusal of Plaintiffs' conduct not warranted here.").

Plaintiffs have no reasonable justification for their continuous refusal to participate in discovery and failure to respond to 1 Hotel's conferral requests. The Court should grant 1 Hotel's request for sanctions and attorneys' fees in bringing

this motion.

## V. CONCLUSION

In view of the above, 1 Hotel respectfully requests that the Court issue an Order**:**

(1) Compelling Plaintiffs to provide proper Rule 26(a)(1)(A)(iii) damages calculations within 7 days;

(2) Compelling Plaintiffs to provide substantive responses to each and every interrogatory (Interrog. Nos. 1-18) within 14 days;

(3) Compelling Plaintiffs to search for and produce all relevant documents responsive to all outstanding requests for production (RFP Nos. 1-13) within 14 days;

(4) Compelling Plaintiff Sunny Khachatryan to appear for a discovery deposition within 30 days of compliance with (1)-(3) above; and

(5) Granting 1 Hotel its reasonable expenses and attorneys' fees in bringing this motion under Fed. R. Civ. P. 37(a)(5)(A).

Dated: August 19, 2024

CLARK HILL PLC

By: *s/ Myriah V. Jaworski*
Myriah V. Jaworski

Attorneys for Defendant 1 HOTEL WEST HOLLYWOOD, L.L.C.