CLARK HILL PLC
Myriah V. Jaworski, Esq. (SBN 336898)
mjaworski@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone:   (619) 557-0404
Facsimile:   (619) 557-0460

Attorneys for Defendant 1 HOTEL WEST
HOLLYWOOD, L.L.C.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B.A.J., A MINOR; AND I.M., A MINOR,<br><br>                    Plaintiffs,<br><br>      v.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.,<br><br>                    Defendant. | Case No. 2:23-cv-10829<br><br>**DECLARATION OF MYRIAH V. JAWORSKI IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFFS' DISCOVERY RESPONSES AND THE DEPOSITION OF PLAINTIFF SUNNY KHACHATRYAN**<br><br>Discovery Cut-Off: 11/25/2024<br>Pre-Trial Conference: 4/7/2025<br>Trial: 4/29/2025<br>Hearing Date: 9/13/2024<br>Time: 9:30 a.m. |

I, Myriah V. Jaworski, declare under penalty of perjury as follow:

1.      I am a resident of the State of California.

2.      I am an attorney representing 1 Hotel West Hollywood, LLC ("1 Hotel") in this matter.

3.      I am of sound mind, I have personal knowledge of the matters set forth in this Declaration, and I have authority to make this Declaration on behalf of 1 Hotel.

4.    I attempted to confer with Plaintiffs' counsel regarding the relief sought in the present motion on numerous occasions, over a period of time ranging from at least May 9, 2024, through July 30, 2024.

**I.    Federal Rule 26(a)(1)(A)(iii) Damages Computation**

5.    On May 3, 2024, Plaintiffs issued its first Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures.

6.    On May 9, 2024, 1 Hotel sent its Local Rule 37-1 pre-filing conference letter related to Rule 26 disclosure deficiencies to Plaintiffs. Attached hereto as **Exhibit 2** is a true and correct copy of 1 Hotel's Local Rule 37-1 correspondence related to Rule 26 Initial Disclosure deficiencies.

7.    I made no less than four (4) additional requests for Plaintiffs to supplement their deficient Rule 26 disclosures. Attached hereto as **Exhibit 3** is a true and correct copy of an email chain with the most recent email sent by me on June 21, 2024.

8.    On June 21, 2024, Plaintiffs issued its second supplemental Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures. Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiffs' Second Supplemental Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures.

9.    I made an additional request for Plaintiffs to again supplement their deficient Rule 26 disclosures to include proper damages calculations, as required by Rule 26(a)(1)(A)(iii). Attached hereto as **Exhibit 5** is a true and correct copy of an email chain with the most recent email sent by me on July 12, 2024.

10.    Plaintiffs have failed to respond to 1 Hotel's Local Rule 37-1 requests or supplement their Rule 26 damages computation.

## II. Discovery Requests

### A. Interrogatories

11.     On June 14, 2024, 1 Hotel issued its First Set of Interrogatories. Attached hereto as **Exhibit 6** is a true and correct copy of 1 Hotel's First of Interrogatories.

12.     On July 16, 2024, Plaintiffs issued their responses to the Interrogatories, asserting blanket objections to each individual request. Attached hereto as **Exhibit 7** is a true and correct copy of Plaintiffs' Responses to 1 Hotel's First of Interrogatories.

13.     Plaintiffs have failed to provide substantive responses to all Interrogatories.

### B. Requests for Production of Documents

14.     On June 14, 2024, 1 Hotel issued its First Set of Requests for Production. Attached hereto as **Exhibit 8** is a true and correct copy of 1 Hotel's First of Request for Production.

15.     On July 16, 2024, Plaintiffs issued their responses to the Requests for Production, asserting blanket objections to each individual request. Attached hereto as **Exhibit 9** is a true and correct copy of Plaintiffs' Responses to 1 Hotel's First of Request for Production.

16.     One of Plaintiffs' blanket objections asserted in response to each Request for Production stated that the documents sought are confidential and will not be produced prior to the entry of a protective order.

17.     While 1 Hotel disputes that the information sought is confidential, it nonetheless prepared and proposed a draft protective order for Plaintiffs review on July 16, 2024 – Plaintiffs did not acknowledge or otherwise respond to the protective order. Attached hereto as **Exhibit 10** is a true and correct copy of 1 Hotel's proposed protective order.

DECLARATION OF MYRIAH V. JAWORSKI

18.     On July 26, 2024, Plaintiffs issued a small document production, responsive to only one Request for Production with the documents limited to only Plaintiff I.M, and without any formal response or specification detailing which request the documents were responsive to.

19.     Plaintiffs have only made the very limited document production on July 26, 2024, with the remainder of the Requests for Production lacking any substantive response.

20.     As of the date of this Declaration, the Discovery Requests remain largely unanswered.

## III.  Notice of Deposition

21.     On July 12, 2024, 1 Hotel issued a Notice of Deposition for Plaintiff Sunny Khachatryan set for August 7, 2024. Attached hereto as **Exhibit 11** is a true and correct copy of 1 Hotel's Notice of Deposition issued to Sunny Khachatryan.

22.     Plaintiffs have entirely failed to acknowledge receipt of the Notice of Deposition and did not present Sunny Khachatryan on August 7th.

23.     Plaintiffs further failed to provide potential alternative dates to present Sunny Khachatryan for her deposition and the deposition remains outstanding.

## IV.  C.D. Cal. Local Rule 37-1 Requests for Pre-Filing Conference

24.     On July 16, 2024, 1 Hotel sent its Local Rule 37-1 pre-filing conference letter to Plaintiffs. Attached hereto as **Exhibit 12** is a true and correct copy of 1 Hotel's Local Rule 37-1 correspondence related to written discovery deficiencies.

25.     On July 17, 2024, I sent a follow-up request to my July 16, 2024 Local Rule 37- letter requesting Plaintiffs' availability for a pre-filing conference.

26.     On July 19, 2024, I sent another follow-up request to my July 16, 2024 Local Rule 37- letter requesting Plaintiffs' availability for a pre-filing conference.

27.     On July 30, 2024, I made a final follow-up request to my July 16, 2024 letter to meet for a pre-filing conference, pursuant to Local Rule 37-1, and Plaintiffs' counsel failed to meet or otherwise respond. Attached hereto as **Exhibit 13** is a true

and correct copy of an email chain with the most recent email sent by me on July 30, 2024.

28.    As of the date of this Declaration, 1 Hotel has received neither Plaintiffs' supplemental substantive responses to outstanding Discovery Requests, nor any response to its requests to meet and confer.

29.    Plaintiffs' counsel's refusal to cooperate in the pre-filing conference procedure necessitates the filing of this Motion pursuant to Local Rule 37-2.4

I declare under penalty of perjury that the above is true and correct.


*AFFIANT FURTHER SAYETH NAUGHT.*


Executed this 19th day of August 2024.

_/s/ Myriah V. Jaworski_

Myriah V. Jaworski
Clark Hill PLC

CASE NO.: 2:23-CV-10829
DECLARATION OF MYRIAH V. JAWORSKI

# <u>Exhibit 1</u>

TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:   (424) 330-8580
Facsimile:    (315) 512-1465

BRIAN BLOOM (*pro hac vice*)
*bbloom@tarterkrinsky.com*
ELIEZER LEKHT (*pro hac vice*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for* Plaintiffs Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, an individual; TATEVIK KHACHATRYAN, an individual; B. A. J, a minor; and I.M, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C; and DOES 1 through 70, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-10829-ODW(Ex)<br><br>**PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S RULE 26(A)(1) INITIAL DISCLOSURES**<br><br>*Honorable Otis D. Wright II*<br>*Honorable Charles F. Eick*<br><br>Complaint Filed: December 27, 2023<br>Trial Date: April 29, 2025 |

1  Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs
2  SUNNY KHACHATRYAN, an individual ("S. Khachatryan"; TATEVIK
3  KHACHATRYAN, an individual ("T. Khachatryan"); B. A. J, a minor ("B.A.J.");
4  and I.M, a minor, ("I.M", collectively with S. Khachatryan; T. Khachatryan and
5  B.A.J, known as the "Plaintiffs"),  through  their  counsel, provides the following
6  initial disclosures. Plaintiffs reserve the right to amend, revise or supplement these
7  disclosures in supplemental disclosures served under Fed. R. Civ. P. Rules 26(a)(1)
8  or 26(e)(1), in written discovery responses, in deposition testimony, or by any other
9  means as the case progresses.

10  **I.    <u>PRELIMINARY STATEMENT</u>**

11  Plaintiffs' initial disclosures are based on information reasonably available to
12  Plaintiffs as of the date of these disclosures. Plaintiffs' pre-trial discovery,
13  investigation, and analysis have not been completed, and it is anticipated further
14  discovery, investigation, research, as well as the analysis of any existing discovery,
15  may supply additional facts, add meaning to known facts, or establish entirely new
16  factual conclusions. Plaintiffs reserve the right to amend or supplement these
17  disclosures in the event Plaintiffs subsequently discovers additional relevant facts,
18  information, or documents pursuant to Rule 26(e) of the Federal Rules of Civil
19  Procedure. By making these disclosures, Plaintiffs do not represent any particular
20  document exists within their possession, custody, or control.

21  The lists of witnesses and documents set forth herein are preliminary and are
22  neither intended nor represented to be final. Plaintiffs expressly reserve the right to
23  identify and call as witnesses persons in addition to those listed below if during
24  Plaintiffs' discovery and investigation, Plaintiffs discover additional persons with
25  knowledge of relevant facts and information.

26  Plaintiffs do not waive any applicable privileges, and specifically reserves
27  those privileges including, but not limited to, the attorney-client privilege and the
28  attorney work product doctrine. These disclosures are made subject to and without

1    limiting any of the foregoing reservations.

2    **II.    RULE 26(a)(1) INITIAL DISCLOSURES**

3        **A.    LIST OF WITNESSES**

4        Pursuant to Rule 26(a)(1)(A)(i)–The name and, if known, the address and

5    telephone number of each individual likely to have discoverable information–along

6    with the subjects of that information–that the disclosing party may use to support his

7    or her claims or defenses, unless the use would be solely for impeachment:

| Name of Person | Person's Address and Telephone Number | Description of What the Person Knows |
|---|---|---|
| **Sunny Khachatryan, an individual (Plaintiff)** | c/o TYLER R. DOWDALL, **TARTER KRINSKY & DROGIN LLP** 2029 Century Park East, Suite 400N Los Angeles, CA 90067 *tdowdall@tarterkrinsky.com* <br><br> BRIAN BLOOM (*pro hac vice*) *bbloom@tarterkrinsky.com* ELIEZER LEKHT (*pro hac vice*) *elekht@tarterkrinsky.com* **TARTER KRINSKY & DROGIN LLP** 1350 Broadway New York, New York 10018 Telephone: (212) 574-0350 Facsimile: (212) 216-8001 | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **Tatevik Khachatryan, an individual (Plaintiff)** | c/o TYLER R. DOWDALL, **TARTER KRINSKY & DROGIN LLP** 2029 Century Park East, Suite 400N Los Angeles, CA 90067 *tdowdall@tarterkrinsky.com* <br><br> BRIAN BLOOM (*pro hac vice*) *bbloom@tarterkrinsky.com* ELIEZER LEKHT (*pro hac vice*) | • Discoverable Knowledge regarding the allegations in the operative complaint |

3

*PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S RULE 26(A)(1) INITIAL DISCLOSURES*

Case No. 2:23-cv-10829-ODW(Ex)

| | | |
|---|---|---|
| | *elekht@tarterkrinsky.com* **TARTER KRINSKY & DROGIN LLP** 1350 Broadway New York, New York 10018 Telephone: (212) 574-0350 Facsimile: (212) 216-8001 | |
| **B.A.J., an minor (Plaintiff)** | c/o TYLER R. DOWDALL, **TARTER KRINSKY & DROGIN LLP** 2029 Century Park East, Suite 400N Los Angeles, CA 90067 *tdowdall@tarterkrinsky.com*  BRIAN BLOOM (*pro hac vice*) *bbloom@tarterkrinsky.com* ELIEZER LEKHT (*pro hac vice*) *elekht@tarterkrinsky.com* **TARTER KRINSKY & DROGIN LLP** 1350 Broadway New York, New York 10018 Telephone: (212) 574-0350 Facsimile: (212) 216-8001 | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **I.M., a minor (Plaintiff)** | c/o TYLER R. DOWDALL, **TARTER KRINSKY & DROGIN LLP** 2029 Century Park East, Suite 400N Los Angeles, CA 90067 *tdowdall@tarterkrinsky.com*  BRIAN BLOOM (*pro hac vice*) *bbloom@tarterkrinsky.com* ELIEZER LEKHT (*pro hac vice*) *elekht@tarterkrinsky.com* **TARTER KRINSKY & DROGIN LLP** 1350 Broadway New York, New York 10018 Telephone: (212) 574-0350 Facsimile: (212) 216-8001 | • Discoverable Knowledge regarding the allegations in the operative complaint |

4

*PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S RULE 26(A)(1) INITIAL DISCLOSURES*

Case No. 2:23-cv-10829-ODW(Ex)

| Person Most Knowledgeable at SH Hotels & Resorts, (Person Most Knowledgeable for Defendants) | c/o Defendants' counsel of record | • Discoverable Knowledge regarding the allegations in the operative complaint |
|---|---|---|

## B.    LIST OF DOCUMENTS AND THINGS

Plaintiffs identify the following categories of documents that Plaintiffs presently believe they may use to support their claims.  This information is based on Plaintiffs' investigation to date, which is ongoing and Plaintiffs specifically reserve the right to identify additional categories and locations of documents as discovery proceeds:

| Category of Documents | Location of Documents |
|---|---|
| • Documents relating to Defendants' defenses.<br>• Documents relating to Defendants' posting and use of the photograph;<br>• Inventory and sales of the products depicted in the photograph<br>• Defendants' internal communications regarding use of the photographs | SH Hotels & Resorts<br>c/o Clark Hill LLP<br>600 West Broadway, Suite 500<br>San Diego CA 92101 |
| • Documents relating to Plaintiffs' modeling work | c/o Tarter Krinsky & Drogin, LLP<br>2029 Century Park East, Suite 400N<br>Los Angeles, CA 90067 |

Plaintiffs expressly reserve the right to amend or supplement these responses to reflect information acquired through discovery or other means.

## C.    PLAINTIFFS/CLAIMANTS: DAMAGES CALCULATION

Rule 26(a)(1)(A)(iii)–A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material (unless privileged or protected from disclosure) on which each computation is based, including materials

5

*PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S RULE 26(A)(1) INITIAL DISCLOSURES*

Case No. 2:23-cv-10829-ODW(Ex)

1  bearing on the nature and extent of injuries suffered:

2      Plaintiffs seek monetary relief.

3      **D.**    **DEFENDANT(S): LIABILITY INSURANCE**

4      Rule 26(a)(1)(A)(iv)–For inspection and copying as under Rule 34, any

5  insurance agreement under which an insurance business may be liable to satisfy all or

6  part of a possible judgment in the action or to indemnify or reimburse for payments

7  made to satisfy the judgment:

8      Plaintiffs are unaware of any insurance.

9  **III.**  **CERTIFICATION**

10      The undersigned counsel certifies under Rule 26(g)(1)(A) to the best of their

11  knowledge, information, and belief, formed after a reasonable inquiry, that these

12  disclosures are complete and correct as of this date.

14      *(Attorney signatures on following page)*

*PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S RULE 26(A)(1) INITIAL DISCLOSURES*

Case No. 2:23-cv-10829-ODW(Ex)

1    DATED:  May 3, 2024        **TARTER KRINSKY & DROGIN LLP**

2

3                         By:      */s/ Tyler R. Dowdall*

                              Tyler R. Dowdall, State Bar No. 258950

4                           *tdowdall@tarterkrinsky.com*

                          Renata A. Guidry, State Bar No. 227713

5                           *rguidry@tarterkrinsky.com*

6                           **TARTER KRINSKY & DROGIN LLP**

                          2029 Century Park East, Suite 400N

7                           Los Angeles, California 90067

8                           Telephone:    (424) 330-8580

                          Facsimile:    (315) 512-1465

9

10                         Brian Bloom (*pro hac vice*)

                          *bbloom@tarterkrinsky.com*

11                         Eliezer Lekht (*pro hac vice*)

                          *elekht@tarterkrinsky.com*

12                         **TARTER KRINSKY & DROGIN LLP**

13                         1350 Broadway

                          New York, New York 10018

14                         Telephone: (212) 574-0350

15                         Facsimile: (212) 216-8001

16

17                         *Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor

18

19

20

21

22

23

24

25

26

27

28

*PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S RULE 26(A)(1) INITIAL DISCLOSURES*

Case No. 2:23-cv-10829-ODW(Ex)

## CERTIFICATE OF SERVICE

**SUNNY KHACHATRYAN, an individual, et al. v. 1 HOTEL WEST HOLLYWOOD, L.L.C**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 400N, Los Angeles, CA 90067.

On May 3, 2024, I served true copies of the following document(s) described as **PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S RULE 26(A)(1) INITIAL DISCLOSURES** on the interested parties in this action as follows:

| | |
|---|---|
| CLARK HILL LLP | Attorneys for Defendants 1 |
| Myriah Jaworski | HOTEL WESTHOLLYWOOD, |
| mjaworski@clarkhill.com | L.L.C.; SH GROUP |
| One America Plaza | OPERATIONS, L.L.C.; |
| 600 West Broadway, Suite 500 | SH GROUP GLOBAL IP |
| San Diego, CA 92101 | HOLDINGS, L.L.C. |
| Telephone: (619) 557-0404 | |
| Facsimile:  (619) 557-0460 | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of thedocument(s) to be sent from e-mail address BGenser@tarterkrinsky.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 3, 2024, at Los Angeles, California.

