# EXHIBIT 1

1   TYLER R. DOWDALL, State Bar No. 258950
    *tdowdall@tarterkrinsky.com*
2   RENATA A. GUIDRY, State Bar No. 227713
    *rguidry@tarterkrinsky.com*
3   **TARTER KRINSKY & DROGIN LLP**
    2029 Century Park East, Suite 400N
4   Los Angeles, California 90067
    Telephone:  (424) 330-8580
5   Facsimile:   (315) 512-1465

6   ELIEZER LEKHT *(pro hac vice)*
    *elekht@tarterkrinsky.com*
7   **TARTER KRINSKY & DROGIN LLP**
    1350 Broadway
8   New York, New York 10018
    Telephone: (212) 574-0350
9   Facsimile: (212) 216-8001

10  *Attorneys for* Plaintiffs Sunny
    Khachatryan, Tatevik Khachatryan, B.A.J,
11  a minor and I.M, a minor

12
13

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 SUNNY KHACHATRYAN, an individual; TATEVIK KHACHATRYAN, an individual; B. A. 16 J, a minor; and I.M, a minor, | CASE NO. 2:23-cv-10829-ODW(Ex) |
| 17        Plaintiffs, | **PLAINTIFFS' SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR, SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C. FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN** |
| 18        vs. | |
| 19 | |
| 20 1 HOTEL WEST HOLLYWOOD, L.L.C. | |
| 21        Defendant. | |

22
23
24
25
26
27
28

EXHIBIT 1
PAGE 1
1

PROPOUNDING PARTY:     DEFENDANT 1 HOTEL WEST HOLLYWOOD, L.L.C.

RESPONDING PARTY:     PLAINTIFFS SUNNY KHACHATRYAN, AN INDIVIDUAL

SET NO.:     ONE

INTERROGATORY NOS.:     1–18

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Sunny Khachatryan ("Responding Party") hereby submits these objections and responses to the First Set of Interrogatories propounded by Defendants 1Hotel West Hollywood, L.L.C.; SH Group Operations, L.L.C.; and SH Group Global IP Holdings, L.L.C. (collectively, "Defendants") ("Propounding Party") as follows:

## **PRELIMINARY STATEMENT**

Responding Party's investigation, discovery and analysis are ongoing, and Responding Party's response to each of these Interrogatories is based on information and documents presently available to Responding Party after reasonable inquiry. Responding Party reserves the right to supplement or amend these responses in the event further information and/or documents are disclosed or discovered. In addition, Responding Party's responses are given without prejudice to its right to introduce as evidence at trial any subsequently discovered or unintentionally omitted information and/or documents.

Specific objections to each of these Interrogatories are made on an individual basis in the responses below. In addition to these specific objects, Responding Party makes certain continuing objections ("General Objections") to the Interrogatories. These General Objections are hereby incorporated by reference into the responses made with respect to each separate interrogatory. For particular emphasis, Responding Party has, from time to time, expressly included one or more of the General Objections in certain of its response below. Responding Party's response to each individual interrogatory is submitted without prejudice to, and without in any

respect waiving, any General Objections not expressly set forth in that response. Accordingly, the inclusion of any specific objection in a response to an interrogatory below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objections or of any specific objection made herein or that may be asserted at a later date. In addition, the failure to include at this time any continuing or specific objection to an interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of Responding Party's right to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the responses herein. Responding Party's response and/or objections to a particular interrogatory shall not be taken as an admission that Responding Party accepts or admits the existence of any "fact" set forth in or assumed by that interrogatory.

## **GENERAL OBJECTIONS**

Responding Party makes the following General Objections to Defendants' Interrogatories, including without limitation, the Instructions and Definitions set forth therein, whether or not separately set forth in each response to each individual interrogatory:

1.      Responding Party objects to the Interrogatories to the extent they seek information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, the joint defense privilege, the settlement or settlement negotiation privilege, settlement materials, or trial preparation materials. Any statement herein to the effect that Responding Party will provide information in response to an interrogatory is limited to information that does not fall within the scope of any relevant privilege.

