# EXHIBIT 2

TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: (424) 330-8580
Facsimile:  (315) 512-1465

ELIEZER LEKHT *(pro hac vice)*
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for* Plaintiffs Sunny
Khachatryan, Tatevik Khachatryan, B.A.J,
a minor and I.M, a minor

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, an individual; TATEVIK KHACHATRYAN, an individual; B. A. J, a minor; and I.M, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.,<br><br>Defendant. | CASE NO. 2:23-cv-10829-ODW(Ex)<br><br>**PLAINTIFFS' SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A MINOR, SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C. FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

EXHIBIT 2
PAGE 1

1

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.*
*FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW-E

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | DEFENDANT 1 HOTEL WEST HOLLYWOOD, |
| 2 | | L.L.C. |
| 3 | RESPONDING PARTY: | PLAINTIFFS SUNNY KHACHATRYAN, AN |
| 4 | | INDIVIDUAL; TATEVIK KHACHATRYAN, AN |
| 5 | | INDIVIDUAL; B. A. J, A MINOR; AND I.M, A |
| 6 | | MINOR PLAINTIFFS SUNNY KHACHATRYAN, |
| 7 | | AN INDIVIDUAL; TATEVIK KHACHATRYAN, |
| 8 | | AN INDIVIDUAL; B. A. J, A MINOR; AND I.M, A |
| 9 | | MINOR |
| 10 | SET NO.: | ONE |
| 11 | REQUEST NOS.: | 1–13 |

12  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs
13  Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor, by and
14  through their counsel, hereby submits these objections and responses to Defendants 1
15  HOTEL WEST HOLLYWOOD, L.L.C.; SH GROUP OPERATIONS, L.L.C.; SH
16  GROUP GLOBAL IP HOLDINGS, L.L.C. "Defendants") Requests for Production
17  of Documents as follows"

18  **PRELIMINARY STATEMENT**

19  Responding Party's investigation, discovery and analysis are ongoing, and
20  Responding Party's response to each of these Document Requests is based on
21  information and documents presently available to Responding Party after reasonable
22  inquiry. Responding Party reserves the right to supplement or amend these responses
23  in the event further information and/or documents are disclosed or discovered. In
24  addition, Responding Party's responses are given without prejudice to its right to
25  introduce as evidence at trial any subsequently discovered or unintentionally omitted
26  information and/or documents.

27  Specific objections to each of these Document Requests are made on an
28  individual basis in the responses below. In addition to these specific objects,

1  Responding Party makes certain continuing objections ("General Objections") to the
2  Document Requests. These General Objections are hereby incorporated by reference
3  into the responses made with respect to each separate document request. For
4  particular emphasis, Responding Party has, from time to time, expressly included one
5  or more of the General Objections in certain of its response below. Responding
6  Party's response to each individual request is submitted without prejudice to, and
7  without in any respect waiving, any General Objections not expressly set forth in that
8  response. Accordingly, the inclusion of any specific objection in a response to a
9  document request below is neither intended as, nor shall in any way be deemed to
10 be, a waiver of any General Objections or of any specific objection made herein or
11 that may be asserted at a later date. In addition, the failure to include at this time any
12 continuing or specific objection to a document request is neither intended as, nor
13 shall in any way be deemed to be, a waiver of Responding Party's right to assert that
14 or any other objection at a later date.

15     No incidental or implied admissions are intended by the responses herein.
16 Responding Party's response and/or objections to a particular document request shall
17 not be taken as an admission that Responding Party accepts or admits the existence
18 of any "fact" set forth in or assumed by that document request.

19                    **<u>GENERAL OBJECTIONS</u>**

20     Responding Party makes the following General Objections to Defendants'
21 Document Requests, including without limitation, the Instructions and Definitions
22 set forth therein, whether or not separately set forth in each response to each
23 individual document request:

24     1.     Responding Party objects to the Document Requests to the extent they
25 seek information protected by any relevant privilege or legal protection, including,
26 without limitation, the attorney-client privilege, the work product doctrine, the joint
27 defense privilege, the settlement or settlement negotiation privilege, settlement
28 materials, or trial preparation materials. Any statement herein to the effect that

3

EXHIBIT 1
PAGE 3

1  Responding Party will provide information in response to a document request is

2  limited to information that does not fall within the scope of any relevant privilege.

