UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 23-10829 ODW (Ex) | Date | September 16, 2024 |
|---|---|---|---|

| Title | SUNNY KHACHATRYAN, et al. v. 1 HOTEL WEST HOLLYWOOD LLC |
|---|---|

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**  **Attorneys Present for Defendants:**
None                                  None

**Proceedings:**     **(IN CHAMBERS)**

The Magistrate Judge has read and considered all papers filed in support of and in opposition to Defendant's "Motion to Compel, etc." ('the Motion"), filed August 19, 2024. The previously scheduled September 20, 2024 hearing is vacated. The Magistrate Judge has taken the Motion under submission without oral argument. The Motion is granted in part and denied in part.

To the extent the Motion seeks further damages calculations under Rule 26(a)(1)(A)(iii), the Motion is granted. Plaintiffs must serve further damages calculations on or before October 15, 2024.

The Motion is granted as to Interrogatories Nos.: 1; 3(a); 4; 6; 7; 8; 9; 10; 11 (in the context of this interrogatory, the reference to a group of documents does not satisfy the requirements of Rule 33(d)); 12 (in the context of this interrogatory, the reference to a group of documents does not satisfy the requirements of Rule 33(d)); 13 (in the context of this interrogatory, the reference to a group of documents does not satisfy the requirements of Rule 33(d)); 14; 15; 16; 17; and 18 (in the context of this interrogatory, the reference to a group of documents does not satisfy the requirements of Rule 33(d)). Plaintiff Sunny Khachatryan shall serve verified answers without objection to these interrogatories on or before October 15, 2024.

The Motion is denied as to Interrogatories Nos. 2, 3(b) and 3(c) because an interrogatory requesting a document-by-document identification usually will not be proportional to the needs of the case within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure, particularly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 23-10829 ODW (Ex) | Date | September 16, 2024 |
|---|---|---|---|
| Title | SUNNY KHACHATRYAN, et al. v. 1 HOTEL WEST HOLLYWOOD LLC | | |

where there also have been propounded requests for production seeking the same documents. The Motion is denied as to Interrogatory No. 5 because, as phrased, the interrogatory is premature and invasive of the work product doctrine. See Fed. R. Civ. P. 26(b)(3); Nugent v. Spectrum Juvenile Justice Services, 2024 WL 4173743, at *8 (E.D. Mich. Sept. 12, 2024); Williams v. Romero, 2022 WL 2160651, at *2 (E.D. Cal. June 15, 2022); Howell v. Maytag, 168 F.R.D. 502, 504 (M.D. Pa. 1996); see also Sig Swiss Ind'l Co. v. Fres-Co System, USA, Inc., 1993 WL 147241, at *3 (E.D. Pa. April 30, 1993).

    The Motion is granted as to Requests for Production Nos.: 2; 5; 6; 7; 8; 9 (limited to documents sufficient to demonstrate the copyright registration); 10; and 11. To the extent not already done, Plaintiffs promptly shall conduct a reasonable and diligent search for documents responsive to these requests for production and shall produce to Defendant without objection all responsive documents within Plaintiffs' possession, custody or control on or before October 15, 2024.

    The Motion is denied as to Requests for Production Nos.: 1 (as vague and ambiguous); 3 (as vague, ambiguous and potentially not proportional to the needs of the case); 4 (as unreasonably overbroad and not proportional to the needs of the case); 12 (as vague, ambiguous, unreasonably overbroad and not proportional to the needs of the case. Cf. Maas v. City of Billings, 2020 WL 3316915, at *2-5 (D. Mt. June 13, 2020) (request for all documents related to the plaintiff's complaint deemed unreasonably overbroad)); and 13 (as vague, ambiguous, unreasonably overbroad and not proportional to the needs of the case).

    To the extent the Motion seeks an order compelling the deposition of Plaintiff Sunny Khachatryan, the Motion is granted. If this deposition has not yet been taken, it shall be taken promptly on a mutually agreed date convenient to all interested persons.

    To the extent the Motion has been granted, the Magistrate Judge has found that the discovery is relevant to the claims or defenses and proportional to the needs of the case. See Fed. R. Civ. P. 26(b). To the extent the Motion has been granted, the Magistrate Judge has also found that: (1) Plaintiffs have failed to demonstrate that the discovery is privileged under the attorney-client privilege or the work product doctrine; and (2) as to any conceivable (qualified) privilege such as privacy, Defendant's need for the discovery outweighs Plaintiffs' interest in maintaining the alleged confidentiality of the discovery under the circumstances presented.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 23-10829 ODW (Ex) | Date | September 16, 2024 |
|---|---|---|---|
| Title | SUNNY KHACHATRYAN, et al. v. 1 HOTEL WEST HOLLYWOOD LLC | | |

Defendant shall not use any of the discovery ordered herein for any purpose other than the litigation of this case.

Except as expressly stated herein, the Motion is denied. The Motion's request for monetary sanctions is also denied. See Fed. R. Civ. P. 37(a)(5). Neither Defendant's nor Plaintiffs' positions with respect to all of these discovery disputes have been entirely reasonable. See Advisory Committee Notes to the 1970 Amendment to Rule 37 ("the court retains the power to find that other circumstances make an award of expenses unjust - as where the prevailing party also acted unjustifiably"). Moreover, Defendant failed to submit any evidence attempting to prove the amount or the reasonableness of any costs or fees incurred in connection with the Motion. See Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir. 1993) (for purposes of a monetary sanctions award, the moving party must submit evidence sufficiently detailed to enable the court to consider all necessary factors).

cc: Judge Wright
All Counsel of Record

Initials of Deputy Clerk  VMUN