*/s/ Brooke M. Genser*
Brooke M. Genser

# **<u>Exhibit 2</u>**



Nicolas V. Dolce
D (312) 360-2113
Email:ndolce@clarkhill.com

Clark Hill
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
T (312) 985-5900
F (312) 985-5999

May 9, 2024

**<u>VIA EMAIL ONLY</u>**
Tyler R. Dowdall, tdowdall@tarterkrinsky.com
Renata A. Guidry, rguidry@tarterkrinsky.com
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N
Los Angeles, California 90067

Brian Bloom, bbloom@tarterkrinsky.com
Eliezer Lekht, elekht@tarterkrinsky.com
Tarter Krinsky & Drogin LLP
1350 Boradway
New York, New York 10018

> **Re:** **Discovery Deficiency Correspondence L.R. 37-1 Correspondence**
> *Sunny Khachatryan, et. al. v. 1 Hotel West Hollywood, LLC, et. al.*
> Case No. 2:23-cv-10829-ODW (C.D. Cal.)

Dear Counsel:

We write to pursuant to Local Rule 37-1 and Fed. R. Civ. P. 37, to request Plaintiffs supplementation of the deficiencies in their Rule 26(a)(1) Initial Disclosures ("Disclosures") served on Defendants on May 3, 2024.

**Pursuant to Local Rule 37-1, by May 17, 2024, please supplement the necessary initial information requested in this correspondence.**

***

Under Fed. R. Civ. P. 26(a)(1)(A)(i), Plaintiffs have a duty to disclose the identity, contact information, and subjects of information of all potential witnesses with knowledge concerning any allegations contained in the Complaint. Plaintiffs' Disclosures are incomplete as provided and fail to fully disclose all persons who have knowledge relevant to Plaintiffs' allegations related to third parties with whom Plaintiffs B.A.J. and I.M. ("Minor Plaintiffs") purportedly have contractual business agreements with.

*Sunny Khachatryan, et. al. v. 1 Hotel West Hollywood, LLC, et. al.*
*Case No. 2:23-cv-10829-ODW (C.D. Cal.)* – L.R. 37-1 Correspondence
May 9, 2024
Page 2

Plaintiffs' Complaint contains a number of allegations referencing purported branding deals, modeling contracts, talent representations, endorsements, and more. Specifically, Defendants request Plaintiffs supplement the following information in accordance with Fed. R. Civ. P. 26(e):

- The identity and contact information of any third-party representative(s) with knowledge of the Minor Plaintiffs' appearance in "television commercials, print ads, and other paid commercial uses of their images and likeness". *See* Compl. ¶ 5.

- The identity and contact information of any third-party representative(s) from Adidas with knowledge of the Minor Plaintiffs' purported modeling contracts with Adidas. *See* Compl. ¶ 5.

- The identity and contact information of all third-party "talent agents" and "talent management" representatives the Minor Plaintiffs have been represented by within the last five (5) years. *See* Compl. ¶ 6.

- The identity and contact information of any third-party representative(s) with knowledge of the Minor Plaintiffs' consideration for a "multi-million-dollar hotel endorsement". *See* Compl. ¶ 7.

- The identity and contact information of any third-party representative(s) with knowledge of the Minor Plaintiffs' consideration for the alleged multiple modeling contracts for "several five-star hotel chains". *See* Compl. ¶ 7.

Defendants' request for supplementation of information required by Rule 26(a)(1) is readily and easily accessible, and necessary for Defendants to fully investigate Plaintiffs' claims and alleged damages. Thus, Plaintiffs' voluntary provision of this information will avoid unnecessary discovery costs for both parties. Please supplement this information pursuant to LR 37-1, by no later than May 17, 2024. If you believe conferral is necessary, please propose some dates and times you are available for the week of May 13, 2024.

*** 

Sincerely,

*/s/ Nicolas V. Dolce*

Nicolas V. Dolce

# **<u>Exhibit 3</u>**

**Dolce, Nicolas**

---

| | |
|---|---|
| **From:** | Jaworski, Myriah |
| **Sent:** | Friday, June 21, 2024 12:25 PM |
| **To:** | Tyler R. Dowdall; Brian A. Bloom; Dolce, Nicolas |
| **Cc:** | Eliezer Lekht; Lisa Niewdach; Patel, Chirag; Brooke Genser |
| **Subject:** | RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence |

All –

As required by Rule 26(a)(iii), please provide Plaintiffs computation of damages to us by COB today.

Thanks,
Myriah

---

**From:** Jaworski, Myriah
**Sent:** Tuesday, June 18, 2024 12:09 PM
**To:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>; Brooke Genser <bgenser@tarterkrinsky.com>
**Subject:** RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Brian and Tyler,

We are in receipt of the Plaintiffs updated initial disclosures, and intend to send out third party discovery this week.

First, I note that none of the disclosures appear to be of hotel chains/brands, as we would have expected in light of paragraph 7 of the Complaint's allegation of "multi million dollar hotel endorsement and modeling contracts for several five-star hotel chains." Please confirm that Plaintiffs do not have any hotel brands or chains to disclose.

Second, Plaintiffs supplemental disclosures still do not comply with Rule 26(a)(iii)'s requirement for a "computation of each category of damages claimed." Please provide this computation to us not later than this Friday, June 21.

Defendant reserves all rights, including under Rule 37, to move to prohibit the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.

Thanks,
Myriah

---

**From:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>
**Sent:** Tuesday, June 11, 2024 12:25 AM
**To:** Jaworski, Myriah <mjaworski@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>; Brooke Genser <bgenser@tarterkrinsky.com>
**Subject:** RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

**[External Message]**

Myriah,

Please see the attached.  We'll formally serve this tomorrow.



**Tyler R. Dowdall|Partner**
T: 424-330-8580|F: 212-216-8001
tdowdall@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N|Los Angeles|CA|90067
www.tarterkrinsky.com|LinkedIn

*Crain's 2023 best places to work in NYC*

**From:** Jaworski, Myriah <mjaworski@clarkhill.com>
**Sent:** Monday, June 10, 2024 8:40 AM
**To:** Brian A. Bloom <bbloom@tarterkrinsky.com>; Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** [EXT] RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Brian – we expect the updated supplemental disclosures from plaintiffs by COB today.

Thanks,
Myriah

**From:** Brian A. Bloom <bbloom@tarterkrinsky.com>
**Sent:** Thursday, June 6, 2024 12:24 PM
**To:** Jaworski, Myriah <mjaworski@clarkhill.com>; Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>
**Subject:** RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

**[External Message]**

Myriah –

We just received the requested information from our clients this week and will be sending over supplemental disclosures to you shortly.  We apologize for the delay but do not believe your client has been harmed.  We certainly conducted our due diligence before filing our Complaint.  Your client certainly did NOT take appropriate precautions before using our minor client's images publicly for its own commercial gain.

All rights remain reserved.
All the best,
Brian

**Brian A. Bloom|Partner**



T: 212-574-0350|T: 516-464-3570|M: 516-330-8123
bbloom@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2023 best places to work in NYC*

**From:** Jaworski, Myriah <mjaworski@clarkhill.com>
**Sent:** Thursday, June 6, 2024 12:19 PM
**To:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** [EXT] RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Brian,

One month ago, on May 9, we wrote to you to request that the Khachatryan plaintiffs update their initial disclosures to include the identities and contact information for the branding deals, modeling contracts, and talent agents with whom the minor children allegedly have contracts – including specifically the identity of those involved in consideration of the minors' "multi-million dollar hotel endorsement" and contacts with "several five star hotel chains." Compl'l. ¶ 7.  As you know, this information is the basis for Plaintiffs' claims, and specifically their calculation of potential damages.   This information is discoverable, relevant, and fundamental to SH Group's defenses.

On May 21 we followed up regarding the status of this information, and specifically asked to meet and confer on the issue.  We were told that you were "waiting for further information from the clients" and would respond to us shortly.  On May 27, we followed up again regarding our request, and have not received a response from you.

**There is no justification for your failure to provide this information to us.**   First, this information should already be known to you in connection with your Rule 11 and other ethical obligations to conduct due diligences on these third-party contracts **before** including such allegations in the complaint.  *See Refac Int'l, Ltd. v. Hitachi Ltd.*, 141 F.R.D. 281 (C.D. Cal. 1991) (finding that counsel violated its affirmative duty to investigate before a paper is filed with the court and sanctions were expressly required under Rule 11); *see also Truesdell v. S. Calif. Permanente Med. Group,* 209 F.R.D. 169, 173-73 (C.D. Cal. 2002). Thus, this information should be within your possession, readily available and capable of disclosure, and not something that is only now being "run down" by you with your clients.

Second, your failure to timely provide this information is also harmful to SH Group, which has the right to investigate these allegations, present a defense, and prepare for trial.  As you know, the parties are subject to the Court's ordered discovery schedule, which includes a Fall 2024 fact discovery cut-off date.  Among other things, your failure to timely disclose this information is preventing SH Group from serving necessary third-party document requests, interrogatories and deposition notices.

Thus, I am writing for a final time to request that Plaintiffs supplement their initial disclosures as requested by SH Group's May 9 correspondence, no later than close of business on **Monday, June 10**.

SH Group reserves all rights and remedies regarding this issue, including the right to seek discovery and case-dispositive sanctions and Rule 11 sanctions against all counsel of record.

Thanks,
Myriah

**From:** Jaworski, Myriah
**Sent:** Wednesday, May 29, 2024 1:07 PM
**To:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Tyler,

When can we expect this information?

Thanks,
Myriah

---

**From:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>
**Sent:** Tuesday, May 21, 2024 12:14 PM
**To:** Dolce, Nicolas <ndolce@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Jaworski, Myriah <mjaworski@clarkhill.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

**[External Message]**

Nicolas,

Thanks for the follow up.

We are waiting for further information from the clients and will get back to you.

Thanks,



**Tyler R. Dowdall|Partner**
T: 424-330-8580|F: 212-216-8001
tdowdall@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N|Los Angeles|CA|90067
www.tarterkrinsky.com|LinkedIn

*Crain's 2023 best places to work in NYC*

**From:** Dolce, Nicolas <ndolce@clarkhill.com>
**Sent:** Tuesday, May 21, 2024 8:20 AM
**To:** Brian A. Bloom <bbloom@tarterkrinsky.com>
**Cc:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Jaworski, Myriah <mjaworski@clarkhill.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** [EXT] RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Counsel,

I am following up on Defendants' previously issued discovery correspondence, reattached here for convenience. Given the lack of response to Defendants' correspondence, we request to meet and confer on Plaintiffs' deficient disclosures. Please propose some dates and times that you are available to confer either this week or next.

Respectfully,

**Nicolas V. Dolce**
Attorney at Law
**Clark Hill**
130 E. Randolph Street, Suite 3900, Chicago, IL 60601
+1 312.360.2113 (office) | +1 312.517.7580 (fax)
ndolce@clarkhill.com | www.clarkhill.com

---

**From:** Dolce, Nicolas
**Sent:** Thursday, May 9, 2024 12:22 PM
**To:** Brian A. Bloom <bbloom@tarterkrinsky.com>
**Cc:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Jaworski, Myriah <mjaworski@clarkhill.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Counsel,

Pursuant to Local Rule 37-1, please find attached Defendants' discovery correspondence concerning deficiencies in Plaintiffs' Rule 26 initial disclosures.

Respectfully,

**Nicolas V. Dolce**
Attorney at Law
**Clark Hill**
130 E. Randolph Street, Suite 3900, Chicago, IL 60601
+1 312.360.2113 (office) | +1 312.517.7580 (fax)
ndolce@clarkhill.com | www.clarkhill.com

---

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

---

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

# Exhibit 4

1 | TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
2 | RENATA A. GUIDRY, State Bar No. 227713
*rguidry@tarterkrinsky.com*
3 | **TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
4 | Los Angeles, California 90067
Telephone:  (424) 330-8580
5 | Facsimile:   (315) 512-1465

6 | BRIAN BLOOM (*pro hac vice*)
*bbloom@tarterkrinsky.com*
7 | ELIEZER LEKHT (*pro hac vice*)
*elekht@tarterkrinsky.com*
8 | **TARTER KRINSKY & DROGIN LLP**
1350 Broadway
9 | New York, New York 10018
Telephone: (212) 574-0350
10 | Facsimile: (212) 216-8001

11 | *Attorneys for* Plaintiffs Sunny
Khachatryan, Tatevik Khachatryan, B.A.J,
12 | a minor and I.M, a minor

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUNNY KHACHATRYAN, an individual; TATEVIK KHACHATRYAN, an individual; B. A. J, a minor; and I.M, a minor, | CASE NO. 2:23-cv-10829-ODW(Ex) |
| Plaintiffs, | **PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S SECOND SUPPLEMENTAL RULE 26(A)(1) INITIAL DISCLOSURES** |
| vs. | |
| 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C; and DOES 1 through 70, inclusive, | *Honorable Otis D. Wright II*
*Honorable Charles F. Eick* |
| Defendants. | Complaint Filed: December 27, 2023
Trial Date: April 29, 2025 |

1

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs SUNNY KHACHATRYAN, an individual ("S. Khachatryan"; TATEVIK KHACHATRYAN, an individual ("T. Khachatryan"); B. A. J, a minor ("B.A.J."); and I.M, a minor, ("I.M", collectively with S. Khachatryan; T. Khachatryan and B.A.J, known as the "Plaintiffs"),  through  their  counsel, provides the following initial disclosures. Plaintiffs reserve the right to amend, revise or supplement these disclosures in supplemental disclosures served under Fed. R. Civ. P. Rules 26(a)(1) or 26(e)(1), in written discovery responses, in deposition testimony, or by any other means as the case progresses.

## I.    **PRELIMINARY STATEMENT**

Plaintiffs' initial disclosures are based on information reasonably available to Plaintiffs as of the date of these disclosures. Plaintiffs' pre-trial discovery, investigation, and analysis have not been completed, and it is anticipated further discovery, investigation, research, as well as the analysis of any existing discovery, may supply additional facts, add meaning to known facts, or establish entirely new factual conclusions. Plaintiffs reserve the right to amend or supplement these disclosures in the event Plaintiffs subsequently discovers additional relevant facts, information, or documents pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. By making these disclosures, Plaintiffs do not represent any particular document exists within their possession, custody, or control.

The lists of witnesses and documents set forth herein are preliminary and are neither intended nor represented to be final. Plaintiffs expressly reserve the right to identify and call as witnesses persons in addition to those listed below if during Plaintiffs' discovery and investigation, Plaintiffs discover additional persons with knowledge of relevant facts and information.

Plaintiffs do not waive any applicable privileges, and specifically reserves those privileges including, but not limited to, the attorney-client privilege and the attorney work product doctrine. These disclosures are made subject to and without

2

1 limiting any of the foregoing reservations.

2 **II.**    **RULE 26(a)(1) INITIAL DISCLOSURES**

3    **A.**    **LIST OF WITNESSES**

4    Pursuant to Rule 26(a)(1)(A)(i)–The name and, if known, the address and

5 telephone number of each individual likely to have discoverable information–along

6 with the subjects of that information–that the disclosing party may use to support his

7 or her claims or defenses, unless the use would be solely for impeachment:

| Name of Person | Person's Address and Telephone Number | Description of What the Person Knows |
|---|---|---|
| **Sunny Khachatryan, an individual (Plaintiff)** | c/o TYLER R. DOWDALL *tdowdall@tarterkrinsky.com* RENATA A. GUIDRY *rguidry@tarterkrinsky.com* **TARTER KRINSKY & DROGIN LLP** 2029 Century Park East, Suite 400N Los Angeles, CA 90067<br><br>BRIAN BLOOM (*pro hac vice*) *bbloom@tarterkrinsky.com* ELIEZER LEKHT (*pro hac vice*) *elekht@tarterkrinsky.com* **TARTER KRINSKY & DROGIN LLP** 1350 Broadway New York, New York 10018 Telephone: (212) 574-0350 Facsimile: (212) 216-8001 | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **Tatevik Khachatryan, an individual (Plaintiff)** | c/o TYLER R. DOWDALL *tdowdall@tarterkrinsky.com* RENATA A. GUIDRY *rguidry@tarterkrinsky.com* **TARTER KRINSKY & DROGIN LLP** 2029 Century Park East, Suite 400N Los Angeles, CA 90067<br><br>BRIAN BLOOM (*pro hac vice*) *bbloom@tarterkrinsky.com* ELIEZER LEKHT (*pro hac vice*) | • Discoverable Knowledge regarding the allegations in the operative complaint |

3

| | | |
|---|---|---|
| | *elekht@tarterkrinsky.com*<br>**TARTER KRINSKY & DROGIN LLP**<br>1350 Broadway<br>New York, New York 10018<br>Telephone: (212) 574-0350<br>Facsimile: (212) 216-8001 | |
| **B.A.J., an minor (Plaintiff)** | c/o TYLER R. DOWDALL<br>*tdowdall@tarterkrinsky.com*<br>RENATA A. GUIDRY<br>*rguidry@tarterkrinsky.com*<br>**TARTER KRINSKY & DROGIN LLP**<br>2029 Century Park East, Suite 400N<br>Los Angeles, CA 90067<br><br>BRIAN BLOOM (*pro hac vice*)<br>*bbloom@tarterkrinsky.com*<br>ELIEZER LEKHT (*pro hac vice*)<br>*elekht@tarterkrinsky.com*<br>**TARTER KRINSKY & DROGIN LLP**<br>1350 Broadway<br>New York, New York 10018<br>Telephone: (212) 574-0350<br>Facsimile: (212) 216-8001 | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **I.M., a minor (Plaintiff)** | c/o TYLER R. DOWDALL<br>*tdowdall@tarterkrinsky.com*<br>RENATA A. GUIDRY<br>*rguidry@tarterkrinsky.com*<br>**TARTER KRINSKY & DROGIN LLP**<br>2029 Century Park East, Suite 400N<br>Los Angeles, CA 90067<br><br>BRIAN BLOOM (*pro hac vice*)<br>*bbloom@tarterkrinsky.com*<br>ELIEZER LEKHT (*pro hac vice*)<br>*elekht@tarterkrinsky.com*<br>**TARTER KRINSKY & DROGIN LLP**<br>1350 Broadway<br>New York, New York 10018<br>Telephone: (212) 574-0350<br>Facsimile: (212) 216-8001 | • Discoverable Knowledge regarding the allegations in the operative complaint |