2.      Responding Party objects to any requirement that it identify or provide a list of any materials withheld from discovery pursuant to either the attorney-client communications privilege and/or the attorney work product immunity and which materials were created on or after December 27, 2023, the date on which this lawsuit

EXHIBIT 1
PAGE 3
3

was filed. Such a requirement would be unduly burdensome and would interfere with Responding Party's defense of this lawsuit by deterring the creation of such documents.

3.      Responding Party objects to the Interrogatories to the extent they seek information that is irrelevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Responding Party objects to the Interrogatories on the grounds that they are vague, ambiguous, and use unlimited, undefined, subjective or open-ended terms or phrases.

5.      Responding Party objects to the Interrogatories to the extent that the purported benefit of the discovery sought by the Interrogatories is outweighed by the burden and expense of responding to the Interrogatories pursuant to Rules 26(b)(1) and 26(b)(2) of the Federal Rules of Civil Procedure.

6.      Responding Party objects to the Interrogatories to the extent they purport to require complete responses from Responding Party within 30 days of service. Responding Party's investigation of the claims and defenses at issue in this Action is continuing, and Responding Party expressly reserves the right to supplement these responses as necessary.

7.      Responding Party objects to the Interrogatories to the extent they attempt to impose burdens on Responding Party inconsistent with, or in excess of, the requirements of the Federal Rules of Civil Procedure, the Central District of California Local Rules, or any applicable orders of this Court.

8.      Responding Party objects to the Interrogatories to the extent they seek information unknown to Responding Party, that refers to persons, entities or events not known to Responding Party, or that relates to documents not within Responding Party's possession, custody, or control. Such a requirement would exceed Responding Party's obligations under the Federal Rules and applicable Local Rules and would subject Responding Party to unreasonable and undue oppression, burden

1 and expense. In responding to these Interrogatories, Responding Party shall respond
2 only on behalf of itself and shall not undertake the burden and expense of attempting
3 to provide information presently unknown to Responding Party or relating to
4 documents outside Responding Party's possession, custody, or control.

5      9.    Responding Party objects to the Interrogatories to the extent that they
6 seek publicly-available information, or information that is equally available to
7 Plaintiff from sources other than Responding Party, on the grounds that such
8 Interrogatories are unduly burdensome, oppressive, and harassing.

9      10.    Responding Party objects to the Interrogatories to the extent they call
10 for legal conclusions or contain express or implied assumptions of fact or law with
11 respect to matters at issue in this Action. Nothing in Responding Party's responses
12 or objections may be construed to reflect an agreement or concurrence by
13 Responding Party with Plaintiff's characterizations of any factual or legal issues.
14 Responding Party expressly reserves the right to contest any such characterization as
15 inaccurate and to provide and supplement its legal contentions in an appropriate
16 format on an appropriate schedule.

17      11.    Responding Party objects to the Interrogatories to the extent they fail to
18 specify a relevant time period, or to the extent any specified time period is irrelevant
19 to any claim or defense at issue in this Action, on the grounds that the Interrogatories
20 are overly broad, unduly burdensome, and seek information that is neither relevant
21 nor reasonably calculated to lead to the discovery of admissible evidence.

22      12.    Responding Party objects to the Interrogatories to the extent they fail to
23 specify a relevant geographic area, or to the extent any specified geographic area is
24 irrelevant to any claim or defense at issue in this Action, on the grounds that the
25 Interrogatories are overly broad, unduly burdensome, and seek information that is
26 neither relevant nor reasonably calculated to lead to the discovery of admissible
27 evidence.

28      13.    Responding Party objects to the Interrogatories to the extent they seek

EXHIBIT A
PAGE 5

5

1  "all" documents or communications relating to a particular topic or category of

2  information on the grounds that the Interrogatories are overly broad, unduly

3  burdensome, and seek information that is neither relevant nor reasonably calculated

4  to lead to the discovery of admissible evidence.