3        2.      Responding Party objects to any requirement that it identify or provide

4  a list of any materials withheld from discovery pursuant to either the attorney-client

5  communications privilege and/or the attorney work product immunity and which

6  materials were created on or after December 27, 2023, the date on which this lawsuit

7  was filed. Such a requirement would be unduly burdensome and would interfere with

8  Responding Party's defense of this lawsuit by deterring the creation of such

9  documents.

10        3.      Responding Party objects to the Document Requests to the extent they

11  seek information that is irrelevant to any claim or defense and not reasonably

12  calculated to lead to the discovery of admissible evidence.

13        4.      Responding Party objects to the Document Requests on the grounds that

14  they are vague, ambiguous, and use unlimited, undefined, subjective or open-ended

15  terms or phrases.

16        5.      Responding Party objects to the Document Requests to the extent that

17  the purported benefit of the discovery sought by the Document Requests is

18  outweighed by the burden and expense of responding to the Document Requests

19  pursuant to Rules 26(b)(1) and 26(b)(2) of the Federal Rules of Civil Procedure.

20        6.      Responding Party objects to the Document Requests to the extent they

21  purport to require complete responses from Responding Party within 30 days of

22  service. Responding Party's investigation of the claims and defenses at issue in this

23  Action is continuing, and Responding Party expressly reserves the right to

24  supplement these responses as necessary.

25        7.      Responding Party objects to the Document Requests to the extent they

26  attempt to impose burdens on Responding Party inconsistent with, or in excess of,

27  the requirements of the Federal Rules of Civil Procedure, the Central District of

28  California Local Rules, or any applicable orders of this Court.

EXHIBIT 2
PAGE 4

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*

Case No. 2:23-cv-10829-ODW-E

8.      Responding Party objects to the Document Requests to the extent they seek information unknown to Responding Party, that refers to persons, entities or events not known to Responding Party, or that relates to documents not within Responding Party's possession, custody, or control. Such a requirement would exceed Responding Party's obligations under the Federal Rules and applicable Local Rules and would subject Responding Party to unreasonable and undue oppression, burden and expense. In responding to these Document Requests, Responding Party shall respond only on behalf of itself and shall not undertake the burden and expense of attempting to provide information presently unknown to Responding Party or relating to documents outside Responding Party's possession, custody, or control.

9.      Responding Party objects to the Document Requests to the extent that they seek publicly-available information, or information that is equally available to Plaintiff from sources other than Responding Party, on the grounds that such Document Requests are unduly burdensome, oppressive, and harassing.

10.     Responding Party objects to the Document Requests to the extent they call for legal conclusions or contain express or implied assumptions of fact or law with respect to matters at issue in this Action. Nothing in Responding Party's responses or objections may be construed to reflect an agreement or concurrence by Responding Party with Plaintiff's characterizations of any factual or legal issues. Responding Party expressly reserves the right to contest any such characterization as inaccurate and to provide and supplement its legal contentions in an appropriate format on an appropriate schedule.

11.     Responding Party objects to the Document Requests to the extent they fail to specify a relevant time period, or to the extent any specified time period is irrelevant to any claim or defense at issue in this Action, on the grounds that the Document Requests are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

EXHIBIT 2
PAGE 5
5

12.    Responding Party objects to the Document Requests to the extent they fail to specify a relevant geographic area, or to the extent any specified geographic area is irrelevant to any claim or defense at issue in this Action, on the grounds that the Document Requests are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13.    Responding Party objects to the Document Requests to the extent they seek "all" documents or communications relating to a particular topic or category of information on the grounds that the Document Requests are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14.    Responding Party objects to Plaintiff's definition of the terms "YOU" and "YOUR" as vague and ambiguous, especially to the extent it seeks discovery regarding Responding Party's "including its agents, attorneys, investigators, affiliates and/or representatives, and any other person or entity who at any time has acted or purported to act on behalf of Responding Party Sunny Khachatryan, and any person answering these Requests."  Responding Party also objects to this definition as overly broad and exceeding the scope of allowable discovery to the extent it includes entities and individuals not named as parties (some of whom may be unknown to Responding Party) in the instant Action, and over whom Responding Party exercises no control. In responding to these Interrogatories, Responding Party shall interpret the terms "YOU" and "YOUR" to refer only to Responding Party Sunny Khachatryan.