4

*PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S SECOND SUPPLEMENTAL RULE 26(A)(1) INITIAL DISCLOSURES*

Case No. 2:23-cv-10829-ODW(Ex)

| | | |
|---|---|---|
| **Stephanie Berland – Publicis New York** | DDO Agency<br>Att: Marlene Sutton<br>VIA E-MAIL:<br>marlene@ddoagency.com | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **Recess Studios LLC** | Recess Studios LLC<br>350 SE Mill St.<br>Portland, OR 97214 | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **Dick's Sporting Goods, Inc.** | Principal/Mailing Address:<br>345 Court Street<br>Coraopolis, PA 15108<br><br>California Registered Agent SOP:<br>1505 Corporation<br>CSC - LAWYERS INCORPORATING SERVICE<br>2710 GATEWAY OAKS DRIVE, SACRAMENTO, CA | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **The Gap, Inc.** | Principal:<br>2 Folsom Street<br>San Francisco, California 94105<br><br>Mailing Address:<br>PO Box 27809; Attn: Annual Reports<br>Albuquerque, New Mexico 87125<br><br>CA Agent SOP:<br>1505 Corporation<br>CT Corporation System<br>330 N. Brand Blvd.<br>Glendale, California | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **Talent Agent: Celith Santiago** | Contact information unknown; Plaintiff will supplement this disclosure should contact information be obtained. | • Discoverable Knowledge regarding the allegations in the operative |

5

| | | complaint |
|---|---|---|
| **Boot Barn, Inc.** | Principal/Mailing Address:<br>15345 Barranca Parkway<br>Irvine, CA 92618<br>Phone: 949.453.4400<br>Fax: 949.453.4401<br><br>CA Agent SOP:<br>1505 Corporation<br>CSC - LAWYERS INCORPORATING SERVICE<br>2710 Gateway Oaks Drive<br>Sacramento, CA | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **Levi Strauss & Co.** | Principal/Mailing Address:<br>1155 Battery Street<br>San Francisco, California 94111 | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **Mhair Zeitounian, Reload Management** | Reload Management<br>(818) 636-6813<br>mhair@reloadmanagement.com | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **Abercrombie & Fitch Management Co.** | Principal/Mailing Address:<br>6301 Fitch Path<br>New Albany, Ohio 43054<br><br>CA Agent SOP:<br>330 N. Brand Blvd.<br>Glendale, California | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **What's Your Starch LLC as agent for Starch Creative, LT, Adidas, and other third party companies** | Principal/Mailing Address/CA Agent SOP:<br>1010 W. 17th St.<br>Costa Mesa, California 92627 | • Discoverable Knowledge regarding the allegations in the operative complaint |

*PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S SECOND SUPPLEMENTAL RULE 26(A)(1) INITIAL DISCLOSURES*

Case No. 2:23-cv-10829-ODW(Ex)

| | | |
|---|---|---|
| **Amsel, Eisenstadt, Frazier & Hinojosa Inc ("AEFH")** | Katie Kessler<br>Assistant to Nicole Jolley, Milton Perea & Katelyn Giroux<br>Amsel, Eisenstadt, Frazier & Hinojosa Inc.<br>5055 Wilshire Blvd. Suite 865<br>Los Angeles, CA 90036<br>o- 323-939-1188 x.1021<br>f- 323-939-0630<br>assistant@aefhtalent.com<br><br>CA Agent SOP:<br>Michael E. Eisenstadt<br>5055 Wilshire Blvd. Suite 865<br>Los Angeles, CA 90036 | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **LA MODELS JUNIOR** | Jackie Hau<br>Director \| Junior Division<br>7700 West Sunset Blvd.<br>Los Angeles, CA 90046<br>P: 323 436 7700<br>C: 323 352 4187 | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **LA TALENT** | Jeremy Apody / Director of Youth Talent<br>7700 W Sunset Blvd<br>Los Angeles, CA 90046<br>P: 323-436-7777 Ext. 2046 F: 323-436-7788<br>japody@latalent.com | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **PALOMA MODELS AND TALENT** | Paloma Jackson<br>323-800-7500<br>paloma@palomamodelandtalent.com | • Discoverable Knowledge regarding the allegations in the operative complaint |
| **DDO KIDS** | Bri Curtis<br>Youth Division Agent<br>P:323-462-8000<br>bri@ddoagency.com | • Discoverable Knowledge regarding the allegations in the operative complaint |

*PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S SECOND SUPPLEMENTAL RULE 26(A)(1) INITIAL DISCLOSURES*
Case No. 2:23-cv-10829-ODW(Ex)

| | 4605 Lankershim Blvd, Suite 340, North Hollywood, CA 91602 | |
|---|---|---|
| **Person Most Knowledgeable at SH Hotels & Resorts, (Person Most Knowledgeable for Defendants)** | c/o Defendants' counsel of record | • Discoverable Knowledge regarding the allegations in the operative complaint |

## B.    LIST OF DOCUMENTS AND THINGS

Plaintiffs identify the following categories of documents that Plaintiffs presently believe they may use to support their claims. This information is based on Plaintiffs' investigation to date, which is ongoing and Plaintiffs specifically reserve the right to identify additional categories and locations of documents as discovery proceeds:

| Category of Documents | Location of Documents |
|---|---|
| • Documents relating to Defendants' defenses.<br>• Documents relating to Defendants' posting and use of the photograph;<br>• Inventory and sales of the products depicted in the photograph<br>• Defendants' internal communications regarding use of the photographs | SH Hotels & Resorts<br>c/o Clark Hill LLP<br>600 West Broadway, Suite 500<br>San Diego CA 92101 |
| • Documents relating to Plaintiffs' modeling work | c/o Tarter Krinsky & Drogin, LLP<br>2029 Century Park East, Suite 400N<br>Los Angeles, CA 90067 |

Plaintiffs expressly reserve the right to amend or supplement these responses to reflect information acquired through discovery or other means.

8

### C.     <u>PLAINTIFFS/CLAIMANTS: DAMAGES CALCULATION</u>

Rule 26(a)(1)(A)(iii)–A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material (unless privileged or protected from disclosure) on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

Plaintiffs seek monetary relief of actual damages in the amount of $2,000,000.

### D.     <u>DEFENDANT(S): LIABILITY INSURANCE</u>

Rule 26(a)(1)(A)(iv)–For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Plaintiffs are unaware of any insurance.

### III.     <u>CERTIFICATION</u>

The undersigned counsel certifies under Rule 26(g)(1)(A) to the best of their knowledge, information, and belief, formed after a reasonable inquiry, that these disclosures are complete and correct as of this date.

*(Attorney signatures on following page)*

DATED:  June 21, 2024          **TARTER KRINSKY & DROGIN LLP**

By:       */s/ Brian Bloom*
Tyler R. Dowdall, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
Renata A. Guidry, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:    (424) 330-8580
Facsimile:    (315) 512-1465

Brian Bloom (*pro hac vice*)
*bbloom@tarterkrinsky.com*
Eliezer Lekht (*pro hac vice*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor

*PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S SECOND SUPPLEMENTAL RULE 26(A)(1) INITIAL DISCLOSURES*
Case No. 2:23-cv-10829-ODW(Ex)

**<ins>CERTIFICATE OF SERVICE</ins>**
**SUNNY KHACHATRYAN, an individual, et al. v. 1 HOTEL WEST HOLLYWOOD, L.L.C**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 400N, Los Angeles, CA 90067.

On June 21, 2024, I served true copies of the following document(s) described as **PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S SECOND SUPPLEMENTAL RULE 26(A)(1) INITIAL DISCLOSURES** on the interested parties in this action as follows:

| | |
|---|---|
| CLARK HILL LLP | Attorneys for Defendants 1 |
| Myriah Jaworski | HOTEL WESTHOLLYWOOD, |
| mjaworski@clarkhill.com | L.L.C.; SH GROUP |
| One America Plaza | OPERATIONS, L.L.C.; |
| 600 West Broadway, Suite 500 | SH GROUP GLOBAL IP |
| San Diego, CA 92101 | HOLDINGS, L.L.C. |
| Telephone: (619) 557-0404 | |
| Facsimile:  (619) 557-0460 | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address BGenser@tarterkrinsky.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 21, 2024, at Los Angeles, California.

_/s/ Brooke M. Genser_____
Brooke M. Genser

11

# Exhibit 5

**Dolce, Nicolas**

| | |
|---|---|
| **From:** | Jaworski, Myriah |
| **Sent:** | Friday, July 12, 2024 10:43 AM |
| **To:** | Tyler R. Dowdall; Brian A. Bloom; Dolce, Nicolas |
| **Cc:** | Eliezer Lekht; Lisa Niewdach; Patel, Chirag; Brooke Genser |
| **Subject:** | Khachatryan v. SH Group - Discovery, Disclosures, Notice of Depo |
| **Attachments:** | SH Group- Dep Notice_S.Khachatryan.pdf |

Counsel,

First, we look forward to Plaintiffs responses and production to defendants discovery demands, which are due July 15.

Next, attached is a notice of deposition for Sunny Khachatryan, which is being served today.  We would like to schedule her deposition in early August.  Please provide us with some proposed dates.

Last, Plaintiffs' damages disclosures under Rule 26(a)(1)(A)(iii) remain incomplete.

Plaintiffs' Second Supplemental Rule 26 Initial Disclosures simply states: **"Plaintiffs seek monetary relief of actual damages in the amount of $2,000,000"** – this is defective under law. *Spin Master, Ltd. v. Zobmondo Ent., LLC*, No. CV063459ABCPLAX, 2011 WL 13127349, n.12 (C.D. Cal. Sept. 15, 2011), *on reconsideration in part*, No. CV063459ABCPLAX, 2011 WL 13127211 (C.D. Cal. Oct. 13, 2011) ("category of 'actual damages' is meaningless as a 'category' because it says nothing about the type of actual damages sought.").

Rule 26 computations require that the Plaintiff provide an analysis of alleged damages; enough so that the opposing party can "understand the contours of its potential exposure and make informed decisions as to settlement and discovery." *City & Cty. of San Francisco v. Tutor-Saliba Corp*., 218 F.R.D. 219, 221 (N.D. Cal. 2003); see also *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) (finding insufficient disclosure of damages based on "lost referrals" because the plaintiff provided "no computation whatsoever" for that category).

The lump sum total provided by Plaintiffs is improper, and Defendant is unable to properly analyze the alleged claims and damages exposure – an approach which has been explicitly rejected by courts. *See Tutor-Saliba Corp*., 218 F.R.D. at 221–22 (rejecting plaintiffs' aggregation of all compensatory damages for all claims, requiring instead that the plaintiffs distribute their damages among the several contracts at issue and among their separate claims).

Please provide Defendants with a complete and sufficient damages computation, outlining the exact damages Plaintiffs seek, to us not later than this **Wednesday, July 12**.

Defendants reserve all rights, including under Rule 37, to move to prohibit the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.

Thanks,
Myriah

---

**From:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>
**Sent:** Tuesday, June 11, 2024 12:25 AM
**To:** Jaworski, Myriah <mjaworski@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag

<cpatel@clarkhill.com>; Brooke Genser <bgenser@tarterkrinsky.com>
**Subject:** RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

**[External Message]**

Myriah,

Please see the attached.  We'll formally serve this tomorrow.



**Tyler R. Dowdall|Partner**
T: 424-330-8580|F: 212-216-8001
tdowdall@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N|Los Angeles|CA|90067
www.tarterkrinsky.com|LinkedIn

*Crain's 2023 best places to work in NYC*

**From:** Jaworski, Myriah <mjaworski@clarkhill.com>
**Sent:** Monday, June 10, 2024 8:40 AM
**To:** Brian A. Bloom <bbloom@tarterkrinsky.com>; Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** [EXT] RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Brian – we expect the updated supplemental disclosures from plaintiffs by COB today.

Thanks,
Myriah

**From:** Brian A. Bloom <bbloom@tarterkrinsky.com>
**Sent:** Thursday, June 6, 2024 12:24 PM
**To:** Jaworski, Myriah <mjaworski@clarkhill.com>; Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>
**Subject:** RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

**[External Message]**

Myriah –

We just received the requested information from our clients this week and will be sending over supplemental disclosures to you shortly.  We apologize for the delay but do not believe your client has been harmed.  We certainly conducted our due diligence before filing our Complaint.  Your client certainly did NOT take appropriate precautions before using our minor client's images publicly for its own commercial gain.

All rights remain reserved.
All the best,
Brian

2



**Brian A. Bloom|Partner**
T: 212-574-0350|T: 516-464-3570|M: 516-330-8123
bbloom@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2023 best places to work in NYC*

**From:** Jaworski, Myriah <mjaworski@clarkhill.com>
**Sent:** Thursday, June 6, 2024 12:19 PM
**To:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** [EXT] RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Brian,

One month ago, on May 9, we wrote to you to request that the Khachatryan plaintiffs update their initial disclosures to include the identities and contact information for the branding deals, modeling contracts, and talent agents with whom the minor children allegedly have contracts – including specifically the identity of those involved in consideration of the minors' "multi-million dollar hotel endorsement" and contacts with "several five star hotel chains." Comp'l. ¶ 7.  As you know, this information is the basis for Plaintiffs' claims, and specifically their calculation of potential damages.   This information is discoverable, relevant, and fundamental to SH Group's defenses.

On May 21 we followed up regarding the status of this information, and specifically asked to meet and confer on the issue.  We were told that you were "waiting for further information from the clients" and would respond to us shortly.  On May 27, we followed up again regarding our request, and have not received a response from you.

**There is no justification for your failure to provide this information to us.**   First, this information should already be known to you in connection with your Rule 11 and other ethical obligations to conduct due diligences on these third-party contracts **before** including such allegations in the complaint.  *See Refac Int'l, Ltd. v. Hitachi Ltd.*, 141 F.R.D. 281 (C.D. Cal. 1991) (finding that counsel violated its affirmative duty to investigate before a paper is filed with the court and sanctions were expressly required under Rule 11); *see also Truesdell v. S. Calif. Permanente Med. Group,* 209 F.R.D. 169, 173-73 (C.D. Cal. 2002).  Thus, this information should be within your possession, readily available and capable of disclosure, and not something that is only now being "run down" by you with your clients.

Second, your failure to timely provide this information is also harmful to SH Group, which has the right to investigate these allegations, present a defense, and prepare for trial.  As you know, the parties are subject to the Court's ordered discovery schedule, which includes a Fall 2024 fact discovery cut-off date.  Among other things, your failure to timely disclose this information is preventing SH Group from serving necessary third-party document requests, interrogatories and deposition notices.

Thus, I am writing for a final time to request that Plaintiffs supplement their initial disclosures as requested by SH Group's May 9 correspondence, no later than close of business on **Monday, June 10**.

SH Group reserves all rights and remedies regarding this issue, including the right to seek discovery and case-dispositive sanctions and Rule 11 sanctions against all counsel of record.

Thanks,
Myriah

**From:** Jaworski, Myriah
**Sent:** Wednesday, May 29, 2024 1:07 PM
**To:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Tyler,

When can we expect this information?

Thanks,
Myriah

---

**From:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>
**Sent:** Tuesday, May 21, 2024 12:14 PM
**To:** Dolce, Nicolas <ndolce@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Jaworski, Myriah <mjaworski@clarkhill.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

**[External Message]**

Nicolas,

Thanks for the follow up.

We are waiting for further information from the clients and will get back to you.

Thanks,



**Tyler R. Dowdall | Partner**
T: 424-330-8580 | F: 212-216-8001
tdowdall@tarterkrinsky.com | Bio
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N | Los Angeles | CA | 90067
www.tarterkrinsky.com | LinkedIn

*Crain's 2023 best places to work in NYC*

---

**From:** Dolce, Nicolas <ndolce@clarkhill.com>
**Sent:** Tuesday, May 21, 2024 8:20 AM
**To:** Brian A. Bloom <bbloom@tarterkrinsky.com>
**Cc:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Jaworski, Myriah <mjaworski@clarkhill.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** [EXT] RE: Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Counsel,

I am following up on Defendants' previously issued discovery correspondence, reattached here for convenience. Given the lack of response to Defendants' correspondence, we request to meet and confer on Plaintiffs' deficient disclosures. Please propose some dates and times that you are available to confer either this week or next.

Respectfully,

**Nicolas V. Dolce**
Attorney at Law
**Clark Hill**
130 E. Randolph Street, Suite 3900, Chicago, IL 60601
+1 312.360.2113 (office) | +1 312.517.7580 (fax)
ndolce@clarkhill.com | www.clarkhill.com

---

**From:** Dolce, Nicolas
**Sent:** Thursday, May 9, 2024 12:22 PM
**To:** Brian A. Bloom <bbloom@tarterkrinsky.com>
**Cc:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Jaworski, Myriah <mjaworski@clarkhill.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** Khachatryan v. SH Group - Defendants' Discovery Deficiency Correspondence

Counsel,

Pursuant to Local Rule 37-1, please find attached Defendants' discovery correspondence concerning deficiencies in Plaintiffs' Rule 26 initial disclosures.

Respectfully,

**Nicolas V. Dolce**
Attorney at Law
**Clark Hill**
130 E. Randolph Street, Suite 3900, Chicago, IL 60601
+1 312.360.2113 (office) | +1 312.517.7580 (fax)
ndolce@clarkhill.com | www.clarkhill.com

---

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s)). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

---

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

# **<u>Exhibit 6</u>**

1   CLARK HILL LLP
    Myriah Jaworski (SBN 336898)
2   mjaworski@clarkhill.com
    One America Plaza
3   600 West Broadway, Suite 500
    San Diego, CA 92101
4   Telephone:   (619) 557-0404
    Facsimile:   (619) 557-0460
5
    Attorneys for Defendants 1 HOTEL WEST
6   HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS,
    L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| 12  SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; BRAVE ANGELO JOHNSON, A MINOR; AND ISABELLA MURRAY, A MINOR, | Case No. 2:23-cv-10829-ODW-E |
| 13 | |
| 14 | **DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN** |
| 15              Plaintiffs, | |
| 16        v. | |
| 17  1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.; AND DOES 1 THROUGH 70, INCLUSIVE, | |
| 18 | |
| 19 | |
| 20              Defendants. | |

21

22       Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants

23   1Hotel West Hollywood, L.L.C.; SH Group Operations, L.L.C.; and SH Group

24   Global IP Holdings, L.L.C. (collectively, "Defendants"), through its counsel,

25   requires that Plaintiff Sunny Khachatryan provide full and complete answers, in

26   writing and under oath, to the following interrogatories within 30 days of the date of

27   service hereof:

28

1                    CASE NO.:  2:23-CV-10829-ODW-E

DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP
HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN

# **INSTRUCTIONS**

A.    All interrogatories shall be answered as required by Rule 33 of the Federal Rules of Civil Procedure within thirty (30) days of service of these interrogatories.