5      14.    Responding Party objects to Plaintiff's definition of the terms "YOU"

6  and "YOUR" as vague and ambiguous, especially to the extent it seeks discovery

7  regarding Responding Party's "including its agents, attorneys, investigators,

8  affiliates and/or representatives, and any other person or entity who at any time has

9  acted or purported to act on behalf of Responding Party Sunny Khachatryan, and any

10  person answering these Requests."  Responding Party also objects to this definition

11  as overly broad and exceeding the scope of allowable discovery to the extent it

12  includes entities and individuals not named as parties (some of whom may be

13  unknown to Responding Party) in the instant Action, and over whom Responding

14  Party exercises no control. In responding to these Interrogatories, Responding Party

15  shall interpret the terms "YOU" and "YOUR" to refer only to Responding Party

16  Sunny Khachatryan.

17      15.    Responding Party objects to each interrogatory to the extent that they

18  seek confidential, proprietary business documents and information. Responding

19  Party notes that no protective order has yet been entered by the Court. Until such

20  time as a protective order is entered, Responding Party shall withhold production of

21  all documents so that they may be endorsed with the appropriate level of

22  confidentiality at the time of production.

23      16.    Responding Party's response to any specific interrogatory below is not

24  an admission that responsive, non-privileged information or documents exist in its

25  possession, custody, or control.

26      17.    Each and all of these General Objections shall be deemed incorporated

27  by reference into each and every objection made herein to a specific interrogatory.

28

EXHIBIT 1
PAGE 6

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State the full name, current residence address, date of birth, current telephone number, and Social Security number of the persons responding to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "persons responding to these interrogatories."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs state the individual responding to these interrogatories is Sunny Nelli Khachatryan, residing at ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Current phone number is ▆▆▆▆▆▆▆ and Social Security No. ▆▆▆▆▆▆.

EXHIBIT 1
PAGE 7

7

**INTERROGATORY NO. 2:**

Identify all documents which concern, refer or relate to, or support the allegations of the Complaint.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all documents" and "concern, refer or relate to, or support."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-000082. Additionally, Plaintiffs identify Defendant's website which impermissibly used the photograph in question and the contracts that were produced, which demonstrate that the Minor Plaintiffs are professional models.

EXHIBIT 1
PAGE 8

8

**INTERROGATORY NO. 3:**

    3.    As to all damages Plaintiffs claim they has incurred:

        a.    state in detail the factual basis and amount, and

        b.    identify all documents which support Plaintiffs claims for statutory damages, attorneys' fees, litigation expenses, and costs of suit.

        c.    identify all documents which support Plaintiffs claims for actual damages.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "persons responding to these interrogatories."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks highly confidential, commercially sensitive and trade secret information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-

EXHIBIT 0
PAGE 9

9

000082.   Plaintiffs refer Defendant to its Supplemental Initial Disclosures which provide a calculation of damages sought.

**INTERROGATORY NO. 4:**

Identify all persons who may have any personal knowledge regarding the allegations contained in the Complaint and state the substance of each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all persons" and "any personal knowledge."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks highly confidential, commercially sensitive and trade secret information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

EXHIBIT 1
PAGE 10

10

1  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

2      Subject to the foregoing specific objections and the General Objections,

3  Plaintiffs identify Sunny Nelli Khachatryan, Tatevik Khachatryan, the Minor

4  Plaintiffs, the 1 Hotel marketing staff, and 1 Hotel's website developers, and

5  administrators.

6

7  **INTERROGATORY NO. 5:**

8      Identify all persons whom Plaintiffs intend to call as a witness at trial, any

9  hearing or deposition in this matter, and for each person identified, identify the matters

10  about which the witness will testify.

11  **RESPONSE TO INTERROGATORY NO. 5:**

12      Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

13  particularly with respect to the terms "all persons" and "any hearing or deposition."

14      Plaintiffs further object to this Interrogatory to the extent it requests

15  information that is not relevant to any party's claims or defenses and is not

16  proportional to the needs of the case.

17      Plaintiffs object to this Interrogatory to the extent that it seeks production of

18  confidential information prior to the entry of a protective order by the Court. Plaintiffs

19  further object to this Interrogatory because it seeks highly confidential, commercially

20  sensitive and trade secret information that is neither relevant nor necessary to the

21  claims and defenses in the instant Action.

22      Plaintiffs object to this Interrogatory to the extent that it calls for information

23  that is protected by the attorney-client privilege and/or work product doctrine.