15.    Responding Party objects to the requests to the extent that they seek confidential, proprietary business documents and information. Responding Party notes that no protective order has yet been entered by the Court. Until such time as a protective order is entered, Responding Party shall withhold production of all

EXHIBIT 2
PAGE 6
6

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C. FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW-E

1   documents so that they may be endorsed with the appropriate level of confidentiality
2   at the time of production.

3       16.     Responding Party's response to any specific document request below is
4   not an admission that responsive, non-privileged information or documents exist in
5   its possession, custody, or control.

6       17.     Each and all of these General Objections shall be deemed incorporated
7   by reference into each and every objection made herein to a specific document
8   request.

9       Without waiver of the foregoing, Responding Party further responds as
10  follows:

11              **RESPONSES TO DEMANDS FOR PRODUCTION**
12  **DEMAND FOR PRODUCTION NO. 1:**

13      Any and all documents that support or refute any of Plaintiffs answers to
14  Defendants' interrogatories directed at You and/or Plaintiffs.

15  **RESPONSE TO DEMAND FOR PRODUCTION NO. 1:**

16      Plaintiffs object to this Request on the grounds that it is overbroad, vague and
17  ambiguous, unduly burdensome, not proportional to the case, and seeks the
18  production of documents not related or relevant to the matter in controversy. The
19  Request is also indefinite as to time and is without reasonable limitation in its scope.
20  Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,
21  particularly with respect to the terms "Any and all documents" and "directed at You
22  and/Plaintiffs" responses."

23      Plaintiffs also object to this Request as unduly burdensome to the extent that it
24  requests information already known to Defendant.

25      Plaintiffs object to this Request to the extent that it seeks production of
26  confidential information prior to the entry of a protective order by the Court.

27

28

EXHIBIT 2
PAGE 7

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.*
*FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*

Case No. 2:23-cv-10829-ODW-E

1     Plaintiffs object to this Request to the extent that it calls for information that is

2 protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also

3 object to this Request to the extent that it calls for a legal conclusion.

4     Subject to the foregoing specific objections and the General Objections,

5 Plaintiff will produce relevant, non-privileged documents in its possession, custody,

6 or control that can be located without undue burden, referenced in its responses to

7 Defendant's Request, after entry of a protective order by the Court.

8 **SUPPLEMENTAL RESPONSE TO DEMAND FOR PRODUCTION NO. 1:**

9     Plaintiff refers Defendant to its document production, bate nos. Khachatryan

10 000001-000082.

11

12 **DEMAND FOR PRODUCTION NO. 2:**

13     Any and all documents that relate to, support, or refute Plaintiffs' claims for

14 statutory damages, actual damages, attorneys' fees, litigation expenses, costs and any

15 other damages Plaintiffs seek as a result of the allegations contained in the Complaint.

16 **RESPONSE TO DEMAND FOR PRODUCTION NO. 2:**

17     Plaintiffs object to this Request on the grounds that it is overbroad, vague and

18 ambiguous, unduly burdensome, not proportional to the case, and seeks the

19 production of documents not related or relevant to the matter in controversy. The

20 Request is also indefinite as to time and is without reasonable limitation in its scope.

21 Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

22 particularly with respect to the terms "Any and all documents" and "relate to, support,

23 or refute."

24     Plaintiffs also object to this Request as unduly burdensome to the extent that it

25 requests information already known to Defendant.

26     Plaintiffs object to this Request to the extent that it seeks production of

27 confidential information prior to the entry of a protective order by the Court.

28

EXHIBIT 2
PAGE 8
8

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW-E

1    Plaintiffs object to this Request to the extent that it calls for information that is

2  protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also

3  object to this Request to the extent that it calls for a legal conclusion.

4    Subject to the foregoing specific objections and the General Objections,

5  Plaintiff will produce relevant, non-privileged documents in its possession, custody,

6  or control that can be located without undue burden, referenced in its responses to

7  Defendant's Request, after entry of a protective order by the Court.

8  **SUPPLEMENTAL RESPONSE TO DEMAND FOR PRODUCTION NO. 2:**

9    Subject to the foregoing specific objections and the General Objections,

10  Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-

11  000082.