B.    In responding to these requests and interrogatories, you are required to divulge all information and/or documents which are in the possession, custody, or control of You, Your attorneys, investigators, agents, employees, or other representatives, or their agents or persons or entities acting or purporting to act on Your or their behalf. In responding, you must furnish all information available.

C.    If you cannot answer any interrogatory set forth herein in full, after exercising due diligence to secure the information, so state and answer to the fullest extent possible, specifying the reasons for Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

D.    If an answer or portion thereof to any request or interrogatory set forth herein is based upon information and belief, rather than actual knowledge, the answer should so state, and the source or sources upon which such information and belief are based should be specifically described and identified.

E.    If You object to any request or interrogatory set forth herein, state the reasons for the objection with specificity.

F.    If you object to any interrogatory or any portion of an interrogatory on the ground that the answer reflects or would reveal the substance of a privileged communication, identify:

(a) the nature of the privilege claimed;

(b) the person who made the communication, whether oral or in writing;

(c) if the communication was oral, all persons present while the communication was made;

(d) if the communication was written, the author, addressees, and any other

2                    CASE NO.: 2:23-CV-10829-ODW-E

recipients;

(e) the relationship of the author of the communication to each recipient;

(f) the relationship of the persons present to the person who made the communication;

(g) the date and place of the communication; and

(h) the general subject matter of the communication.

G.    If you respond to an interrogatory by reference to documents pursuant to Federal Rule of Civil Procedure 33(d), identify the documents with specificity, including by identifying the applicable Bates Number range to the extent the documents are produced in response to document requests in this proceeding.

H.    Where reference is made to any date or figure, in addition to the date or figure specified, the reference is intended to connote an approximation unless otherwise stated.

I.    Wherever the singular form of a noun is used, it is intended to and does apply as well to the plural form of the noun. Whenever the plural form of a noun is used, it is intended to and does apply as well to the singular form of the noun unless otherwise specified.

J.    Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

K.    For the convenience of the parties, each interrogatory should be quoted in full immediately preceding the response.

L.    These interrogatories are continuing requests and require that You supplement Your answers setting forth any and all information within the scope of each request and interrogatory as may be acquired by You, Your agents, attorneys or representatives following the service of Your original answers.

## **DEFINITIONS**

1.    "Defendants" means Defendants 1Hotel West Hollywood, L.L.C., SH Group Operations, L.L.C., and SH Group Global IP Holdings, L.L.C., the Defendants in the above-captioned proceeding.

2.    "Plaintiff", "you," or "your" means Plaintiff Sunny Khachatryan.

3.    "Plaintiffs" means Plaintiffs Sunny Khachatryan, Tatevik Khachatryan, B.A.J., and I.M.

4.    "Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

5.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.    "Date" means the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.    "Describe" means set forth fully and unambiguously every fact relevant to the subject of the interrogatory, of which you (including your agents and representatives) have knowledge or information.

8.    "Document" is synonymous in meaning and equal in scope to its usage in Federal Rule of Civil Procedure 34(a)(1)(A). The term "document" refers to any document now or at any time in Plaintiff's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

9.    "Identify" with respect to a person who is an individual means to state that person's full name, present or last known address, and current or last known place of employment.

10.    "Identify" with respect to a person that is not an individual means to state its: full name, legal form, date of organization, state of incorporation or organization or other business or license authority, present or last known address and

4                              CASE NO.:  2:23-CV-10829-ODW-E

telephone number, and the identity of its chief executive officer, partners, or persons in equivalent positions.

11.    "Identify" with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33 of the Federal Rules of Civil Procedure.

12.    "Identify" with respect to communications means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, email, etc.); (c) the identity of each person that was a party to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication.

13.    "Minor Plaintiffs" means Plaintiffs B.A.J., a minor, and I.M, a minor.

14.    "Photograph" means the photograph created on or about January 3, 2021, and at issue in the Complaint. *See* Compl. ¶16, *et. seq*.

15.    The term "person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16.    The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of this interrogatory.

17.    The term "identity" refers to any attribute of an individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) (v) signature, (vi) photograph, (vii) image, (viii) address, or (ix) family member identity information.

18.    The terms "all," "any," or "each" encompass any and all of the matter

discussed.

19.    The use of singular form includes plural, and vice versa.

20.    The use of present tense includes past tense, and vice versa.

21.    The masculine form shall also be construed to include the feminine and vice versa.

## **INTERROGATORIES**

1.    State the full name, current residence address, date of birth, current telephone number, and Social Security number of the persons responding to these interrogatories.

**RESPONSE**:

2.    Identify all documents which concern, refer or relate to, or support the allegations of the Complaint.

**RESPONSE**:

3.    As to all damages Plaintiffs claim they has incurred:

    a.    state in detail the factual basis and amount, and

    b.    identify all documents which support Plaintiffs claims for statutory damages, attorneys' fees, litigation expenses, and costs of suit.

    c.    identify all documents which support Plaintiffs claims for actual damages.

**RESPONSE**:

4.    Identify all persons who may have any personal knowledge regarding the allegations contained in the Complaint and state the substance of each person's knowledge.

**RESPONSE**:

5.    Identify all persons whom Plaintiffs intend to call as a witness at trial, any hearing or deposition in this matter, and for each person identified, identify the matters about which the witness will testify.

**RESPONSE**:

6.    Has Plaintiff ever been a party to any lawsuit? If so, list the name, court number, jurisdiction and outcome for all such lawsuits, including but not limited to all bankruptcy filings that Plaintiff has filed within the last ten years, including the case number and jurisdiction for each such filing and the dates each bankruptcy was closed.

**RESPONSE**:

7.    Has Plaintiff ever been convicted of:

a.    crime punishable by imprisonment in excess of 1 year, or

b.    a crime involving dishonesty or false statement? If yes, please list the case name, number, jurisdiction and outcome.

c.    A bankruptcy or tax proceeding? If yes, please list the case name, number, jurisdiction and outcome.

**RESPONSE**:

8.    Identify each and every person involved in posting the Photograph to Instagram as alleged in Paragraph 19 of Plaintiff's Complaint.

**RESPONSE**:

9.    Describe all facts supporting the allegations in Paragraph 20 of Plaintiffs' Complaint that the Photograph contained "copyright management information".

**RESPONSE**:

10.    Identify each and every person involved in the Instagram messaging communications with Defendants contained in Paragraphs 7 through 10 of Defendants' Affirmative Defenses.

**RESPONSE**:

11.    Describe all facts supporting the allegations contained in Paragraph 5 of Plaintiffs' Complaint regarding Minor Plaintiffs' appearance in "television commercials, print ads, and other paid commercial uses of their images and

7                              CASE NO.:  2:23-CV-10829-ODW-E

DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN

likeness." State with specificity each commercial, ad or other paid use of their image(s) from January 1, 2020 through present day, and provide the relevant payment and terms for each.

**RESPONSE**:

12. Describe all facts supporting the allegations contained in Paragraph 5 of Plaintiffs' Complaint regarding Minor Plaintiffs' modeling contracts with Adidas.

**RESPONSE**:

13. Describe all facts supporting the allegations contained in Paragraph 17 of Plaintiffs' Complaint regarding Minor Plaintiffs' multiple modeling contracts for "several five-star hotel chains" and consideration for a "multi-million-dollar hotel endorsement".

**RESPONSE**:

14. State all social media accounts that You have had from January 1, 2020, through the present (e.g. Facebook, Twitter (or X), Instagram, Snapchat, Google+, etc.) and, for each, state when You first created the account.

**RESPONSE**:

15. State all social media accounts that Minor Plaintiffs have had from January 1, 2020, through the present (e.g. Facebook, Twitter (or X), Instagram, Snapchat, Google+, etc.) and, for each, state when and who first created the account.

**RESPONSE**:

16. Describe each and every website or social media account that You own, operate, or which is operated on Plaintiffs behalf.

**RESPONSE**:

17. Describe in detail how and when Plaintiffs first identified the Photograph on Defendants' website.

**RESPONSE**:

18. Describe in detail any and all profits, wages, or other compensation Minor Plaintiffs have received from January 1, 2020, through present.

1  **RESPONSE**:

2

3  Dated:  June 14, 2024                    CLARK HILL LLP

4

5                                           By:  */s/ Myriah V. Jaworski*

6                                                Myriah V. Jaworski (SBN 336898)

7                                                Attorneys for Defendants 1 HOTEL
8                                                WEST HOLLYWOOD, L.L.C.; SH
                                                 GROUP OPERATIONS, L.L.C.; SH
9                                                GROUP GLOBAL IP HOLDINGS,
                                                 L.L.C

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP
HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN

# Exhibit 7

TYLER R. DOWDALL, State Bar No. 258950
tdowdall@tarterkrinsky.com
RENATA A. GUIDRY, State Bar No. 227713
rguidry@tarterkrinsky.com
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:   (424) 330-8580
Facsimile:   (315) 512-1465

BRIAN BLOOM (*pro hac vice*)
bbloom@tarterkrinsky.com
ELIEZER LEKHT (*pro hac vice*)
elekht@tarterkrinsky.com
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for* Plaintiffs Sunny
Khachatryan, Tatevik Khachatryan, B.A.J,
a minor and I.M, a minor

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, an individual; TATEVIK KHACHATRYAN, an individual; B. A. J, a minor; and I.M, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C; and DOES 1 through 70, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-10829-ODW(Ex)<br><br>**PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN** |

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW-E

| | | |
|---|---|---|
| PROPOUNDING PARTY: | 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C | |
| RESPONDING PARTY: | PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL | |
| SET NO.: | ONE | |
| INTERROGATORY NOS.: | 1–18 | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Sunny Khachatryan ("Responding Party") hereby submits these objections and responses to the First Set of Interrogatories propounded by Defendants 1Hotel West Hollywood, L.L.C.; SH Group Operations, L.L.C.; and SH Group Global IP Holdings, L.L.C. (collectively, "Defendants") ("Propounding Party") as follows:

## **PRELIMINARY STATEMENT**

Responding Party's investigation, discovery and analysis are ongoing, and Responding Party's response to each of these Interrogatories is based on information and documents presently available to Responding Party after reasonable inquiry. Responding Party reserves the right to supplement or amend these responses in the event further information and/or documents are disclosed or discovered. In addition, Responding Party's responses are given without prejudice to its right to introduce as evidence at trial any subsequently discovered or unintentionally omitted information and/or documents.

Specific objections to each of these Interrogatories are made on an individual basis in the responses below. In addition to these specific objects, Responding Party makes certain continuing objections ("General Objections") to the Interrogatories. These General Objections are hereby incorporated by reference into the responses made with respect to each separate interrogatory. For particular emphasis, Responding Party has, from time to time, expressly included one or more of the General Objections in certain of its response below. Responding Party's response to

2

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

each individual interrogatory is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that response. Accordingly, the inclusion of any specific objection in a response to an interrogatory below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objections or of any specific objection made herein or that may be asserted at a later date. In addition, the failure to include at this time any continuing or specific objection to an interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of Responding Party's right to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the responses herein. Responding Party's response and/or objections to a particular interrogatory shall not be taken as an admission that Responding Party accepts or admits the existence of any "fact" set forth in or assumed by that interrogatory.

## **GENERAL OBJECTIONS**

Responding Party makes the following General Objections to Defendants' Interrogatories, including without limitation, the Instructions and Definitions set forth therein, whether or not separately set forth in each response to each individual interrogatory:

1.     Responding Party objects to the Interrogatories to the extent they seek information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, the joint defense privilege, the settlement or settlement negotiation privilege, settlement materials, or trial preparation materials. Any statement herein to the effect that Responding Party will provide information in response to an interrogatory is limited to information that does not fall within the scope of any relevant privilege.

2.     Responding Party objects to any requirement that it identify or provide a list of any materials withheld from discovery pursuant to either the attorney-client communications privilege and/or the attorney work product immunity and which

3

1  materials were created on or after December 27, 2023, the date on which this lawsuit
2  was filed. Such a requirement would be unduly burdensome and would interfere with
3  Responding Party's defense of this lawsuit by deterring the creation of such
4  documents.

5       3.     Responding Party objects to the Interrogatories to the extent they seek
6  information that is irrelevant to any claim or defense and not reasonably calculated
7  to lead to the discovery of admissible evidence.

8       4.     Responding Party objects to the Interrogatories on the grounds that they
9  are vague, ambiguous, and use unlimited, undefined, subjective or open-ended terms
10  or phrases.

11       5.     Responding Party objects to the Interrogatories to the extent that the
12  purported benefit of the discovery sought by the Interrogatories is outweighed by the
13  burden and expense of responding to the Interrogatories pursuant to Rules 26(b)(1)
14  and 26(b)(2) of the Federal Rules of Civil Procedure.

15       6.     Responding Party objects to the Interrogatories to the extent they
16  purport to require complete responses from Responding Party within 30 days of
17  service. Responding Party's investigation of the claims and defenses at issue in this
18  Action is continuing, and Responding Party expressly reserves the right to
19  supplement these responses as necessary.

20       7.     Responding Party objects to the Interrogatories to the extent they
21  attempt to impose burdens on Responding Party inconsistent with, or in excess of,
22  the requirements of the Federal Rules of Civil Procedure, the Central District of
23  California Local Rules, or any applicable orders of this Court.

24       8.     Responding Party objects to the Interrogatories to the extent they seek
25  information unknown to Responding Party, that refers to persons, entities or events
26  not known to Responding Party, or that relates to documents not within Responding
27  Party's possession, custody, or control. Such a requirement would exceed
28  Responding Party's obligations under the Federal Rules and applicable Local Rules

4

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

and would subject Responding Party to unreasonable and undue oppression, burden and expense. In responding to these Interrogatories, Responding Party shall respond only on behalf of itself and shall not undertake the burden and expense of attempting to provide information presently unknown to Responding Party or relating to documents outside Responding Party's possession, custody, or control.

9.      Responding Party objects to the Interrogatories to the extent that they seek publicly-available information, or information that is equally available to Plaintiff from sources other than Responding Party, on the grounds that such Interrogatories are unduly burdensome, oppressive, and harassing.

10.     Responding Party objects to the Interrogatories to the extent they call for legal conclusions or contain express or implied assumptions of fact or law with respect to matters at issue in this Action. Nothing in Responding Party's responses or objections may be construed to reflect an agreement or concurrence by Responding Party with Plaintiff's characterizations of any factual or legal issues. Responding Party expressly reserves the right to contest any such characterization as inaccurate and to provide and supplement its legal contentions in an appropriate format on an appropriate schedule.

11.     Responding Party objects to the Interrogatories to the extent they fail to specify a relevant time period, or to the extent any specified time period is irrelevant to any claim or defense at issue in this Action, on the grounds that the Interrogatories are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12.     Responding Party objects to the Interrogatories to the extent they fail to specify a relevant geographic area, or to the extent any specified geographic area is irrelevant to any claim or defense at issue in this Action, on the grounds that the Interrogatories are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

13.     Responding Party objects to the Interrogatories to the extent they seek "all" documents or communications relating to a particular topic or category of information on the grounds that the Interrogatories are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14.     Responding Party objects to Plaintiff's definition of the terms "YOU" and "YOUR" as vague and ambiguous, especially to the extent it seeks discovery regarding Responding Party's "including its agents, attorneys, investigators, affiliates and/or representatives, and any other person or entity who at any time has acted or purported to act on behalf of Responding Party Sunny Khachatryan, and any person answering these Requests."  Responding Party also objects to this definition as overly broad and exceeding the scope of allowable discovery to the extent it includes entities and individuals not named as parties (some of whom may be unknown to Responding Party) in the instant Action, and over whom Responding Party exercises no control. In responding to these Interrogatories, Responding Party shall interpret the terms "YOU" and "YOUR" to refer only to Responding Party Sunny Khachatryan.

15.     Responding Party objects to each interrogatory to the extent that they seek confidential, proprietary business documents and information. Responding Party notes that no protective order has yet been entered by the Court. Until such time as a protective order is entered, Responding Party shall withhold production of all documents so that they may be endorsed with the appropriate level of confidentiality at the time of production.

16.     Responding Party's response to any specific interrogatory below is not an admission that responsive, non-privileged information or documents exist in its possession, custody, or control.

17.     Each and all of these General Objections shall be deemed incorporated by reference into each and every objection made herein to a specific interrogatory.

6

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State the full name, current residence address, date of birth, current telephone number, and Social Security number of the persons responding to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "persons responding to these interrogatories."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

**INTERROGATORY NO. 2:**

Identify all documents which concern, refer or relate to, or support the allegations of the Complaint.

7

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all documents" and "concern, refer or relate to, or support."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

**INTERROGATORY NO. 3:**

3.　　As to all damages Plaintiffs claim they has incurred:

　　　　a.　　state in detail the factual basis and amount, and

　　　　b.　　identify all documents which support Plaintiffs claims for statutory damages, attorneys' fees, litigation expenses, and costs of suit.

　　　　c.　　identify all documents which support Plaintiffs claims for actual damages.

8

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "persons responding to these interrogatories."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks highly confidential, commercially sensitive and trade secret information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

**INTERROGATORY NO. 4:**

Identify all persons who may have any personal knowledge regarding the allegations contained in the Complaint and state the substance of each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all persons" and "any personal knowledge."

9

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

1      Plaintiffs further object to this Interrogatory to the extent it requests

2  information that is not relevant to any party's claims or defenses and is not

3  proportional to the needs of the case.