24  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

25      Subject to the foregoing specific objections and the General Objections,

26  Plaintiffs intend on calling Sunny Khachatryan and an expert witness on damages.

27

28

EXHIBIT 1
PAGE 11

11

**INTERROGATORY NO. 6:**

Has Plaintiff ever been a party to any lawsuit? If so, list the name, court number, jurisdiction and outcome for all such lawsuits, including but not limited to all bankruptcy filings that Plaintiff has filed within the last ten years, including the case number and jurisdiction for each such filing and the dates each bankruptcy was closed.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "ever been" and "any lawsuit."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Subject to the foregoing specific objections and the General Objections, Plaintiff Sunny Khachatryan has been involved in a lawsuit stemming from a car accident in 2023.

EXHIBIT 1
PAGE 12

**INTERROGATORY NO. 7:**

Has Plaintiff ever been convicted of:

    a.    crime punishable by imprisonment in excess of 1 year, or

    b.    a crime involving dishonesty or false statement? If yes, please list the case name, number, jurisdiction and outcome.

    c.    A bankruptcy or tax proceeding? If yes, please list the case name, number, jurisdiction and outcome.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "ever been" and "any lawsuit."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

Plaintiffs object to this Request as unduly burdensome to the extent that it is duplicative of Request No. 6. Subject to the foregoing specific objections and the General Objections, Plaintiffs refer to its Response to Request No. 6.

EXHIBIT 1
PAGE 13

13

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs further object to this interrogatory as it is not limited in time. Nonetheless, Plaintiffs have not been convicted of a crime and no bankruptcy proceedings in the last 10 years.

**INTERROGATORY NO. 8:**

Identify each and every person involved in posting the Photograph to Instagram as alleged in Paragraph 19 of Plaintiff's Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "each and every" and "involved in posting."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

EXHIBIT 1
PAGE 14

*PLAINTIFF SUNNY KHACHATRYAN, AN INDIVIDUAL, SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.; FIRST SET OF INTERROGATORIES TO PLAINTIFFS*
Case No. 2:23-cv-10829-ODW-E

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs identify all Plaintiffs as being involved in posting the Photograph to Instagram.

**INTERROGATORY NO. 9:**

Describe all facts supporting the allegations in Paragraph 20 of Plaintiffs' Complaint that the Photograph contained "copyright management information".

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all facts".

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

Subject to the foregoing specific objections and the General Objections, Plaintiffs respond that the Amended complaint does not have a claim for the removal of copyright management information.

**INTERROGATORY NO. 10:**

Describe all facts supporting the allegations in Paragraph 20 of Plaintiffs' Complaint that the Photograph contained "copyright management information".

EXHIBIT 1
PAGE 15

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all facts".

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

Plaintiffs object to this Request as unduly burdensome to the extent that it is duplicative of Request No. 9.

Subject to the foregoing specific objections and the General Objections, Plaintiff refers to its Response to Request No. 9.  Subject to the foregoing specific objections and the General Objections, Plaintiffs respond that the Amended complaint does not have a claim for the removal of copyright management information.

**INTERROGATORY NO. 11:**

Describe all facts supporting the allegations contained in Paragraph 5 of Plaintiffs' Complaint regarding Minor Plaintiffs' appearance in "television commercials, print ads, and other paid commercial uses of their images and likeness." State with specificity each commercial, ad or other paid use of their image(s) from January 1, 2020, through present day, and provide the relevant payment and terms for each.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all facts" and "each commercial, ad or other paid use".

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-000082.

**INTERROGATORY NO. 12:**

Describe all facts supporting the allegations contained in Paragraph 5 of Plaintiffs' Complaint regarding Minor Plaintiffs' modeling contracts with Adidas.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all facts" and "each commercial, ad or other paid use".

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

1   Plaintiffs object to this Interrogatory to the extent that it calls for information
2   that is protected by the attorney-client privilege and/or work product doctrine.

3   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

4   Subject to the foregoing specific objections and the General Objections,
5   Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-
6   000082.

7

8   **INTERROGATORY NO. 13:**

9   Describe all facts supporting the allegations contained in Paragraph 17 of
10  Plaintiffs' Complaint regarding Minor Plaintiffs' multiple modeling contracts for
11  "several five-star hotel chains" and consideration for a "multi-million-dollar hotel
12  endorsement".

13  **RESPONSE TO INTERROGATORY NO. 13:**

14  Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,
15  particularly with respect to the terms "all facts" and "consideration."