12

13  **DEMAND FOR PRODUCTION NO. 3:**

14    Any and all documents reflecting Plaintiffs public facing social media accounts

15  (Facebook, Instagram, Twitter, etc.).

16  **RESPONSE TO DEMAND FOR PRODUCTION NO. 3:**

17    Plaintiffs object to this Request on the grounds that it is overbroad, vague and

18  ambiguous, unduly burdensome, not proportional to the case, and seeks the

19  production of documents not related or relevant to the matter in controversy. The

20  Request is also indefinite as to time and is without reasonable limitation in its scope.

21  Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

22  particularly with respect to the terms "Any and all documents" and "reflecting

23  Plaintiffs public facing social media accounts."

24    Plaintiffs also object to this Request as unduly burdensome to the extent that it

25  requests information already known to Defendant.

26    Plaintiffs object to this Request to the extent that it seeks production of

27  confidential information prior to the entry of a protective order by the Court.

28

EXHIBIT 2
PAGE 9
9

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C. FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW-E

1    Plaintiffs object to this Request to the extent that it calls for information that is
2  protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also
3  object to this Request to the extent that it calls for a legal conclusion.

4    Subject to the foregoing specific objections and the General Objections,
5  Plaintiff will produce relevant, non-privileged documents in its possession, custody,
6  or control that can be located without undue burden, referenced in its responses to
7  Defendant's Request, after entry of a protective order by the Court.

8  **SUPPLEMENTAL RESPONSE TO DEMAND FOR PRODUCTION NO. 3:**

9    Subject to the foregoing specific objections and the General Objections,
10  Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-
11  000082.    Additionally, Plaintiffs refer Defendant to Minor Plaintiffs' Instagram
12  accounts: Isabella_Ani and Brave_Johnson.

13

14  **DEMAND FOR PRODUCTION NO. 4:**

15    Any and all documents reflecting correspondence between Plaintiffs and
16  Plaintiffs' counsel prior to signing an engagement agreement.

17  **RESPONSE TO DEMAND FOR PRODUCTION NO. 4:**

18    Plaintiffs object to this Request on the grounds that it is overbroad, vague and
19  ambiguous, unduly burdensome, not proportional to the case, and seeks the
20  production of documents not related or relevant to the matter in controversy. The
21  Request is also indefinite as to time and is without reasonable limitation in its scope.
22  Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,
23  particularly with respect to the terms "Any and all documents" and "correspondence
24  between Plaintiffs and Plaintiffs' counsel prior to signing an engagement agreement."

25    Plaintiffs also object to this Request as unduly burdensome to the extent that it
26  requests information already known to Defendant.

27    Plaintiffs object to this Request to the extent that it seeks production of
28  confidential information prior to the entry of a protective order by the Court.

EXHIBIT 2
PAGE 10
10

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*

Case No. 2:23-cv-10829-ODW-E

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

Plaintiff cannot discern what non-privileged information Defendant is specifically seeking in this Request that is relevant to any claim or defense, and proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Request.

**DEMAND FOR PRODUCTION NO. 5:**

Any and all documents evidencing communications between you and any third-party relating to the claims in this case.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 5:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. The Request is also indefinite as to time and is without reasonable limitation in its scope. Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Any and all documents", "evidencing communications", and "between you and any third-party."

Plaintiffs also object to this Request as unduly burdensome to the extent that it requests information already known to Defendant.

Plaintiffs object to this Request to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

EXHIBIT 2
PAGE 11
11

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*

Case No. 2:23-cv-10829-ODW-E

1  Plaintiff cannot discern what non-privileged information Defendant is
2  specifically seeking in this Request that is relevant to any claim or defense, and
3  proportional to the needs of the case at this stage in the action, and therefore cannot
4  provide a further response unless and until Defendant provides a more particularized
5  Request.

6  **SUPPLEMENTAL RESPONSE TO DEMAND FOR PRODUCTION NO. 5:**

7  Subject to the foregoing specific objections and the General Objections,
8  Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-
9  000082.

10

11  **DEMAND FOR PRODUCTION NO. 6:**

12  Any and all documents evidencing actual or attempted monetization related to
13  the use or value of Minor Plaintiffs' identity.