4      Plaintiffs object to this Interrogatory to the extent that it seeks production of

5  confidential information prior to the entry of a protective order by the Court. Plaintiffs

6  further object to this Interrogatory because it seeks highly confidential, commercially

7  sensitive and trade secret information that is neither relevant nor necessary to the

8  claims and defenses in the instant Action.

9      Plaintiffs object to this Interrogatory to the extent that it calls for information

10  that is protected by the attorney-client privilege and/or work product doctrine.

11      As phrased, Plaintiffs cannot discern what non-privileged information

12  Defendant is specifically seeking in this Interrogatory that is relevant to any claim or

13  defense, and proportional to the needs of the case at this stage in the action, and

14  therefore cannot provide a further response unless and until Defendant provides a

15  more particularized Interrogatory.

16

17  **INTERROGATORY NO. 5:**

18      Identify all persons who may have any personal knowledge regarding the

19  allegations contained in the Complaint and state the substance of each person's

20  knowledge.

21  **RESPONSE TO INTERROGATORY NO. 5:**

22      Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

23  particularly with respect to the terms "all persons" and "any personal knowledge."

24      Plaintiffs further object to this Interrogatory to the extent it requests

25  information that is not relevant to any party's claims or defenses and is not

26  proportional to the needs of the case.

27      Plaintiffs object to this Interrogatory to the extent that it seeks production of

28  confidential information prior to the entry of a protective order by the Court. Plaintiffs

10

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

1  further object to this Interrogatory because it seeks highly confidential, commercially

2  sensitive and trade secret information that is neither relevant nor necessary to the

3  claims and defenses in the instant Action.

4        Plaintiffs object to this Interrogatory to the extent that it calls for information

5  that is protected by the attorney-client privilege and/or work product doctrine.

6        Plaintiffs object to this Request as unduly burdensome to the extent that it is

7  duplicative of Request No. 4.  Subject to the foregoing specific objections and the

8  General Objections, Plaintiffs refer to its Response to Request No. 4.

9

10  **INTERROGATORY NO. 6:**

11        Has Plaintiff ever been a party to any lawsuit? If so, list the name, court number,

12  jurisdiction and outcome for all such lawsuits, including but not limited to all

13  bankruptcy filings that Plaintiff has filed within the last ten years, including the case

14  number and jurisdiction for each such filing and the dates each bankruptcy was closed.

15  **RESPONSE TO INTERROGATORY NO. 6:**

16        Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

17  particularly with respect to the terms "ever been" and "any lawsuit."

18        Plaintiffs further object to this Interrogatory to the extent it requests

19  information that is not relevant to any party's claims or defenses and is not

20  proportional to the needs of the case.

21        Plaintiffs object to this Interrogatory to the extent that it seeks production of

22  confidential information prior to the entry of a protective order by the Court. Plaintiffs

23  further object to this Interrogatory because it seeks information that is neither relevant

24  nor necessary to the claims and defenses in the instant Action.

25        Plaintiffs object to this Interrogatory to the extent that it calls for information

26  that is protected by the attorney-client privilege and/or work product doctrine.

27        As phrased, Plaintiffs cannot discern what non-privileged information

28  Defendant is specifically seeking in this Interrogatory that is relevant to any claim or

11

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

1  defense, and proportional to the needs of the case at this stage in the action, and

2  therefore cannot provide a further response unless and until Defendant provides a

3  more particularized Interrogatory.

4

5  **INTERROGATORY NO. 7:**

6  Has Plaintiff ever been convicted of:

7      a.    crime punishable by imprisonment in excess of 1 year, or

8      b.    a crime involving dishonesty or false statement? If yes, please list the

9      case name, number, jurisdiction and outcome.

10     c.    A bankruptcy or tax proceeding? If yes, please list the case name,

11     number, jurisdiction and outcome.

12 **RESPONSE TO INTERROGATORY NO. 7:**

13     Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

14 particularly with respect to the terms "ever been" and "any lawsuit."

15     Plaintiffs further object to this Interrogatory to the extent it requests

16 information that is not relevant to any party's claims or defenses and is not

17 proportional to the needs of the case.

18     Plaintiffs object to this Interrogatory to the extent that it seeks production of

19 confidential information prior to the entry of a protective order by the Court. Plaintiffs

20 further object to this Interrogatory because it seeks information that is neither relevant

21 nor necessary to the claims and defenses in the instant Action.

22     Plaintiffs object to this Interrogatory to the extent that it calls for information

23 that is protected by the attorney-client privilege and/or work product doctrine.

24     As phrased, Plaintiffs cannot discern what non-privileged information

25 Defendant is specifically seeking in this Interrogatory that is relevant to any claim or

26 defense, and proportional to the needs of the case at this stage in the action, and

27 therefore cannot provide a further response unless and until Defendant provides a

28 more particularized Interrogatory.

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

1  Plaintiffs object to this Request as unduly burdensome to the extent that it is

2  duplicative of Request No. 6.  Subject to the foregoing specific objections and the

3  General Objections, Plaintiffs refer to its Response to Request No. 6.

4

5  **INTERROGATORY NO. 8:**

6  Identify each and every person involved in posting the Photograph to Instagram

7  as alleged in Paragraph 19 of Plaintiff's Complaint.

8  **RESPONSE TO INTERROGATORY NO. 8:**

9  Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

10 particularly with respect to the terms "each and every" and "involved in posting."

11 Plaintiffs further object to this Interrogatory to the extent it requests

12 information that is not relevant to any party's claims or defenses and is not

13 proportional to the needs of the case.

14 Plaintiffs object to this Interrogatory to the extent that it seeks production of

15 confidential information prior to the entry of a protective order by the Court. Plaintiffs

16 further object to this Interrogatory because it seeks information that is neither relevant

17 nor necessary to the claims and defenses in the instant Action.

18 Plaintiffs object to this Interrogatory to the extent that it calls for information

19 that is protected by the attorney-client privilege and/or work product doctrine.

20 As phrased, Plaintiffs cannot discern what non-privileged information

21 Defendant is specifically seeking in this Interrogatory that is relevant to any claim or

22 defense, and proportional to the needs of the case at this stage in the action, and

23 therefore cannot provide a further response unless and until Defendant provides a

24 more particularized Interrogatory.

25

26 **INTERROGATORY NO. 9:**

27 Describe all facts supporting the allegations in Paragraph 20 of Plaintiffs'

28 Complaint that the Photograph contained "copyright management information".

13

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all facts".

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

Subject to the foregoing specific objections and the General Objections, Plaintiffs respond that the Amended complaint does not have a claim for the removal of copyright management information.

**INTERROGATORY NO. 10:**

Describe all facts supporting the allegations in Paragraph 20 of Plaintiffs' Complaint that the Photograph contained "copyright management information".

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all facts".

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs

14

1  further object to this Interrogatory because it seeks information that is neither relevant

2  nor necessary to the claims and defenses in the instant Action.

3      Plaintiffs object to this Interrogatory to the extent that it calls for information

4  that is protected by the attorney-client privilege and/or work product doctrine.

5      Plaintiffs object to this Request as unduly burdensome to the extent that it is

6  duplicative of Request No. 9.

7      Subject to the foregoing specific objections and the General Objections,

8  Plaintiff refers to its Response to Request No. 9.  Subject to the foregoing specific

9  objections and the General Objections, Plaintiffs respond that the Amended complaint

10  does not have a claim for the removal of copyright management information.

11

12  **INTERROGATORY NO. 11:**

13      Describe all facts supporting the allegations contained in Paragraph 5 of

14  Plaintiffs' Complaint regarding Minor Plaintiffs' appearance in "television

15  commercials, print ads, and other paid commercial uses of their images and likeness."

16  State with specificity each commercial, ad or other paid use of their image(s) from

17  January 1, 2020 through present day, and provide the relevant payment and terms for

18  each.

19  **RESPONSE TO INTERROGATORY NO. 11:**

20      Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

21  particularly with respect to the terms "all facts" and "each commercial, ad or other

22  paid use".

23      Plaintiffs further object to this Interrogatory to the extent it requests

24  information that is not relevant to any party's claims or defenses and is not

25  proportional to the needs of the case.

26      Plaintiffs object to this Interrogatory to the extent that it seeks production of

27  confidential information prior to the entry of a protective order by the Court.

28

15

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

1  Plaintiffs object to this Interrogatory to the extent that it calls for information

2  that is protected by the attorney-client privilege and/or work product doctrine.

3

4  **INTERROGATORY NO. 12:**

5  Describe all facts supporting the allegations contained in Paragraph 5 of

6  Plaintiffs' Complaint regarding Minor Plaintiffs' modeling contracts with Adidas.

7  **RESPONSE TO INTERROGATORY NO. 12:**

8  Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

9  particularly with respect to the terms "all facts" and "each commercial, ad or other

10  paid use".

11  Plaintiffs further object to this Interrogatory to the extent it requests

12  information that is not relevant to any party's claims or defenses and is not

13  proportional to the needs of the case.

14  Plaintiffs object to this Interrogatory to the extent that it seeks production of

15  confidential information prior to the entry of a protective order by the Court.

16  Plaintiffs object to this Interrogatory to the extent that it calls for information

17  that is protected by the attorney-client privilege and/or work product doctrine.

18

19  **INTERROGATORY NO. 13:**

20  Describe all facts supporting the allegations contained in Paragraph 17 of

21  Plaintiffs' Complaint regarding Minor Plaintiffs' multiple modeling contracts for

22  "several five-star hotel chains" and consideration for a "multi-million-dollar hotel

23  endorsement".

24  **RESPONSE TO INTERROGATORY NO. 13:**

25  Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

26  particularly with respect to the terms "all facts" and "consideration."

27

28

1    Plaintiffs further object to this Interrogatory to the extent it requests
2    information that is not relevant to any party's claims or defenses and is not
3    proportional to the needs of the case.

4    Plaintiffs object to this Interrogatory to the extent that it seeks production of
5    confidential information prior to the entry of a protective order by the Court. Plaintiffs
6    further object to this Interrogatory because it seeks information that is neither relevant
7    nor necessary to the claims and defenses in the instant Action.

8    Plaintiffs object to this Interrogatory to the extent that it calls for information
9    that is protected by the attorney-client privilege and/or work product doctrine. As
10   phrased, Plaintiffs cannot discern what non-privileged information Defendant is
11   specifically seeking in this Interrogatory that is relevant to any claim or defense, and
12   proportional to the needs of the case at this stage in the action, and therefore cannot
13   provide a further response unless and until Defendant provides a more particularized
14   Interrogatory.

15

16   **INTERROGATORY NO. 14:**

17   State all social media accounts that You have had from January 1, 2020,
18   through the present (e.g. Facebook, Twitter (or X), Instagram, Snapchat, Google+,
19   etc.) and, for each, state when You first created the account.

20   **RESPONSE TO INTERROGATORY NO. 14:**

21   Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,
22   particularly with respect to the terms "all social media accounts", "You", and "when
23   You first created the account."

24   Plaintiffs further object to this Interrogatory to the extent it requests
25   information that is not relevant to any party's claims or defenses and is not
26   proportional to the needs of the case.

27   Plaintiffs object to this Interrogatory to the extent that it seeks production of
28   confidential information prior to the entry of a protective order by the Court. Plaintiffs

17

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

1  further object to this Interrogatory because it seeks information that is neither relevant
2  nor necessary to the claims and defenses in the instant Action.

3      Plaintiffs object to this Interrogatory to the extent that it calls for information
4  that is protected by the attorney-client privilege and/or work product doctrine. As
5  phrased, Plaintiffs cannot discern what non-privileged information Defendant is
6  specifically seeking in this Interrogatory that is relevant to any claim or defense, and
7  proportional to the needs of the case at this stage in the action, and therefore cannot
8  provide a further response unless and until Defendant provides a more particularized
9  Interrogatory.

10

11  **INTERROGATORY NO. 15:**

12      State all social media accounts that Minor Plaintiffs have had from January 1,
13  2020, through the present (e.g. Facebook, Twitter (or X), Instagram, Snapchat,
14  Google+, etc.) and, for each, state when and who first created the account.

15  **RESPONSE TO INTERROGATORY NO. 15:**

16      Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,
17  particularly with respect to the terms "all social media accounts" and "when and who
18  first created the account."

19      Plaintiffs further object to this Interrogatory to the extent it requests
20  information that is not relevant to any party's claims or defenses and is not
21  proportional to the needs of the case.

22      Plaintiffs object to this Interrogatory to the extent that it seeks production of
23  confidential information prior to the entry of a protective order by the Court. Plaintiffs
24  further object to this Interrogatory because it seeks information that is neither relevant
25  nor necessary to the claims and defenses in the instant Action.

26      Plaintiffs object to this Interrogatory to the extent that it calls for information
27  that is protected by the attorney-client privilege and/or work product doctrine.

28

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

1  Plaintiffs also object to this Request as unduly burdensome to the extent that it is

2  duplicative of Request No. 14.

3         Subject to the foregoing specific objections and the General Objections,

4  Plaintiffs refer to its Response to Request No. 14.

5

6  **INTERROGATORY NO. 16:**

7         Describe each and every website or social media account that You own,

8  operate, or which is operated on Plaintiffs behalf.

9  **RESPONSE TO INTERROGATORY NO. 16:**

10        Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

11 particularly with respect to the terms "each and every" and "You own, operate, or

12 which is operated on Plaintiffs behalf."

13        Plaintiffs further object to this Interrogatory to the extent it requests

14 information that is not relevant to any party's claims or defenses and is not

15 proportional to the needs of the case.

16        Plaintiffs object to this Interrogatory to the extent that it seeks production of

17 confidential information prior to the entry of a protective order by the Court. Plaintiffs

18 further object to this Interrogatory because it seeks information that is neither relevant

19 nor necessary to the claims and defenses in the instant Action.

20        Plaintiffs object to this Interrogatory to the extent that it calls for information

21 that is protected by the attorney-client privilege and/or work product doctrine. As

22 phrased, Plaintiffs cannot discern what non-privileged information Defendant is

23 specifically seeking in this Interrogatory that is relevant to any claim or defense, and

24 proportional to the needs of the case at this stage in the action, and therefore cannot

25 provide a further response unless and until Defendant provides a more particularized

26 Interrogatory.

27

28

19

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST
HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET
OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

1 **INTERROGATORY NO. 17:**

2     Describe in detail how and when Plaintiffs first identified the Photograph on

3 Defendants' website.

4 **RESPONSE TO INTERROGATORY NO. 17:**

5     Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

6 particularly with respect to the terms "how and when" and "first identified the

7 Photograph on Defendants' website."

8     Plaintiffs further object to this Interrogatory to the extent it requests

9 information that is not relevant to any party's claims or defenses and is not

10 proportional to the needs of the case.

11     Plaintiffs object to this Interrogatory to the extent that it seeks production of

12 confidential information prior to the entry of a protective order by the Court. Plaintiffs

13 further object to this Interrogatory because it seeks information that is neither relevant

14 nor necessary to the claims and defenses in the instant Action.

15     Plaintiffs object to this Interrogatory to the extent that it calls for information

16 that is protected by the attorney-client privilege and/or work product doctrine.

17 As phrased, Plaintiffs cannot discern what non-privileged information Defendant is

18 specifically seeking in this Interrogatory that is relevant to any claim or defense, and

19 proportional to the needs of the case at this stage in the action, and therefore cannot

20 provide a further response unless and until Defendant provides a more particularized

21 Interrogatory.

22

23 **INTERROGATORY NO. 18:**

24     Describe in detail any and all profits, wages, or other compensation Minor

25 Plaintiffs have received from January 1, 2020, through present.

26 **RESPONSE TO INTERROGATORY NO. 18:**

27     Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

28

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

1 particularly with respect to the terms "any and all" and "profits, wages, or
2 compensation."

3       Plaintiffs further object to this Interrogatory to the extent it requests
4 information that is not relevant to any party's claims or defenses and is not
5 proportional to the needs of the case.

6       Plaintiffs object to this Interrogatory to the extent that it seeks production of
7 confidential information prior to the entry of a protective order by the Court. Plaintiffs
8 further object to this Interrogatory because it seeks information that is neither relevant
9 nor necessary to the claims and defenses in the instant Action.

10       Plaintiffs object to this Interrogatory to the extent that it calls for information
11 that is protected by the attorney-client privilege and/or work product doctrine.

12       As phrased, Plaintiffs cannot discern what non-privileged information
13 Defendant is specifically seeking in this Interrogatory that is relevant to any claim or
14 defense, and proportional to the needs of the case at this stage in the action, and
15 therefore cannot provide a further response unless and until Defendant provides a
16 more particularized Interrogatory.

17

18

19

20

21

22

23

24

25

26

27

28

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN*

Case No. 2:23-cv-10829-ODW(Ex)

DATED:  July 12, 2024                    **TARTER KRINSKY & DROGIN LLP**


                                         By:      */s/ Brian Bloom*
                                         _____
                                         Tyler R. Dowdall, State Bar No. 258950
                                         *tdowdall@tarterkrinsky.com*
                                         Renata A. Guidry, State Bar No. 227713
                                         *rguidry@tarterkrinsky.com*
                                         **TARTER KRINSKY & DROGIN LLP**
                                         2029 Century Park East, Suite 400N
                                         Los Angeles, California 90067
                                         Telephone:     (424) 330-8580
                                         Facsimile:     (315) 512-1465

                                         Brian Bloom (*pro hac vice*)
                                         *bbloom@tarterkrinsky.com*
                                         Eliezer Lekht (*pro hac vice*)
                                         *elekht@tarterkrinsky.com*
                                         **TARTER KRINSKY & DROGIN LLP**
                                         1350 Broadway
                                         New York, New York 10018
                                         Telephone: (212) 574-0350
                                         Facsimile: (212) 216-8001

                                         *Attorneys for Plaintiffs* Sunny Khachatryan,
                                         Tatevik Khachatryan, B.A.J, a minor and I.M, a
                                         minor

22

# CERTIFICATE OF SERVICE

**SUNNY KHACHATRYAN, an individual, et al. v. 1 HOTEL WEST HOLLYWOOD, L.L.C**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 400N, Los Angeles, CA 90067.