16  Plaintiffs further object to this Interrogatory to the extent it requests
17  information that is not relevant to any party's claims or defenses and is not
18  proportional to the needs of the case.

19  Plaintiffs object to this Interrogatory to the extent that it seeks production of
20  confidential information prior to the entry of a protective order by the Court. Plaintiffs
21  further object to this Interrogatory because it seeks information that is neither relevant
22  nor necessary to the claims and defenses in the instant Action.

23  Plaintiffs object to this Interrogatory to the extent that it calls for information
24  that is protected by the attorney-client privilege and/or work product doctrine. As
25  phrased, Plaintiffs cannot discern what non-privileged information Defendant is
26  specifically seeking in this Interrogatory that is relevant to any claim or defense, and
27  proportional to the needs of the case at this stage in the action, and therefore cannot

28

EXHIBIT 1
PAGE 18

1  provide a further response unless and until Defendant provides a more particularized

2  Interrogatory.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

4      Subject to the foregoing specific objections and the General Objections,

5  Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-

6  000082.

7  **INTERROGATORY NO. 14:**

8      State all social media accounts that You have had from January 1, 2020,

9  through the present (e.g. Facebook, Twitter (or X), Instagram, Snapchat, Google+,

10  etc.) and, for each, state when You first created the account.

11  **RESPONSE TO INTERROGATORY NO. 14:**

12      Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

13  particularly with respect to the terms "all social media accounts", "You", and "when

14  You first created the account."

15      Plaintiffs further object to this Interrogatory to the extent it requests

16  information that is not relevant to any party's claims or defenses and is not

17  proportional to the needs of the case.

18      Plaintiffs object to this Interrogatory to the extent that it seeks production of

19  confidential information prior to the entry of a protective order by the Court. Plaintiffs

20  further object to this Interrogatory because it seeks information that is neither relevant

21  nor necessary to the claims and defenses in the instant Action.

22      Plaintiffs object to this Interrogatory to the extent that it calls for information

23  that is protected by the attorney-client privilege and/or work product doctrine. As

24  phrased, Plaintiffs cannot discern what non-privileged information Defendant is

25  specifically seeking in this Interrogatory that is relevant to any claim or defense, and

26  proportional to the needs of the case at this stage in the action, and therefore cannot

27  provide a further response unless and until Defendant provides a more particularized

28  Interrogatory.

EXHIBIT 1
PAGE 19

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs refer Defendant to Instagram accounts: dr.sunny.k and tati_khach. Plaintiff also has a Facebook account https://www.facebook.com/LovinSunny as well as a LinkedIn account https://www.linkedin.com/in/dr-sunny-khachatryan-a0a5135b.

**INTERROGATORY NO. 15:**

State all social media accounts that Minor Plaintiffs have had from January 1, 2020, through the present (e.g. Facebook, Twitter (or X), Instagram, Snapchat, Google+, etc.) and, for each, state when and who first created the account.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "all social media accounts" and "when and who first created the account."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request as unduly burdensome to the extent that it is duplicative of Request No. 14.

Subject to the foregoing specific objections and the General Objections, Plaintiffs refer to its Response to Request No. 14.

EXHIBIT 1
PAGE 20

1  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

2      Subject to the foregoing specific objections and the General Objections,

3  Plaintiffs refer Defendant to Minor Plaintiffs' Instagram accounts: Isabella_Ani and

4  Brave_Johnson.    Minor  Plaintiff  B.A.J.  also  has  a  Tik  Tok  Account:

5  Brave_Johnson03 and a YouTube account: @braveangelo (Baj).

6

7  **INTERROGATORY NO. 16:**

8      Describe each and every website or social media account that You own,

9  operate, or which is operated on Plaintiffs behalf.

10  **RESPONSE TO INTERROGATORY NO. 16:**

11     Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

12  particularly with respect to the terms "each and every" and "You own, operate, or

13  which is operated on Plaintiffs behalf."

14     Plaintiffs further object to this Interrogatory to the extent it requests

15  information that is not relevant to any party's claims or defenses and is not

16  proportional to the needs of the case.

17     Plaintiffs object to this Interrogatory to the extent that it seeks production of

18  confidential information prior to the entry of a protective order by the Court. Plaintiffs

19  further object to this Interrogatory because it seeks information that is neither relevant

20  nor necessary to the claims and defenses in the instant Action.