14  **RESPONSE TO DEMAND FOR PRODUCTION NO. 6:**

15  Plaintiffs object to this Request on the grounds that it is overbroad, vague and
16  ambiguous, unduly burdensome, not proportional to the case, and seeks the
17  production of documents not related or relevant to the matter in controversy. The
18  Request is also indefinite as to time and is without reasonable limitation in its scope.
19  Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,
20  particularly with respect to the terms "Any and all documents", "evidencing actual or
21  attempted monetization", and "the use or value of Minor Plaintiffs' identit[ies]."

22  Plaintiffs also object to this Request as unduly burdensome to the extent that it
23  requests information already known to Defendant.

24  Plaintiffs object to this Request to the extent that it seeks production of
25  confidential information prior to the entry of a protective order by the Court.

26  Plaintiffs object to this Request to the extent that it calls for information that is
27  protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also
28  object to this Request to the extent that it calls for a legal conclusion.

EXHIBIT 2
PAGE 12
12

1    Plaintiff cannot discern what non-privileged information Defendant is

2    specifically seeking in this Request that is relevant to any claim or defense, and

3    proportional to the needs of the case at this stage in the action, and therefore cannot

4    provide a further response unless and until Defendant provides a more particularized

5    Request.

6    **SUPPLEMENTAL RESPONSE TO DEMAND FOR PRODUCTION NO. 6:**

7    Subject to the foregoing specific objections and the General Objections,

8    Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-

9    000082.

10

11    **DEMAND FOR PRODUCTION NO. 7:**

12    Any and all documents relating to a photo shoot, modeling job, acting job, or

13    brand influence promotion in which Minor Plaintiffs have performed since January 1,

14    2020, through present, including any documents that evidence, reflect, or otherwise

15    refer to monetary payments for and the transfer or assignment of any intellectual

16    property rights relating to said shoot/job/promotion.

17    **RESPONSE TO DEMAND FOR PRODUCTION NO. 7:**

18    Plaintiffs object to this Request on the grounds that it is overbroad, vague and

19    ambiguous, unduly burdensome, not proportional to the case, and seeks the

20    production of documents not related or relevant to the matter in controversy.

21    Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

22    particularly with respect to the terms "Any and all documents" and "any documents

23    that evidence, reflect, or otherwise refer to monetary payments for and the transfer or

24    assignment of any intellectual property rights."

25    Plaintiffs also object to this Request as unduly burdensome to the extent that it

26    requests information already known to Defendant.

27    Plaintiffs object to this Request to the extent that it seeks production of

28    confidential information prior to the entry of a protective order by the Court.

EXHIBIT 2
PAGE 13

1   Plaintiffs object to this Request to the extent that it calls for information that is

2   protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also

3   object to this Request to the extent that it calls for a legal conclusion.

4   Subject to the foregoing specific objections and the General Objections,

5   Plaintiff will produce relevant, non-privileged documents in its possession, custody,

6   or control that can be located without undue burden, referenced in its responses to

7   Defendant's Request, after entry of a protective order by the Court.

8   **SUPPLEMENTAL RESPONSE TO DEMAND FOR PRODUCTION NO. 7:**

9   Subject to the foregoing specific objections and the General Objections,

10  Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-

11  000082.

12

13  **DEMAND FOR PRODUCTION NO. 8:**

14  Any and all contracts or agreements that were ever entered into, and/or was in

15  effect, between Minor Plaintiffs and any talent agent or talent management

16  representative or since January 1, 2020, through present.

17  **RESPONSE TO DEMAND FOR PRODUCTION NO. 8:**

18  Plaintiffs object to this Request on the grounds that it is overbroad, vague and

19  ambiguous, unduly burdensome, not proportional to the case, and seeks the

20  production of documents not related or relevant to the matter in controversy.

21  Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

22  particularly with respect to the terms "Any and all contracts or agreements" and "that

23  were ever entered into."

24  Plaintiffs also object to this Request as unduly burdensome to the extent that it

25  requests information already known to Defendant.

26  Plaintiffs object to this Request to the extent that it seeks production of

27  confidential information prior to the entry of a protective order by the Court.

28

EXHIBIT 2
PAGE 14

14

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

Subject to the foregoing specific objections and the General Objections, Plaintiff will produce relevant, non-privileged documents in its possession, custody, or control that can be located without undue burden, referenced in its responses to Defendant's Request, after entry of a protective order by the Court.