On July 15, 2024, I served true copies of the following document(s) described as **PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN** on the interested parties in this action as follows:

| | |
|---|---|
| CLARK HILL LLP | Attorneys for Defendants 1 |
| Myriah Jaworski | HOTEL WESTHOLLYWOOD, |
| mjaworski@clarkhill.com | L.L.C.; SH GROUP |
| One America Plaza | OPERATIONS, L.L.C.; |
| 600 West Broadway, Suite 500 | SH GROUP GLOBAL IP |
| San Diego, CA 92101 | HOLDINGS, L.L.C. |
| Telephone: (619) 557-0404 | |
| Facsimile:  (619) 557-0460 | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address BGenser@tarterkrinsky.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 15, 2024, at Los Angeles, California.


*/s/ Brooke M. Genser*
Brooke M. Genser

23

# Exhibit 8

CLARK HILL LLP
Myriah Jaworski (SBN 336898)
mjaworski@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone:   (619) 557-0404
Facsimile:   (619) 557-0460

Attorneys for Defendants 1 HOTEL WEST
HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS,
L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; BRAVE ANGELO JOHNSON, A MINOR; AND ISABELLA MURRAY, A MINOR,<br><br>                    Plaintiffs,<br><br>        v.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.; AND DOES 1 THROUGH 70, INCLUSIVE,<br><br>                    Defendants. | Case No. 2:23-cv-10829-ODW-E<br><br>**DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants 1Hotel West Hollywood, L.L.C.; SH Group Operations, L.L.C.; and SH Group Global IP Holdings, L.L.C. (collectively, "Defendants"), through its counsel, requires that Plaintiffs Sunny Khachatryan, Tatevik Khachatryan, B.A.J, and I.M. provide full and complete answers, in writing and under oath, to the following interrogatories within 30 days of the date of service hereof:

1

CASE NO.:  2:23-CV-10829-ODW-E

DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS

# **INSTRUCTIONS**

A.      All requests shall be answered as required by Rule 34 of the Federal Rules of Civil Procedure within thirty (30) days of service of these requests for production.

B.      All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

C.      Electronically stored information (ESI) must be produced in its original native format with its accompanying metadata.

D.      These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

E.      In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

F.      In responding to these requests and interrogatories, you are required to divulge all information and/or documents which are in the possession, custody, or control of You, Your attorneys, investigators, agents, employees, or other representatives, or their agents or persons or entities acting or purporting to act on

2                          CASE NO.:  2:23-CV-10829-ODW-E

Your or their behalf. In responding, you must furnish all information available.

G.    If you cannot answer any request set forth herein in full, after exercising due diligence to secure the information, so state and answer to the fullest extent possible, specifying the reasons for Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

H.    If You object to any request or interrogatory set forth herein, state the reasons for the objection with specificity.

I.    If you object to any request or any portion of an request on the ground that the answer reflects or would reveal the substance of a privileged communication, identify:

(a) the nature of the privilege claimed;

(b) the person who made the communication, whether oral or in writing;

(c) if the communication was oral, all persons present while the communication was made;

(d) if the communication was written, the author, addressees, and any other recipients;

(e) the relationship of the author of the communication to each recipient;

(f) the relationship of the persons present to the person who made the communication;

(g) the date and place of the communication; and

(h) the general subject matter of the communication.

J.    Wherever the singular form of a noun is used, it is intended to and does apply as well to the plural form of the noun. Whenever the plural form of a noun is used, it is intended to and does apply as well to the singular form of the noun unless otherwise specified.

K.    For the convenience of the parties, each request should be quoted in full immediately preceding the response.

L.    These requests are continuing requests and require that You supplement Your answers setting forth any and all information within the scope of each request and interrogatory as may be acquired by You, Your agents, attorneys or representatives following the service of Your original answers.

## DEFINITIONS

1.    "Defendants" means Defendants 1Hotel West Hollywood, L.L.C., SH Group Operations, L.L.C., and SH Group Global IP Holdings, L.L.C., the Defendants in the above-captioned proceeding.

2.    "Plaintiff", "you," or "your" means Plaintiff Sunny Khachatryan.

3.    "Plaintiffs" means Plaintiffs Sunny Khachatryan, Tatevik Khachatryan, B.A.J., and I.M.

4.    "Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

5.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.    "Date" means the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.    "Describe" means set forth fully and unambiguously every fact relevant to the subject of the interrogatory, of which you (including your agents and representatives) have knowledge or information.

8.    "Document" is synonymous in meaning and equal in scope to its usage in Federal Rule of Civil Procedure 34(a)(1)(A). The term "document" refers to any document now or at any time in Plaintiff's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

9.    "Identify" with respect to a person who is an individual means to state that person's full name, present or last known address, and current or last known

4

place of employment.

10.    "Identify" with respect to a person that is not an individual means to state its: full name, legal form, date of organization, state of incorporation or organization or other business or license authority, present or last known address and telephone number, and the identity of its chief executive officer, partners, or persons in equivalent positions.

11.    "Identify" with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33 of the Federal Rules of Civil Procedure.

12.    "Identify" with respect to communications means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, email, etc.); (c) the identity of each person that was a party to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication.

13.    "Minor Plaintiffs" means Plaintiffs B.A.J., a minor, and I.M, a minor.

14.    "Photograph" means the photograph created on or about January 3, 2021, and at issue in the Complaint. *See* Compl. ¶16, *et. seq*.

15.    The term "person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

16.    The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of this interrogatory.

17.    The term "identity" refers to any attribute of an individual to an

ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) (v) signature, (vi) photograph, (vii) image, (viii) address, or (ix) family member identity information.

18.    The terms "all," "any," or "each" encompass any and all of the matter discussed.

19.    The use of singular form includes plural, and vice versa.

20.    The use of present tense includes past tense, and vice versa.

21.    The masculine form shall also be construed to include the feminine and vice versa.

## **REQUESTS FOR PRODUCTION**

1.    Any and all documents that support or refute any of Plaintiffs answers to Defendants' interrogatories directed at You and/or Plaintiffs.

2.    Any and all documents that relate to, support, or refute Plaintiffs' claims for statutory damages, actual damages, attorneys' fees, litigation expenses, costs and any other damages Plaintiffs seek as a result of the allegations contained in the Complaint.

3.    Any and all documents reflecting Plaintiffs public facing social media accounts (Facebook, Instagram, Twitter, etc.).

4.    Any and all documents reflecting correspondence between Plaintiffs and Plaintiffs' counsel prior to signing an engagement agreement.

5.    Any and all documents evidencing communications between you and any third-party relating to the claims in this case.

6.    Any and all documents evidencing actual or attempted monetization related to the use or value of Minor Plaintiffs' identity.

7.    Any and all documents relating to a photo shoot, modeling job, acting job, or brand influence promotion in which Minor Plaintiffs have performed since January 1, 2020, through present, including any documents that evidence, reflect, or otherwise refer to monetary payments for and the transfer or assignment of any

intellectual property rights relating to said shoot/job/promotion.

8.     Any and all contracts or agreements that were ever entered into, and/or was in effect, between Minor Plaintiffs and any talent agent or talent management representative or since January 1, 2020, through present.

9.     Any and all documents and/or communications related to the copyright registration of the Photograph as alleged in Paragraphs 16 through 22 of Plaintiffs' Complaint.

10.     Any and all documents and/or communications related to the issue of consent of use of the Photograph as alleged in Paragraph 30 of Plaintiffs' Complaint.

11.     Any and all documents and/or communications detailing any profits, wages, or other compensation Minor Plaintiffs have received from January 1, 2020, through present.

12.     Any and all documents supporting or refuting any claim in this case.

13.     Any and all documents supporting or refuting any claim for damages in this case.

Dated:  June 14, 2024                    CLARK HILL LLP


                                         By:  */s/ Myriah V. Jaworski*
                                              Myriah V. Jaworski (SBN 336898)

                                              Attorneys for Defendants 1 HOTEL
                                              WEST HOLLYWOOD, L.L.C.; SH
                                              GROUP OPERATIONS, L.L.C.; SH
                                              GROUP GLOBAL IP HOLDINGS,
                                              L.L.C

# **<u>Exhibit 9</u>**

TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:  (424) 330-8580
Facsimile:   (315) 512-1465

BRIAN BLOOM (*pro hac vice*)
*bbloom@tarterkrinsky.com*
ELIEZER LEKHT (*pro hac vice*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for* Plaintiffs Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, an individual; TATEVIK KHACHATRYAN, an individual; B. A. J, a minor; and I.M, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C; and DOES 1 through 70, inclusive, <br><br> Defendants. | CASE NO. 2:23-cv-10829-ODW(Ex) <br><br> **PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | DEFENDANTS 1 HOTEL WEST HOLLYWOOD, |
| 2 | | L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH |
| 3 | | GROUP GLOBAL IP HOLDINGS, L.L.C |
| 4 | RESPONDING PARTY: | PLAINTIFFS SUNNY KHACHATRYAN, AN |
| 5 | | INDIVIDUAL; TATEVIK KHACHATRYAN, AN |
| 6 | | INDIVIDUAL; B. A. J, A MINOR; AND I.M, A |
| 7 | | MINOR PLAINTIFFS SUNNY KHACHATRYAN, |
| 8 | | AN INDIVIDUAL; TATEVIK KHACHATRYAN, |
| 9 | | AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A |
| 10 | | MINOR |
| 11 | SET NO.: | ONE |
| 12 | REQUEST NOS.: | 1–13 |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor, by and through their counsel, hereby submits these objections and responses to Defendants 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C. "Defendants") Requests for Production of Documents as follows"

## **PRELIMINARY STATEMENT**

Responding Party's investigation, discovery and analysis are ongoing, and Responding Party's response to each of these Document Requests is based on information and documents presently available to Responding Party after reasonable inquiry. Responding Party reserves the right to supplement or amend these responses in the event further information and/or documents are disclosed or discovered. In addition, Responding Party's responses are given without prejudice to its right to introduce as evidence at trial any subsequently discovered or unintentionally omitted information and/or documents.

1    Specific objections to each of these Document Requests are made on an
2    individual basis in the responses below. In addition to these specific objects,
3    Responding Party makes certain continuing objections ("General Objections") to the
4    Document Requests. These General Objections are hereby incorporated by reference
5    into the responses made with respect to each separate document request. For
6    particular emphasis, Responding Party has, from time to time, expressly included one
7    or more of the General Objections in certain of its response below. Responding
8    Party's response to each individual request is submitted without prejudice to, and
9    without in any respect waiving, any General Objections not expressly set forth in that
10   response. Accordingly, the inclusion of any specific objection in a response to a
11   document request below is neither intended as, nor shall in any way be deemed to
12   be, a waiver of any General Objections or of any specific objection made herein or
13   that may be asserted at a later date. In addition, the failure to include at this time any
14   continuing or specific objection to a document request is neither intended as, nor
15   shall in any way be deemed to be, a waiver of Responding Party's right to assert that
16   or any other objection at a later date.

17   No incidental or implied admissions are intended by the responses herein.
18   Responding Party's response and/or objections to a particular document request shall
19   not be taken as an admission that Responding Party accepts or admits the existence
20   of any "fact" set forth in or assumed by that document request.

21   **<u>GENERAL OBJECTIONS</u>**

22   Responding Party makes the following General Objections to Defendants'
23   Document Requests, including without limitation, the Instructions and Definitions
24   set forth therein, whether or not separately set forth in each response to each
25   individual document request:

26   1.    Responding Party objects to the Document Requests to the extent they
27   seek information protected by any relevant privilege or legal protection, including,
28   without limitation, the attorney-client privilege, the work product doctrine, the joint

3

defense privilege, the settlement or settlement negotiation privilege, settlement materials, or trial preparation materials. Any statement herein to the effect that Responding Party will provide information in response to a document request is limited to information that does not fall within the scope of any relevant privilege.

2.      Responding Party objects to any requirement that it identify or provide a list of any materials withheld from discovery pursuant to either the attorney-client communications privilege and/or the attorney work product immunity and which materials were created on or after December 27, 2023, the date on which this lawsuit was filed. Such a requirement would be unduly burdensome and would interfere with Responding Party's defense of this lawsuit by deterring the creation of such documents.

3.      Responding Party objects to the Document Requests to the extent they seek information that is irrelevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Responding Party objects to the Document Requests on the grounds that they are vague, ambiguous, and use unlimited, undefined, subjective or open-ended terms or phrases.

5.      Responding Party objects to the Document Requests to the extent that the purported benefit of the discovery sought by the Document Requests is outweighed by the burden and expense of responding to the Document Requests pursuant to Rules 26(b)(1) and 26(b)(2) of the Federal Rules of Civil Procedure.

6.      Responding Party objects to the Document Requests to the extent they purport to require complete responses from Responding Party within 30 days of service. Responding Party's investigation of the claims and defenses at issue in this Action is continuing, and Responding Party expressly reserves the right to supplement these responses as necessary.

7.      Responding Party objects to the Document Requests to the extent they attempt to impose burdens on Responding Party inconsistent with, or in excess of,

1    the requirements of the Federal Rules of Civil Procedure, the Central District of

2    California Local Rules, or any applicable orders of this Court.

3        8.    Responding Party objects to the Document Requests to the extent they

4    seek information unknown to Responding Party, that refers to persons, entities or

5    events not known to Responding Party, or that relates to documents not within

6    Responding Party's possession, custody, or control. Such a requirement would

7    exceed Responding Party's obligations under the Federal Rules and applicable Local

8    Rules and would subject Responding Party to unreasonable and undue oppression,

9    burden and expense. In responding to these Document Requests, Responding Party

10   shall respond only on behalf of itself and shall not undertake the burden and expense

11   of attempting to provide information presently unknown to Responding Party or

12   relating to documents outside Responding Party's possession, custody, or control.

13       9.    Responding Party objects to the Document Requests to the extent that

14   they seek publicly-available information, or information that is equally available to

15   Plaintiff from sources other than Responding Party, on the grounds that such

16   Document Requests are unduly burdensome, oppressive, and harassing.

17       10.    Responding Party objects to the Document Requests to the extent they

18   call for legal conclusions or contain express or implied assumptions of fact or law

19   with respect to matters at issue in this Action. Nothing in Responding Party's

20   responses or objections may be construed to reflect an agreement or concurrence by

21   Responding Party with Plaintiff's characterizations of any factual or legal issues.

22   Responding Party expressly reserves the right to contest any such characterization as

23   inaccurate and to provide and supplement its legal contentions in an appropriate

24   format on an appropriate schedule.

25       11.    Responding Party objects to the Document Requests to the extent they

26   fail to specify a relevant time period, or to the extent any specified time period is

27   irrelevant to any claim or defense at issue in this Action, on the grounds that the

28   Document Requests are overly broad, unduly burdensome, and seek information that

1  is neither relevant nor reasonably calculated to lead to the discovery of admissible

2  evidence.

3      12.    Responding Party objects to the Document Requests to the extent they

4  fail to specify a relevant geographic area, or to the extent any specified geographic

5  area is irrelevant to any claim or defense at issue in this Action, on the grounds that

6  the Document Requests are overly broad, unduly burdensome, and seek information

7  that is neither relevant nor reasonably calculated to lead to the discovery of

8  admissible evidence.

9      13.    Responding Party objects to the Document Requests to the extent they

10 seek "all" documents or communications relating to a particular topic or category of

11 information on the grounds that the Document Requests are overly broad, unduly

12 burdensome, and seek information that is neither relevant nor reasonably calculated

13 to lead to the discovery of admissible evidence.

14     14.    Responding Party objects to Plaintiff's definition of the terms "YOU"

15 and "YOUR" as vague and ambiguous, especially to the extent it seeks discovery

16 regarding Responding Party's "including its agents, attorneys, investigators,

17 affiliates and/or representatives, and any other person or entity who at any time has

18 acted or purported to act on behalf of Responding Party Sunny Khachatryan, and any

19 person answering these Requests."  Responding Party also objects to this definition

20 as overly broad and exceeding the scope of allowable discovery to the extent it

21 includes entities and individuals not named as parties (some of whom may be

22 unknown to Responding Party) in the instant Action, and over whom Responding

23 Party exercises no control. In responding to these Interrogatories, Responding Party

24 shall interpret the terms "YOU" and "YOUR" to refer only to Responding Party

25 Sunny Khachatryan.

26     15.    Responding Party objects to the requests to the extent that they seek

27 confidential, proprietary business documents and information. Responding Party

28 notes that no protective order has yet been entered by the Court. Until such time as a

6

1  protective order is entered, Responding Party shall withhold production of all

2  documents so that they may be endorsed with the appropriate level of confidentiality

3  at the time of production.

4      16.    Responding Party's response to any specific document request below is

5  not an admission that responsive, non-privileged information or documents exist in

6  its possession, custody, or control.

7      17.    Each and all of these General Objections shall be deemed incorporated

8  by reference into each and every objection made herein to a specific document

9  request.

10     Without waiver of the foregoing, Responding Party further responds as

11  follows:

12  ## RESPONSES TO DEMANDS FOR PRODUCTION

13  **DEMAND FOR PRODUCTION NO. 1:**

14     Any and all documents that support or refute any of Plaintiffs answers to

15  Defendants' interrogatories directed at You and/or Plaintiffs.

16  **RESPONSE TO DEMAND FOR PRODUCTION NO. 1:**

17     Plaintiffs object to this Request on the grounds that it is overbroad, vague and

18  ambiguous, unduly burdensome, not proportional to the case, and seeks the

19  production of documents not related or relevant to the matter in controversy. The

20  Request is also indefinite as to time and is without reasonable limitation in its scope.

21  Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

22  particularly with respect to the terms "Any and all documents" and "directed at You

23  and/Plaintiffs" responses."

24     Plaintiffs also object to this Request as unduly burdensome to the extent that it

25  requests information already known to Defendant.

26     Plaintiffs object to this Request to the extent that it seeks production of

27  confidential information prior to the entry of a protective order by the Court.

28

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

Subject to the foregoing specific objections and the General Objections, Plaintiff will produce relevant, non-privileged documents in its possession, custody, or control that can be located without undue burden, referenced in its responses to Defendant's Request, after entry of a protective order by the Court.