21     Plaintiffs object to this Interrogatory to the extent that it calls for information

22  that is protected by the attorney-client privilege and/or work product doctrine. As

23  phrased, Plaintiffs cannot discern what non-privileged information Defendant is

24  specifically seeking in this Interrogatory that is relevant to any claim or defense, and

25  proportional to the needs of the case at this stage in the action, and therefore cannot

26  provide a further response unless and until Defendant provides a more particularized

27  Interrogatory.

28

EXHIBIT 1
PAGE 21

21

1

2  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

3         Subject to the foregoing specific objections and the General Objections,

4  Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-

5  000082.  Plaintiff has a webpage operated on her behalf which could be found at the

6  publicly  available  URL:  <u>Sunny Khachatryan, Counselor, Miami, FL, 33131 |</u>

7  <u>Psychology Today</u>.  Additionally, Plaintiffs refer Defendant to Plaintiffs accounts

8  listed in the above responses.

9

10  **INTERROGATORY NO. 17:**

11         Describe in detail how and when Plaintiffs first identified the Photograph on

12  Defendants' website.

13  **RESPONSE TO INTERROGATORY NO. 17:**

14         Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad,

15  particularly with respect to the terms "how and when" and "first identified the

16  Photograph on Defendants' website."

17         Plaintiffs further object to this Interrogatory to the extent it requests

18  information that is not relevant to any party's claims or defenses and is not

19  proportional to the needs of the case.

20         Plaintiffs object to this Interrogatory to the extent that it seeks production of

21  confidential information prior to the entry of a protective order by the Court. Plaintiffs

22  further object to this Interrogatory because it seeks information that is neither relevant

23  nor necessary to the claims and defenses in the instant Action.

24         Plaintiffs object to this Interrogatory to the extent that it calls for information

25  that is protected by the attorney-client privilege and/or work product doctrine.

26

27

28

EXHIBIT 1
PAGE 22

22

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 00082 which demonstrates Plaintiffs first being made aware of the impermissible use of the photograph in question by Minor Plaintiff's classmate's mother who found the photograph while booking spa services at 1 Hotel's Toronto location.

**INTERROGATORY NO. 18:**

Describe in detail any and all profits, wages, or other compensation Minor Plaintiffs have received from January 1, 2020, through present.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiffs object to this Interrogatory as vague, indefinite, and overly broad, particularly with respect to the terms "any and all" and "profits, wages, or compensation."

Plaintiffs further object to this Interrogatory to the extent it requests information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

Plaintiffs object to this Interrogatory to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court. Plaintiffs further object to this Interrogatory because it seeks information that is neither relevant nor necessary to the claims and defenses in the instant Action.

Plaintiffs object to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.

EXHIBIT 1
PAGE 23

As phrased, Plaintiffs cannot discern what non-privileged information Defendant is specifically seeking in this Interrogatory that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-000082.

EXHIBIT 1
PAGE 24

DATED:  August 30, 2024

**TARTER KRINSKY & DROGIN LLP**

By:      /s/ Tyler R. DowDall
Tyler R. Dowdall, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
Renata A. Guidry, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:    (424) 330-8580
Facsimile:    (315) 512-1465

Eliezer Lekht (*pro hac vice*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor

EXHIBIT 1
PAGE 25

25

## CERTIFICATE OF SERVICE
### SUNNY KHACHATRYAN, an individual, et al. v. 1 HOTEL WEST HOLLYWOOD, L.L.C

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 400N, Los Angeles, CA 90067.

On August 30, 2024, I served true copies of the following document(s) described as **PLAINTIFFS' SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR, SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C. FIRST SET OF INTERROGATORIES TO PLAINTIFF SUNNY KHACHATRYAN** on the interested parties in this action as follows:

CLARK HILL LLP                      Attorneys for Defendant 1
Myriah Jaworski                     HOTEL WEST HOLLYWOOD,
mjaworski@clarkhill.com             L.L.C.
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile:  (619) 557-0460

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address BGenser@tarterkrinsky.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2024, at Los Angeles, California.


_/s/ Brooke M. Genser_____
Brooke M. Genser

EXHIBIT 1
PAGE 26

26