**SUPPLEMENTAL RESPONSE TO DEMAND FOR PRODUCTION NO. 8:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-000082.

**DEMAND FOR PRODUCTION NO. 9:**

Any and all documents and/or communications related to the copyright registration of the Photograph as alleged in Paragraphs 16 through 22 of Plaintiffs' Complaint.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 9:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. The Request is also indefinite as to time and is without reasonable limitation in its scope. Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Any and all documents" and "and/or communications."

Plaintiffs also object to this Request as unduly burdensome to the extent that it requests information already known to Defendant.

Plaintiffs object to this Request to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

EXHIBIT 2
PAGE 15

1    Plaintiffs object to this Request to the extent that it calls for information that is

2    protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also

3    object to this Request to the extent that it calls for a legal conclusion.

4    Subject to the foregoing specific objections and the General Objections,

5    Plaintiff will produce relevant, non-privileged documents in its possession, custody,

6    or control that can be located without undue burden, referenced in its responses to

7    Defendant's Request, after entry of a protective order by the Court.

8

9    **DEMAND FOR PRODUCTION NO. 10:**

10    Any and all documents and/or communications related to the issue of consent

11    of use of the Photograph as alleged in Paragraph 30 of Plaintiffs' Complaint.

12    **RESPONSE TO DEMAND FOR PRODUCTION NO. 10:**

13    Plaintiffs object to this Request on the grounds that it is overbroad, vague and

14    ambiguous, unduly burdensome, not proportional to the case, and seeks the

15    production of documents not related or relevant to the matter in controversy. The

16    Request is also indefinite as to time and is without reasonable limitation in its scope.

17    Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

18    particularly with respect to the terms "Any and all documents" and "and/or

19    communications."

20    Plaintiffs also object to this Request as unduly burdensome to the extent that it

21    requests information already known to Defendant.

22    Plaintiffs object to this Request to the extent that it seeks production of

23    confidential information prior to the entry of a protective order by the Court.

24    Plaintiffs object to this Request to the extent that it calls for information that is

25    protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also

26    object to this Request to the extent that it calls for a legal conclusion.

27    Subject to the foregoing specific objections and the General Objections,

28    Plaintiff will produce relevant, non-privileged documents in its possession, custody,

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*

Case No. 2:23-cv-10829-ODW-E

or control that can be located without undue burden, referenced in its responses to Defendant's Request, after entry of a protective order by the Court.

**DEMAND FOR PRODUCTION NO. 11:**

Any and all documents and/or communications detailing any profits, wages, or other compensation Minor Plaintiffs have received from January 1, 2020, through present.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 11:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Any and all documents" and "and/or communications detailing any profits, wages, or other compensation."

Plaintiffs also object to this Request as unduly burdensome to the extent that it requests information already known to Defendant.

Plaintiffs object to this Request to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

Subject to the foregoing specific objections and the General Objections, Plaintiff will produce relevant, non-privileged documents in its possession, custody, or control that can be located without undue burden, referenced in its responses to Defendant's Request, after entry of a protective order by the Court.

EXHIBIT 2
PAGE 17

17

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C. FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*

Case No. 2:23-cv-10829-ODW-E

**SUPPLEMENTAL RESPONSE TO DEMAND FOR PRODUCTION NO. 11:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-000082.

**DEMAND FOR PRODUCTION NO. 12:**

Any and all documents supporting or refuting any claim in this case.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 12:**

Plaintiffs object to this Request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, not proportional to the case, and seeks the production of documents not related or relevant to the matter in controversy. The Request is also indefinite as to time and is without reasonable limitation in its scope. Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad, particularly with respect to the terms "Any and all documents" and "any claim in this case."

Plaintiffs also object to this Request as unduly burdensome to the extent that it requests information already known to Defendant.

Plaintiffs object to this Request to the extent that it seeks production of confidential information prior to the entry of a protective order by the Court.

Plaintiffs object to this Request to the extent that it calls for information that is protected by the attorney-client privilege and/or work product doctrine.  Plaintiffs also object to this Request to the extent that it calls for a legal conclusion.