**DEMAND FOR PRODUCTION NO. 2:**

Any and all documents that relate to, support, or refute Plaintiffs' claims for statutory damages, actual damages, attorneys' fees, litigation expenses, costs and any other damages Plaintiffs seek as a result of the allegations contained in the Complaint.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 2:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. The Request is also indefinite as to time and is without reasonable limitation in its scope. Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Any and all documents" and "relate to, support, or refute."

Plaintiffs also object to this Request as unduly burdensome to the extent that it requests information already known to Defendant.

Plaintiffs object to this Request to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

*PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW(Ex)

1    Subject to the foregoing specific objections and the General Objections,
2  Plaintiff will produce relevant, non-privileged documents in its possession, custody,
3  or control that can be located without undue burden, referenced in its responses to
4  Defendant's Request, after entry of a protective order by the Court.

5

6  **DEMAND FOR PRODUCTION NO. 3:**

7    Any and all documents reflecting Plaintiffs public facing social media accounts
8  (Facebook, Instagram, Twitter, etc.).

9  **RESPONSE TO DEMAND FOR PRODUCTION NO. 3:**

10    Plaintiffs object to this Request on the grounds that it is overbroad, vague and
11  ambiguous, unduly burdensome, not proportional to the case, and seeks the
12  production of documents not related or relevant to the matter in controversy. The
13  Request is also indefinite as to time and is without reasonable limitation in its scope.
14  Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,
15  particularly with respect to the terms "Any and all documents" and "reflecting
16  Plaintiffs public facing social media accounts."

17    Plaintiffs also object to this Request as unduly burdensome to the extent that it
18  requests information already known to Defendant.

19    Plaintiffs object to this Request to the extent that it seeks production of
20  confidential information prior to the entry of a protective order by the Court.

21    Plaintiffs object to this Request to the extent that it calls for information that is
22  protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also
23  object to this Request to the extent that it calls for a legal conclusion.

24    Subject to the foregoing specific objections and the General Objections,
25  Plaintiff will produce relevant, non-privileged documents in its possession, custody,
26  or control that can be located without undue burden, referenced in its responses to
27  Defendant's Request, after entry of a protective order by the Court.

28

*PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW(Ex)

**DEMAND FOR PRODUCTION NO. 4:**

Any and all documents reflecting correspondence between Plaintiffs and Plaintiffs' counsel prior to signing an engagement agreement.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 4:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. The Request is also indefinite as to time and is without reasonable limitation in its scope. Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Any and all documents" and "correspondence between Plaintiffs and Plaintiffs' counsel prior to signing an engagement agreement."

Plaintiffs also object to this Request as unduly burdensome to the extent that it requests information already known to Defendant.

Plaintiffs object to this Request to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

Plaintiff cannot discern what non-privileged information Defendant is specifically seeking in this Request that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Request.

**DEMAND FOR PRODUCTION NO. 5:**

Any and all documents evidencing communications between you and any third-party relating to the claims in this case.

10

**RESPONSE TO DEMAND FOR PRODUCTION NO. 5:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. The Request is also indefinite as to time and is without reasonable limitation in its scope. Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Any and all documents", "evidencing communications", and "between you and any third-party."

Plaintiffs also object to this Request as unduly burdensome to the extent that it requests information already known to Defendant.

Plaintiffs object to this Request to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

Plaintiff cannot discern what non-privileged information Defendant is specifically seeking in this Request that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Request.

**DEMAND FOR PRODUCTION NO. 6:**

Any and all documents evidencing actual or attempted monetization related to the use or value of Minor Plaintiffs' identity.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 6:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. The

11

Request is also indefinite as to time and is without reasonable limitation in its scope. Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Any and all documents", "evidencing actual or attempted monetization", and "the use or value of Minor Plaintiffs' identit[ies]."

Plaintiffs also object to this Request as unduly burdensome to the extent that it requests information already known to Defendant.

Plaintiffs object to this Request to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

Plaintiff cannot discern what non-privileged information Defendant is specifically seeking in this Request that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Request.

**DEMAND FOR PRODUCTION NO. 7:**

Any and all documents relating to a photo shoot, modeling job, acting job, or brand influence promotion in which Minor Plaintiffs have performed since January 1, 2020, through present, including any documents that evidence, reflect, or otherwise refer to monetary payments for and the transfer or assignment of any intellectual property rights relating to said shoot/job/promotion.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 7:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

1  particularly with respect to the terms "Any and all documents" and "any documents

2  that evidence, reflect, or otherwise refer to monetary payments for and the transfer or

3  assignment of any intellectual property rights."

4       Plaintiffs also object to this Request as unduly burdensome to the extent that it

5  requests information already known to Defendant.

6       Plaintiffs object to this Request to the extent that it seeks production of

7  confidential information prior to the entry of a protective order by the Court.

8       Plaintiffs object to this Request to the extent that it calls for information that is

9  protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also

10  object to this Request to the extent that it calls for a legal conclusion.

11       Subject to the foregoing specific objections and the General Objections,

12  Plaintiff will produce relevant, non-privileged documents in its possession, custody,

13  or control that can be located without undue burden, referenced in its responses to

14  Defendant's Request, after entry of a protective order by the Court.

15

16  **DEMAND FOR PRODUCTION NO. 8:**

17       Any and all contracts or agreements that were ever entered into, and/or was in

18  effect, between Minor Plaintiffs and any talent agent or talent management

19  representative or since January 1, 2020, through present.

20  **RESPONSE TO DEMAND FOR PRODUCTION NO. 8:**

21       Plaintiffs object to this Request on the grounds that it is overbroad, vague and

22  ambiguous, unduly burdensome, not proportional to the case, and seeks the

23  production of documents not related or relevant to the matter in controversy.

24  Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

25  particularly with respect to the terms "Any and all contracts or agreements" and "that

26  were ever entered into."

27       Plaintiffs also object to this Request as unduly burdensome to the extent that it

28  requests information already known to Defendant.

1    Plaintiffs object to this Request to the extent that it seeks production of
2  confidential information prior to the entry of a protective order by the Court.

3    Plaintiffs object to this Request to the extent that it calls for information that is
4  protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also
5  object to this Request to the extent that it calls for a legal conclusion.

6    Subject to the foregoing specific objections and the General Objections,
7  Plaintiff will produce relevant, non-privileged documents in its possession, custody,
8  or control that can be located without undue burden, referenced in its responses to
9  Defendant's Request, after entry of a protective order by the Court.

10

11 **DEMAND FOR PRODUCTION NO. 9:**

12    Any and all documents and/or communications related to the copyright
13  registration of the Photograph as alleged in Paragraphs 16 through 22 of Plaintiffs'
14  Complaint.

15 **RESPONSE TO DEMAND FOR PRODUCTION NO. 9:**

16    Plaintiffs object to this Request on the grounds that it is overbroad, vague and
17  ambiguous, unduly burdensome, not proportional to the case, and seeks the
18  production of documents not related or relevant to the matter in controversy. The
19  Request is also indefinite as to time and is without reasonable limitation in its scope.
20  Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,
21  particularly with respect to the terms "Any and all documents" and "and/or
22  communications."

23    Plaintiffs also object to this Request as unduly burdensome to the extent that it
24  requests information already known to Defendant.

25    Plaintiffs object to this Request to the extent that it seeks production of
26  confidential information prior to the entry of a protective order by the Court.

27

28

*PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW(Ex)

1    Plaintiffs object to this Request to the extent that it calls for information that is

2    protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also

3    object to this Request to the extent that it calls for a legal conclusion.

4    Subject to the foregoing specific objections and the General Objections,

5    Plaintiff will produce relevant, non-privileged documents in its possession, custody,

6    or control that can be located without undue burden, referenced in its responses to

7    Defendant's Request, after entry of a protective order by the Court.

8

9    **DEMAND FOR PRODUCTION NO. 10:**

10    Any and all documents and/or communications related to the issue of consent

11    of use of the Photograph as alleged in Paragraph 30 of Plaintiffs' Complaint.

12    **RESPONSE TO DEMAND FOR PRODUCTION NO. 10:**

13    Plaintiffs object to this Request on the grounds that it is overbroad, vague and

14    ambiguous, unduly burdensome, not proportional to the case, and seeks the

15    production of documents not related or relevant to the matter in controversy. The

16    Request is also indefinite as to time and is without reasonable limitation in its scope.

17    Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

18    particularly with respect to the terms "Any and all documents" and "and/or

19    communications."

20    Plaintiffs also object to this Request as unduly burdensome to the extent that it

21    requests information already known to Defendant.

22    Plaintiffs object to this Request to the extent that it seeks production of

23    confidential information prior to the entry of a protective order by the Court.

24    Plaintiffs object to this Request to the extent that it calls for information that is

25    protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also

26    object to this Request to the extent that it calls for a legal conclusion.

27    Subject to the foregoing specific objections and the General Objections,

28    Plaintiff will produce relevant, non-privileged documents in its possession, custody,

15

1  or control that can be located without undue burden, referenced in its responses to

2  Defendant's Request, after entry of a protective order by the Court.

3

4  **DEMAND FOR PRODUCTION NO. 11:**

5      Any and all documents and/or communications detailing any profits, wages, or

6  other compensation Minor Plaintiffs have received from January 1, 2020, through

7  present.

8  **RESPONSE TO DEMAND FOR PRODUCTION NO. 11:**

9      Plaintiffs object to this Request on the grounds that it is overbroad, vague and

10 ambiguous, unduly burdensome, not proportional to the case, and seeks the

11 production of documents not related or relevant to the matter in controversy.

12 Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

13 particularly with respect to the terms "Any and all documents" and "and/or

14 communications detailing any profits, wages, or other compensation."

15     Plaintiffs also object to this Request as unduly burdensome to the extent that it

16 requests information already known to Defendant.

17     Plaintiffs object to this Request to the extent that it seeks production of

18 confidential information prior to the entry of a protective order by the Court.

19     Plaintiffs object to this Request to the extent that it calls for information that is

20 protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also

21 object to this Request to the extent that it calls for a legal conclusion.

22     Subject to the foregoing specific objections and the General Objections,

23 Plaintiff will produce relevant, non-privileged documents in its possession, custody,

24 or control that can be located without undue burden, referenced in its responses to

25 Defendant's Request, after entry of a protective order by the Court.

26

27 **DEMAND FOR PRODUCTION NO. 12:**

28     Any and all documents supporting or refuting any claim in this case.

16

**RESPONSE TO DEMAND FOR PRODUCTION NO. 12:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. The Request is also indefinite as to time and is without reasonable limitation in its scope. Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Any and all documents" and "any claim in this case."

Plaintiffs also object to this Request as unduly burdensome to the extent that it requests information already known to Defendant.

Plaintiffs object to this Request to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

Plaintiff cannot discern what non-privileged information Defendant is specifically seeking in this Request that is proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Request.

**DEMAND FOR PRODUCTION NO. 13:**

Any and all documents supporting or refuting any claim for damages in this case.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 13:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. The Request is also indefinite as to time and is without reasonable limitation in its scope.

17

1    Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

2    particularly with respect to the terms "Any and all documents" and "supporting or

3    refuting any claim for damages in this case."

4        Plaintiffs also object to this Request as unduly burdensome to the extent that it

5    requests information already known to Defendant.

6        Plaintiffs object to this Request to the extent that it seeks production of

7    confidential information prior to the entry of a protective order by the Court.

8        Plaintiffs object to this Request to the extent that it calls for information that is

9    protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also

10   object to this Request to the extent that it calls for a legal conclusion.

11       Plaintiff cannot discern what non-privileged information Defendant is

12   specifically seeking in this Request that is proportional to the needs of the case at this

13   stage in the action, and therefore cannot provide a further response unless and until

14   Defendant provides a more particularized Request.

*PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW(Ex)

DATED:  July 12, 2024        **TARTER KRINSKY & DROGIN LLP**


By:        */s/ Brian Bloom*
_____
Tyler R. Dowdall, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
Renata A. Guidry, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:    (424) 330-8580
Facsimile:    (315) 512-1465

Brian Bloom (*pro hac vice*)
*bbloom@tarterkrinsky.com*
Eliezer Lekht (*pro hac vice*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor

# CERTIFICATE OF SERVICE
## SUNNY KHACHATRYAN, an individual, et al. v. 1 HOTEL WEST HOLLYWOOD, L.L.C

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 400N, Los Angeles, CA 90067.

On July 15, 2024, I served true copies of the following document(s) described as **PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR'S RESPONSES TO DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

| | |
|---|---|
| CLARK HILL LLP | Attorneys for Defendants 1 |
| Myriah Jaworski | HOTEL WESTHOLLYWOOD, |
| mjaworski@clarkhill.com | L.L.C.; SH GROUP |
| One America Plaza | OPERATIONS, L.L.C.; |
| 600 West Broadway, Suite 500 | SH GROUP GLOBAL IP |
| San Diego, CA 92101 | HOLDINGS, L.L.C. |
| Telephone: (619) 557-0404 | |
| Facsimile:  (619) 557-0460 | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of thedocument(s) to be sent from e-mail address BGenser@tarterkrinsky.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 15, 2024, at Los Angeles, California.

*/s/ Brooke M. Genser*
Brooke M. Genser

20

*PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW(Ex)

# **Exhibit 10**

CLARK HILL
Myriah V. Jaworski, Esq. (SBN 336898)
mjaworski@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone:   (619) 557-0404
Facsimile:   (619) 557-0460

Attorneys for Defendant 1 HOTEL WEST
HOLLYWOOD, L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B.A.J., A MINOR; AND I.M., A MINOR,<br><br>                              Plaintiffs,<br><br>          v.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.,<br><br>                              Defendant. | Case No. 2:23-cv-10829<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br>Judge: Hon. Otis D. Wright II<br>Magistrate Judge: Hon. Charles F. Eick |

## I.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the

applicable legal principles.

## II.    GOOD CAUSE STATEMENT

This action is likely to personal information related to minors and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of minors), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.    ACKNOWLEDGEMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right

of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not – without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## IV.   DEFINITIONS

4.1   <u>Action</u>: this pending lawsuit captioned *Sunny Khachatryan, et. al. v. 1 Hotel West Hollywood, LLC*, Case No. 2:23-cv-10829-ODW (C.D. Cal.).

4.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible Things), that are produced or generated in disclosures or responses to discovery.

4.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9   <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.10   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared

in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.11   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosures or Discovery Material in this Action.

4.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**V.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

**VI.   <u>DURATION</u>**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all

members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

## VII.   DESIGNATING PROTECTED MATERIAL

7.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material documents, items, or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VIII.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

8.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et. seq*.

8.3    <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**IX.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

9.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a

Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) [TO BE NEGOTIATED AND PREPARED BY PARTIES AND ATTACHED TO STIPULATION AND PROPOSED ORDER];

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party

requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## X.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be

construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## XI.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the NonParty that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

## XIII.  INADVERTENT PRODUCTION OF PRIVILIGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## XIV. MISCELLANEOUS

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this
Stipulated Protective Order. Similarly, no Party waives any right to object on any
ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any
Protected Material must comply with Local Civil Rule 79-5. Protected Material may
only be filed under seal pursuant to a court order authorizing the sealing of the
specific Protected Material. If a Party's request to file Protected Material under seal
is denied by the court, then the Receiving Party may file the information in the public
record unless otherwise instructed by the court.

## XV.   **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 6, within 60
days of a written request by the Designating Party, each Receiving Party must return
all Protected Material to the Producing Party or destroy such material. As used in
this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
summaries, and any other format reproducing or capturing any of the Protected
Material. Whether the Protected Material is returned or destroyed, the Receiving
Party must submit a written certification to the Producing Party (and, if not the same
person or entity, to the Designating Party) by the 60-day deadline that (1) identifies
(by category, where appropriate) all the Protected Material that was returned or
destroyed and (2) affirms that the Receiving Party has not retained any copies,
abstracts, compilations, summaries or any other format reproducing or capturing any
of the Protected Material. Notwithstanding this provision, Counsel are entitled to
retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
reports, attorney work product, and consultant and expert work product, even if such
materials contain Protected Material. Any such archival copies that contain or
constitute Protected Material remain subject to this Protective Order as set forth in
Section 6 (DURATION).

## XVI.  **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____          _____
                                   Attorneys for Plaintiffs

DATED: _____          _____
                                   Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _____

                                   _____
                                   OTIS D. WIRIGHT, II
                                   United States Magistrate Judge

# **<u>Exhibit 11</u>**

CLARK HILL PLC
Myriah Jaworski (SBN 336898)
mjaworski@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone:   (619) 557-0404
Facsimile:    (619) 557-0460

Attorneys for Defendants 1 HOTEL WEST
HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS,
L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B.A.J., A MINOR; AND I.M., A MINOR,<br><br>                    Plaintiffs,<br><br>        v.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.; AND DOES 1 THROUGH 70, INCLUSIVE,<br><br>                    Defendants. | Case No. 2:23-cv-10829-ODW-E<br><br>**DEFENDANTS 1 HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH GROUP GLOBAL IP HOLDINGS, L.L.C.'S NOTICE OF DEPOSITION OF PLAINTIFF SUNNY KHACHATRYAN** |

PLEASE TAKE NOTICE that that on **August 7, 2024**, or as agreed upon by the parties, Defendants will take the deposition upon oral examination of **Plaintiff Sunny Khachatryan** pursuant to Fed. R. Civ. P. 30(b), at the law offices of Clark Hill PLC, 555 South Flower Street, 24th Floor, Los Angeles, CA 90071. The deposition will be recorded by stenographic means and/or video recording before an officer authorized to administer oaths. If necessary, the deposition will be adjourned until completed.