Plaintiff cannot discern what non-privileged information Defendant is specifically seeking in this Request that is proportional to the needs of the case at this stage in the action, and therefore cannot provide a further response unless and until Defendant provides a more particularized Request.

EXHIBIT 2
PAGE 18
18

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW-E

1    **SUPPLEMENTAL RESPONSE TO DEMAND FOR PRODUCTION NO. 12:**

2    Subject to the foregoing specific objections and the General Objections,

3    Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-

4    000082.

5

6    **DEMAND FOR PRODUCTION NO. 13:**

7    Any and all documents supporting or refuting any claim for damages in this

8    case.

9    **RESPONSE TO DEMAND FOR PRODUCTION NO. 13:**

10   Plaintiffs object to this Request on the grounds that it is overbroad, vague and

11   ambiguous, unduly burdensome, not proportional to the case, and seeks the

12   production of documents not related or relevant to the matter in controversy. The

13   Request is also indefinite as to time and is without reasonable limitation in its scope.

14   Specifically, Plaintiffs object to this Request as vague, indefinite, and overly broad,

15   particularly with respect to the terms "Any and all documents" and "supporting or

16   refuting any claim for damages in this case."

17   Plaintiffs also object to this Request as unduly burdensome to the extent that it

18   requests information already known to Defendant.

19   Plaintiffs object to this Request to the extent that it seeks production of

20   confidential information prior to the entry of a protective order by the Court.

21   Plaintiffs object to this Request to the extent that it calls for information that is

22   protected by the attorney-client privilege and/or work product doctrine. Plaintiffs also

23   object to this Request to the extent that it calls for a legal conclusion.

24   Plaintiff cannot discern what non-privileged information Defendant is

25   specifically seeking in this Request that is proportional to the needs of the case at this

26   stage in the action, and therefore cannot provide a further response unless and until

27   Defendant provides a more particularized Request.

28

EXHIBIT 2
PAGE 19

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*

Case No. 2:23-cv-10829-ODW-E

**SUPPLEMENTAL RESPONSE TO DEMAND FOR PRODUCTION NO. 13:**

Subject to the foregoing specific objections and the General Objections, Plaintiffs refer Defendant to its document production, bate nos. Khachatryan 000001-000082.

DATED:  August 30, 2024          **TARTER KRINSKY & DROGIN LLP**


By:       */s/ Tyler R Dowdall*
Tyler R. Dowdall, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
Renata A. Guidry, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:     (424) 330-8580
Facsimile:     (315) 512-1465

Eliezer Lekht (*pro hac vice*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, B.A.J, a minor and I.M, a minor

20

EXHIBIT 2
PAGE 20

*PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C.
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS*
Case No. 2:23-cv-10829-ODW-E

**CERTIFICATE OF SERVICE**
**SUNNY KHACHATRYAN, an individual, et al. v. 1 HOTEL WEST
HOLLYWOOD, L.L.C**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this
action**. I am employed in the County of Los Angeles, State of California. My
business address is 2029 Century Park East, Suite 400N, Los Angeles, CA 90067.

On August 30, 2024, I served true copies of the following document(s)
described as **PPLAINTIFFS' SUNNY KHACHATRYAN, AN INDIVIDUAL;
TATEVIK KHACHATRYAN, AN INDIVIDUAL; B. A. J, A MINOR; AND
I.M, A MINOR, SECOND SUPPLEMENTAL RESPONSES TO
DEFENDANT'S 1 HOTEL WEST HOLLYWOOD, L.L.C. FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties
in this action as follows:

| | |
|---|---|
| CLARK HILL LLP | Attorneys for Defendant 1 |
| Myriah Jaworski | HOTEL WEST HOLLYWOOD, |
| mjaworski@clarkhill.com | L.L.C. |
| One America Plaza | |
| 600 West Broadway, Suite 500 | |
| San Diego, CA 92101 | |
| Telephone: (619) 557-0404 | |
| Facsimile:  (619) 557-0460 | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of
the document(s) to be sent from e-mail address BGenser@tarterkrinsky.com to the
persons at the e-mail addresses listed in the Service List.  I did not receive, within a
reasonable time after the transmission, any electronic message or other indication
that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

Executed on August 30, 2024, at Los Angeles, California.

*/s/ Brooke M. Genser*
Brooke M. Genser

EXHIBIT 2
PAGE 21

21