1                                    CASE NO.:  2:23-CV-10829-ODW-E

Dated:  July 9, 2024                        CLARK HILL LLP


                                            By:  */s/ Myriah V. Jaworski*
                                                 Myriah V. Jaworski (SBN 336898)

                                                 Attorneys for Defendants 1 HOTEL
                                                 WEST HOLLYWOOD, L.L.C.; SH
                                                 GROUP OPERATIONS, L.L.C.; SH
                                                 GROUP GLOBAL IP HOLDINGS,
                                                 L.L.C

# Exhibit 12



Nicolas V. Dolce
D (312) 360-2113
Email:ndolce@clarkhill.com

Clark Hill
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
T (312) 985-5900
F (312) 985-5999

July 16, 2024

**VIA EMAIL ONLY**

Tyler R. Dowdall, tdowdall@tarterkrinsky.com
Renata A. Guidry, rguidry@tarterkrinsky.com
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N
Los Angeles, California 90067

Brian Bloom, bbloom@tarterkrinsky.com
Eliezer Lekht, elekht@tarterkrinsky.com
Tarter Krinsky & Drogin LLP
1350 Broadway
New York, New York 10018

    **Re:**  **Written Discovery Deficiency Correspondence L.R. 37-1 Correspondence**
        *Sunny Khachatryan, et. al. v. 1 Hotel West Hollywood, LLC*
        Case No. 2:23-cv-10829-ODW (C.D. Cal.)

Dear Counsel:

We write pursuant to Local Civil Rule 37-1 and Fed. R. Civ. P. 37, to request Plaintiffs supplementation of the deficiencies in their July 15, 2024 responses to Defendant 1 Hotel West Hollywood, LLC's ("1 Hotel") Interrogatories ("Interrog.") and Requests for Production ("RFP") (collectively "Discovery Requests").

**Pursuant to Local Rule 37-1, please either confirm that you will provide supplemental responses curing your complete failure to respond to discovery by July 24, 2024, or provide your availability for a telephonic conference on either July 18, 2024 or July 19, 2024.** As this involves Plaintiffs' complete refusal to answer Defendant's Discovery Requests (rather than a dispute as to sufficiency of responses), Defendant will promptly move for Plaintiffs' compliance if Plaintiffs do not either promptly confer or provide responses to Defendant's Discovery Requests.

                \*       \*       \*

### I.    __Plaintiffs' Discovery Deficiencies__

#### a.    __Plaintiffs Complete Refusal to Respond to Defendants' Discovery Requests__

Plaintiffs objected to and ***refused to respond to all*** of 1 Hotel's Discovery Requests. In doing so, Plaintiffs relied on redundant boilerplate objections that provide no particularity for the basis of the objection. Most troublesome is that many of Plaintiffs' objections are the most dubious of straw men – Plaintiffs improperly transcribed Defendants' Discovery Requests in its responses and then asserted objections based on its own improper transcription.

"[A]ttempt[s] to evade disclosure through reliance on boilerplate objections is an abuse of the discovery process." *Marti v. Baires*, 1:08-CV-00653-AWI, 2012 WL 2029720, at *7 (E.D. Cal. June 5, 2012). Defendant's Discovery Requests are will within Fed. R. Civ. P. 26(b)(1) which allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *See Insight Psychology & Addiction, Inc. v. City of Costa Mesa*, 2021 WL 6102425, at *1 (C.D. Cal. Oct. 29, 2021) ("[r]elevance under Rule 26(b)(1) is defined broadly").

Even if Plaintiffs could assert legitimate objections Defendant's discovery requests "[g]eneral or boilerplate objections . . . are improper." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Relevancy objections require an "explanation or argument why the requested documents are not relevant." *Id*. "[B]urdensome and harassing" typically require "evidentiary declarations supporting such objection." *Id*. (citing *Paulsen v. Case Corp*., 168 F.R.D. 285, 289 (C.D. Cal.1996)).

"Courts need not tolerate flagrant abuses of the discovery process." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980). Plaintiffs' complete refusal to respond to a single discovery request, combined with its use of boilerplate objections, demonstrates an abject failure to participate in discovery in good faith. While Plaintiffs complete failure to participate in discovery warrants immediate court intervention, Defendant nonetheless submits this correspondence in compliance with L. Civ. R. 37. __Please provide complete and proper responses to all discovery requests immediately.__

#### b.    __Improper Blanket Confidentiality Objection__

Plaintiffs' objection to every Discovery Request is not in good faith. Much of the expected information requested by Defendant would not be subject to confidentiality. For example, information like social media account names, identities of persons with factual knowledge of the allegations, and documents supporting damages calculations are not confidential information.

Highlighting Plaintiffs' lack of good faith is their failure to negotiate a protective order with Defendant, despite the expected reliance on confidentiality objections. It is curious that Plaintiffs have delayed prosecution of their own claims through their reluctance to produce information supporting their own claims. Nonetheless, Defendants have prepared a draft protective order using the Central District's model order.

__Please promptly (1) supplement your responses with all non-confidential information, and (2) provide proposed revisions or consent to entry of the protective order.__

*Sunny Khachatryan, et. al. v. 1 Hotel West Hollywood, LLC*
*Case No. 2:23-cv-10829-ODW (C.D. Cal.) – L.R. 37-1 Correspondence*
July 16, 2024
Page 3

> c. <u>**Specific Requests for Supplementation**</u>

Pursuant to L. Civ. R. 37.1, Defendant's articulate the following deficiencies in Plaintiffs' Responses to Defendant's Discovery Requests:

- <u>**Interrog. No. 1**</u>. This request seeks basic information regarding the identity of the persons responsible for responding to these requests. Plaintiffs did not provide any particularized objection to this request. <u>Please provide a full response.</u>

- <u>**Interrog. No. 2; RFP Nos. 1, 12**</u>. These requests seek identification of any documents that support the allegations of the Amended Complaint. These documents are directly related to the issues of the case, specifically damages sought by Plaintiffs. <u>Please produce the requested information.</u>

- <u>**Interrog. No. 3; RFP Nos. 3, 13**</u>. These requests seek articulation of all damages incurred by Plaintiffs. Plaintiffs' Amended Complaint seeks actual damages, 1 Hotel's profits that are attributable to the alleged infringement, and restitution. Thus, Plaintiffs' articulation of any actual injury suffered based on the foregoing conduct is directly relevant to Plaintiffs' demand for actual and/or compensatory damages. <u>Please supplement these responses with (i) articulation of any alleged actual injuries Plaintiffs claimed they suffered, and (ii) identification of supporting documents</u>.[1]

- <u>**Interrog. Nos. 4-5; RFP Nos. 4-5**</u>. These requests seek identification of any person(s) with knowledge of the allegations in the Amended Complaint, and the production of any documents or communications in those individuals' possession. The identity of the person(s) is directly relevant to the issues of the case and necessary for 1 Hotel to fully investigate the allegations asserted and damages sought. Plaintiffs did not provide any particularized objection to this request. <u>Please provide a full response.</u>

- <u>**Interrog. No. 6**</u>. These requests seek information relating to Plaintiff's involvement in other lawsuits. Plaintiff's own participation in litigation is readily available to her, her responses provided no explanation as to why providing this information would entail undue burden of expense. <u>Please provide a full response.</u>

- <u>**Interrog. No. 7**</u>. These requests seek disclosure of criminal convictions of felonies, or those involving false statements or dishonesty. Evidence of such convictions is admissible to demonstrate a "witness's character for truthfulness." Fed. R. Evid. 609. Plaintiffs' own criminal history is readily available to her, and her responses provided no explanation as to why providing this information would entail undue burden of expense. Plaintiffs did not provide any particularized objection to this request. <u>Please provide a full response.</u>

- <u>**Interrog. No. 8**</u>. This request seeks identification of every person(s) involved in the posting of the Photograph to Instagram as alleged in the Complaint (and re-alleged in the Amended

---

[1] 1 Hotel will withhold its request in Interrogatory No. 3 and RFP No. 3 for information related to Plaintiffs' incurred "attorneys' fees and costs of suit" until the information becomes relevant.

Complaint in ¶ 20). The identity of the person(s) involved is directly relevant to the issues of the case, specifically the issue of consent. Plaintiffs did not provide any particularized objection to this request. Please provide a full response.

- **Interrog. No. 10**. This request seeks identification of every person(s) involved in the Instagram messaging communications with 1 Hotel, as described in the Defendant's Partial Answer and Affirmative Defenses. The identity of the person(s) involved is directly relevant to the issues of the case, specifically the issue of consent. Plaintiffs did not provide any particularized objection to this request. Please provide a full response.

- **Interrog. Nos. 11-13; RFP Nos. 6-8**. These requests seek information and documents related to the purported modeling and acting careers of the Minor Plaintiffs as alleged in the Amended Complaint. This information is directly relevant to value of Plaintiffs' claims and the alleged damages sought. The information is also necessary for 1 Hotel to properly evaluate the relief sought and determine the appropriateness of the calculation Plaintiffs' use to reach the value of damages sought. Plaintiffs did not provide any particularized objection to this request. Please produce the requested information.

- **Interrog. Nos. 14-16; RFP No. 3**. These requests seek identification of Plaintiffs' social media accounts. These requests are relevant to issues of consent; in particular, whether Plaintiffs consented to the use of her information through these providers terms of service and/or through voluntarily provision. Plaintiffs did not provide any particularized objection to this request. Please produce the requested information.

- **Interrog. No. 17**. This request seeks basic identification of how and when Plaintiffs first identified the use of the Photograph on 1 Hotel's website. This request is directly relevant to the issues of consent and mitigation of damages. This information is personally known to Plaintiffs and there is attendant burden in responding to this interrogatory. Plaintiffs did not provide any particularized objection to this request. Please produce the requested information.

- **RFP No. 10**. This request seeks identification of any documents and/or communications between Plaintiffs and 1 Hotel. The production of such information is directly relevant to the issues of the case, specifically the issue of consent. Plaintiffs did not provide any particularized objection to this request. Please produce the requested information.

- **Interrog. No. 18; RFP No. 11**. These requests seek information and documents related to profits, wages, or other compensation received by the Minor Plaintiffs during the relevant period. This information is directly relevant to value of Plaintiffs' claims and the alleged damages sought. The information is also necessary for 1 Hotel to properly evaluate the relief sought and determine the appropriateness of the calculation Plaintiffs' use to reach the value of damages sought. Plaintiffs did not provide any particularized objection to this request. Please produce the requested information.

*    *    *

*Sunny Khachatryan, et. al. v. 1 Hotel West Hollywood, LLC*
*Case No. 2:23-cv-10829-ODW (C.D. Cal.) – L.R. 37-1 Correspondence*
July 16, 2024
Page 5

As stated above, "[c]ourts need not tolerate flagrant abuses of the discovery process." *Campbell*, 619 F.2d at 27.

**Pursuant to Local Rule 37-1, please:**

(1)  **either confirm that you will provide supplemental responses curing your complete failure to respond to discovery by July 24, 2024, or provide your availability for a telephonic conference on either July 18, 2024 or July 19, 2024; and**

(2)  **either promptly provide your revisions to the enclosed protective order, or confirm your consent to entry by joint stipulation.**

We look forward to seeing Plaintiffs' discovery responses.

Sincerely,

Nicolas V. Dolce

# **<u>Exhibit 13</u>**

**Dolce, Nicolas**

| | |
|---|---|
| **From:** | Jaworski, Myriah |
| **Sent:** | Tuesday, July 30, 2024 1:37 PM |
| **To:** | Tyler R. Dowdall; Dolce, Nicolas; Brian A. Bloom; Eliezer Lekht; Lisa Niewdach; Renata Guidry |
| **Cc:** | Brooke Genser; Patel, Chirag |
| **Subject:** | RE: Khachatryan v. SH Group - Plaintiffs' Responses and Objections to Defendants' Discovery Requests |

Tyler and Brian,

We would like to schedule a pre-filing conference of counsel under Local Rule 37-1.  We are available on Thursday 8/1 between 12-3pm PST or Monday 8/5 between 2-5pm PST.   Please let us know a time and date that works for you.

We would like to confer on:

- Plaintiffs' Deficient Rule 26(a)(1) damages disclosures, see 7/12 email from SH Group counsel.
- Plaintiffs' Failure to provide substantive response to SH Group Interrogatories – completely outstanding/no responses provided by Plaintiffs.
- Plaintiffs' 7/26 production deficiencies
    - Relevant timeframe – no information provided from 2022-present day.
    - No production concerning Plaintiffs Brave Johnson or Sunny Khachatryan
    - Communications, emails, correspondences produced at all.
- SH Group's Deposition notice to S. Khachatryan

Thanks,
Myriah

---

**From:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>
**Sent:** Monday, July 22, 2024 11:53 AM
**To:** Jaworski, Myriah <mjaworski@clarkhill.com>; Dolce, Nicolas <ndolce@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Renata Guidry <rguidry@tarterkrinsky.com>
**Cc:** Brooke Genser <bgenser@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** RE: Khachatryan v. SH Group - Plaintiffs' Responses and Objections to Defendants' Discovery Requests

**[External Message]**

Myriah,

The assertion that our office is "only now gathering information" or that we have otherwise abrogated our responsibilities as counsel is resoundingly rejected.  Your office served RFPs and we are working on gathering responsive information and documents to your discovery. That is a normal part of litigation.

Your email asserts that you are giving us until July 19 (last Friday, ie, three days ago) to serve supplemental responses. On the assumption that you hit a '1' instead of a '2', we will endeavor to serve supplemental responses by July 29.

Thank you,



**Tyler R. Dowdall|Partner**
T: 424-330-8580|F: 212-216-8001
tdowdall@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N|Los Angeles|CA|90067
www.tarterkrinsky.com|LinkedIn

*Crain's 2023 best places to work in NYC*

---

**From:** Jaworski, Myriah <mjaworski@clarkhill.com>
**Sent:** Monday, July 22, 2024 8:46 AM
**To:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Renata Guidry <rguidry@tarterkrinsky.com>
**Cc:** Brooke Genser <bgenser@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** [EXT] RE: Khachatryan v. SH Group - Plaintiffs' Responses and Objections to Defendants' Discovery Requests


Tyler and Brian:

Since before this claim was filed, SH Group has asked for records/documents supporting your clients claims and damages.  As a party to litigation, and as counsel to a party in litigation, both the Khachatryan's and Tarter Krinsky as their counsel are obligated to search for and preserve relevant documents at the outset.  The representation that you are only now gathering information and documents – days after your clients responses and productions to SH Groups discovery demands were due on 7/15 – is totally unacceptable.

Produce responsive documents to us by COB Friday, July 19.  We will move to compel and/or for other discovery sanctions if a production is not made by this date.

Myriah

---

**From:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>
**Sent:** Friday, July 19, 2024 4:28 PM
**To:** Jaworski, Myriah <mjaworski@clarkhill.com>; Dolce, Nicolas <ndolce@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Renata Guidry <rguidry@tarterkrinsky.com>
**Cc:** Brooke Genser <bgenser@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** RE: Khachatryan v. SH Group - Plaintiffs' Responses and Objections to Defendants' Discovery Requests

**[External Message]**

---

Myriah,

We will serve supplemental responses.

Can we have a bit more time please? We had to object to preserve our rights but need additional time to gather information/documents from the client.  We will not be able to get everything together by July 24.  I am also prepping for a trial starting 7/31 which is limiting my availability to assist.

Thanks,

 **Tyler R. Dowdall|Partner**
T: 424-330-8580|F: 212-216-8001
tdowdall@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N|Los Angeles|CA|90067
www.tarterkrinsky.com|LinkedIn

*Crain's 2023 best places to work in NYC*

**From:** Jaworski, Myriah <mjaworski@clarkhill.com>
**Sent:** Wednesday, July 17, 2024 2:53 PM
**To:** Dolce, Nicolas <ndolce@clarkhill.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>; Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Renata Guidry <rguidry@tarterkrinsky.com>
**Cc:** Brooke Genser <bgenser@tarterkrinsky.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** [EXT] RE: Khachatryan v. SH Group - Plaintiffs' Responses and Objections to Defendants' Discovery Requests

Counsel – Per the below, please advise on your availability for a meet and confer tomorrow or Friday.

**From:** Dolce, Nicolas <ndolce@clarkhill.com>
**Sent:** Tuesday, July 16, 2024 9:43 PM
**To:** Brian A. Bloom <bbloom@tarterkrinsky.com>; Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Renata Guidry <rguidry@tarterkrinsky.com>
**Cc:** Brooke Genser <bgenser@tarterkrinsky.com>; Jaworski, Myriah <mjaworski@clarkhill.com>; Patel, Chirag <cpatel@clarkhill.com>
**Subject:** RE: Khachatryan v. SH Group - Plaintiffs' Responses and Objections to Defendants' Discovery Requests

Counsel,

Pursuant to Local Civil Rule 37-1, please find attached Defendant 1 Hotel's discovery correspondence concerning deficiencies in Plaintiffs' July 15, 2024 Discovery Responses. In accordance with the local rules, we request to meet and confer via telephonic conference on either July 18th or July 19th – please let us know your availability on those dates.

Respectfully,

**Nicolas V. Dolce**
Attorney at Law
**Clark Hill**
130 E. Randolph Street, Suite 3900, Chicago, IL 60601
+1 312.360.2113 (office) | +1 312.517.7580 (fax)
ndolce@clarkhill.com | www.clarkhill.com

**From:** Brooke Genser <bgenser@tarterkrinsky.com>
**Sent:** Tuesday, July 16, 2024 12:35 AM
**To:** Jaworski, Myriah <mjaworski@clarkhill.com>; Dolce, Nicolas <ndolce@clarkhill.com>; Patel, Chirag <cpatel@clarkhill.com>
**Cc:** Eliezer Lekht <elekht@tarterkrinsky.com>; Lisa Niewdach <lniewdach@tarterkrinsky.com>; Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Brian A. Bloom <bbloom@tarterkrinsky.com>; Renata Guidry <rguidry@tarterkrinsky.com>
**Subject:** Khachatryan v. SH Group - Plaintiffs' Responses and Objections to Defendants' Discovery Requests

[External Message]

Counsel:

For electronic service, please find attached Plaintiffs' responses to:

    1) Defendants' Request for Interrogatories – Set One; and
    2) Defendants' Request for Production of Documents – Set One.

Thank you,



**Brooke Genser|Litigation Paralegal**
T: 424-330-8579|F: 315-519-4074
bgenser@tarterkrinsky.com
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N|Los Angeles|CA|90067
www.tarterkrinsky.com

*Crain's 2023 best places to work in NYC*

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.