TYLER R. DOWDALL, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
RENATA A. GUIDRY, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:  (424) 330-8580
Facsimile:   (315) 512-1465

ELIEZER LEKHT *(pro hac vice)*
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, B. A.J., and I.M.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, an individual; TATEVIK KHACHATRYAN, an individual; B. A. J., a minor; and I. M., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.;,<br><br>Defendant. | CASE NO. 2:23-cv-10829-ODW-E<br><br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD PRAYER FOR PUNITIVE DAMAGES PURSUANT TO *CIVIL CODE SECTION* 3344**<br><br>Date:  Monday, November 25, 2024<br>Time:  1:30 p.m.<br>Location.: First Street Courthouse<br>          350 W. 1st Street<br>          Los Angeles, CA. 90012<br>          Courtroom 5D, 5th Floor<br><br>*Honorable District Judge Otis D. Wright II*<br>*Hon. Magistrate Judge Charles V. Eick*<br><br>DATE FILED:  December 27, 2023<br>TRIAL DATE:  April 29, 2025 |

1

*MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD PRAYER FOR PUNITIVE DAMAGES PURSUANT TO CIVIL CODE SECTION 3344*

Case No. 2:23-cv-10829-ODW-E

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

In this Motion, Plaintiffs Sunny Khachatryan, an individual; Tatevik Khachatryan, an individual; B. A. J., a minor; and I. M., a minor (collectively "Plaintiffs") seek leave of Court to file a Second Amended Complaint ("2AC") for the purpose of adding a prayer for punitive damages as expressly provided in Civil Code Section 3344. *See* Declaration of Tyler R. Dowdall ("Dowdall Dec.") Exs. 1-2.

Defendant sought and obtained an Order to compel Plaintiffs to provide a detailed breakdown of their damages claims and, when presented with a damages analysis which included each category of damages permitted under Civil Code 3344 (statutory or actual damages, punitive damages, and attorneys' fees and costs), protested that punitive damages were not specifically requested in the First Amended Complaint (notwithstanding the specific references to the statute and requests for damages thereunder). Upon learning that Defendant was unaware that punitive damages could be recovered under Section 3344, Plaintiffs requested that Defendant stipulate to allow Plaintiffs to file a Second Amended Complaint solely to clarify that issue. Defendant refused. *Dowdall Dec*. ¶ 4.

Good cause exists to grant this motion under the extremely liberal standards of Rule 15(a). See Fed. R. Civ. P. 15(a)(2) (stating that leave to amend "shall be freely given when justice so requires"); see also *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001). The allegations of the 2AC, if proven, would warrant the imposition of punitive damages against the Defendant, who misappropriated the property of minor children without their knowledge, permission, or consent, for a period of years. Knowingly and intentionally violating the rights of children for a period of years is the exact sort of conduct which warrants the imposition of punitive damages.

Other factors considered by courts in evaluating motions to amend under Rule 15(a) similarly militate in favor of permitting amendment here. Plaintiffs have acted

cautiously, responsibly, and in good faith in seeking this amendment. Plaintiffs have not requested leave to bring in additional defendants or add facts. The request for leave is based upon Defendant's lack of understanding of the range of damages available to Plaintiffs pursuant to California law. Discovery has not closed. Applicable statutes of limitation have not expired. Accordingly, Plaintiffs request that, pursuant to Rule 15(a)(2), the Court grant the instant Motion to Amend.

## II.   FACTUAL BACKGROUND

On January 3, 2021, while staying at Defendant's California location, Plaintiffs created a photograph referred to herein as the "Work". Plaintiffs posted the photograph to their Instagram account. The Work clearly depicts two minor children wearing robes by a pool. Plaintiffs tagged Defendant's account when posting the photograph which Defendant then misappropriated for its own business needs without obtaining Plaintiffs consent. The misappropriation continued for a period of nearly two years before, in response to a demand letter, Defendant finally took the photo down. At all times, Defendant clearly could tell that the two individuals portrayed in the photograph are minors, yet did not obtain parental consents. Defendant could clearly tell that there are two minors, requiring the consent and approval of *two* separate parents or legal guardians to use the photograph. Defendant ignored that the photo depicted minors and impermissibly used the photograph to promote its hotel, bath robes, and spa business (the "Advertisement"). Defendant simply failed to obtain a proper license for the use of the Work, and knowingly and intentionally exploited minors, in connection with its use in the Advertisement.

On October 15, 2024, Plaintiff served supplemental Initial Disclosures which contained a breakdown of the various types of damages Plaintiffs would be requesting at trial. The range of available damages includes statutory or actual damages, punitive damages, and attorneys' fees and costs. In response to the amended disclosure, on October 16, 2024, Defendant claimed to be unaware that Plaintiffs would be seeking punitive damages. On October 18, 2024, Plaintiffs proposed an amendment to the

3

*MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD PRAYER FOR PUNITIVE DAMAGES PURSUANT TO CIVIL CODE SECTION 3344*

Case No. 2:23-cv-10829-ODW-E

complaint to clarify the scope of damages. Defendant immediately rejected the proposal and refused to stipulate to allow Plaintiffs to file such an amended complaint.

## III.  SCOPE OF PROPOSED CHANGES

Pursuant to Local Rule 15-1 and the Court's Procedures regarding motions for leave to amend, Plaintiffs identify the following proposed amendments to the First Amended Complaint (ECF No. 47).

1. Update Plaintiffs' counsel at page 1, line 6, to remove Brian Bloom's name and "admitted *pro hac vice*".

2. Replace "injunctive relief, and" with "statutory, actual, and punitive" page 2, lines 4-5.

3. Remove "Brave" at page 2, line 10

4. Add the language "authorship and for violation of California's Civil Code § 3344 for the unauthorized use of a photograph and likeness of the Minor Plaintiffs" at page 2, lines 12-13.

5. Add the language "acting and is B.A.J.'s parent and legal guardian" at page 2, line 19.

6. Add the language "services, commencing on or about February 17, 2021" at page 6, line 8.

7. Add the language "website, the Work was subsequently removed from the Website" at page 6, line 16.

8. Add the language "the following categories of damages: (a) the greater of seven hundred fifty dollars ($750) or the actual damages suffered; (b) any profits from the unauthorized use that are attributable to the use; (c) punitive damages may also be award to the injured party or parties; and (d) at page 9, Lines 22-25.

9. Add the following items of relief to Plaintiffs' Prayer, page 10, lines 14-16:

C) That Plaintiffs recover all damages allowed under Civil Code section 3344, including the greater of $750 or actual damages, Defendant's

4

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD PRAYER FOR PUNITIVE DAMAGES PURSUANT TO CIVIL CODE SECTION 3344

Case No. 2:23-cv-10829-ODW-E

profits, punitive damages, and attorneys' fees and costs.

10. Update Plaintiffs' counsel signature block at page 11, line 11 to remove Brian Bloom's name and the words "admitted *pro hac vic*".

*See* Declaration of Tyler R. Dowdall ("Dowdall Dec.") Exs. 1-2.

## IV. PLAINTIFFS' PROPOSED AMENDMENT MEETS THE REQUIREMENTS OF RULE 15

Plaintiffs seek leave to amend their complaint solely to clarify the scope of damages they seek to recover under Civil Code section 3344. Rule 15(a)(2) states that such "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Courts generally consider four factors when evaluating a plaintiff's request to amend a complaint: (1) bad faith or dilatory motive; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Each of these four factors support Plaintiffs' request for leave to amend.

1. Plaintiffs have shown good faith. From the outset of this case, Plaintiffs have asserted claims under Section 3344, and sought damages thereunder.
2. Plaintiffs' amendment is timely. Trial is six months out, discovery has not closed, and Plaintiffs seek only to clarify the scope of damages pursuant to California law that they will seek to recover at trial. Defendant has already been apprised of the damages claim.
3. Defendant does not suffer prejudice by virtue of the amendment. Defendant has received, in response to Defendant's motion, a breakdown of the damages requested by Plaintiffs. No depositions have been conducted. No

discovery need be repeated. Defendant has not identified any prejudice from the proposed amendment.

4. The proposed amendment alleges a proper claim, as its sole purpose is to clarify the scope of damages. Plaintiffs seek to recover pursuant to Civil Code Section 3344.

### A. Plaintiffs Acted in Good Faith and have Timely Moved to Amend

The factors of "good faith" and "undue delay" substantially overlap. See, e.g., Wright & Miller, Federal Practice and Procedure, § 1487 ("When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment."). Courts also consider whether the proposed amendment is interposed for some improper purpose, such as to affect the Court's jurisdiction or for reasons of litigation tactics. *See* Id. (if the Court "determines that the amendment was asserted in bad faith, as, for example, when plaintiff attempts to destroy the federal court's removal jurisdiction over the case by altering the complaint so that the case will be remanded, the court may not allow the amendment").

Here, Defendant cannot make any showing that Plaintiffs have acted in anything but good faith in pursuing this Amendment. The proposed amendment will not affect the Court's jurisdiction, and Plaintiffs gain no tactical advantage, by clarifying the range of damages they will request at trial. The request for leave to amend was triggered by Defendant's own confusion about the range of damages allowed by statute, and Plaintiffs seek leave only to explicitly state that they are seeking all damages allowed under Civil Code section 3344, including punitive damages. Since Defendant wrongfully misappropriated a photograph of minor children for years, it should hardly be a surprise that Plaintiffs would seek punitive damages. Once Defendant explained its confusion about the range of damages Plaintiffs could recover, Plaintiffs immediately proposed an amendment to mitigate such confusion.

6

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD PRAYER FOR PUNITIVE DAMAGES PURSUANT TO CIVIL CODE SECTION 3344

Case No. 2:23-cv-10829-ODW-E

1  Accordingly, it is plain that Plaintiffs have acted with good faith throughout
2  regarding the clarification of the scope of damages requested under Civil Code section
3  3344, and has not unduly delayed the instant motion to amend. See *DCD Programs,*
4  *Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (finding no bad faith and affirming
5  grant of leave to amend where plaintiff sought to develop evidence of wrongful
6  conduct before asserting claims); *Qualcomm, Inc. v. Motorola, Inc.*, 989 F. Supp.
7  1048, 1050 (N.D. Cal. 1997) (finding no undue delay where the plaintiff's ongoing
8  investigation and discovery had revealed sufficient information upon which to base
9  new claims for relief).

### B. Plaintiffs' Amendment will Not Prejudice Defendant

Defendant bears the burden of establishing that prejudice will result from Plaintiffs' Amendment.  See *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). Defendant cannot possibly make a showing.  During the pre-filing meet and confer, Defendant identified no such prejudice.  Since the Complaint was filed, Plaintiffs have requested relief under Civil Code section 3344, and requested all damages available thereunder.  Defendant should have known, at all times, that punitive damages could be requested because the statute specifically states that a victim may recover punitive damages.  The nature of the violation, the infringement upon Minor Plaintiffs' privacy and intentional exploitation of children, should have also made Defendant aware that punitive damages would be requested. No depositions have been conducted. Discovery remains open.

Given the scope of the amendment, and its clarifying scope, Defendant can point to no unfair prejudice that will result from the Court's granting of the instant motion. See *ABM Indus., Inc. v. Zurich Am. Ins. Co*., 237 F.R.D. 225, 227 (N.D. Cal. 2006) (holding that defendants were not prejudiced by amendment because litigation was at an early stage, and defendants were not surprised by the new factual allegations).  Since Plaintiffs are not adding new factual allegations, are not adding any new parties, but are only clarifying the scope of damages Plaintiffs will request

as permitted by statute, Defendant cannot credibly claim any undue prejudice from the proposed amendment.

### C. The Amendment States a Valid Damages Claim

The final factor considered by Courts under Federal Rule 15 is futility of the proposed amendment. Where, as here, the amended complaint alleges a legally sufficient claim for relief and seeks only to clarify the scope of damages that Plaintiffs will seek at trial, leave to amend should be granted. See *Miller v. Rvkoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A substantive evaluation of the merits of Plaintiffs' allegations, however, would be improper on a motion for leave to amend. *See William Schwarzer, et al.*, Federal Civil Procedure Before Trial § 8:422 (noting that, "[o]rdinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend.").

Liability under Section 3344 is established where the following elements are met: (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; (4) resulting injury; (5) that the defendant's use was knowing; and (6) a direct connection between the alleged use and the commercial purpose. *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 208 (2017).

Plaintiffs' complaint sufficiently alleges facts to support a violation of Cal. Civ. Code § 3344 by pleading facts to support the allegations that the photograph depicting the minor plaintiffs was "used" for a commercial purpose. The plain meaning of "use" as defined in Black's Law Dictionary is "[t]o make use of, to convert to one's service, to avail one's self of, to employ." *Use, Black's Law Dictionary* (Revised 4th ed. 1968). Plaintiffs' complaint sufficiently pleads that Defendant used the Plaintiffs' identity by showing a screenshot of the photograph as it appeared on Defendant's Website. "Many court[s] have held that information on readily accessible public websites constitutes public disclosure." *United States ex rel. Osheroff v. Healthspring, Inc.*, 938 F. Supp. 2d 724, 732–33 (M.D. Tenn. 2013).

8

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD PRAYER FOR PUNITIVE DAMAGES PURSUANT TO CIVIL CODE SECTION 3344

Case No. 2:23-cv-10829-ODW-E

Plaintiffs' Complaint sufficiently alleged that the appropriation of Plaintiffs likeness was for the commercial advantage of Defendant's spa and apparel business. Plaintiffs' Complaint also adequately alleged that Defendant did not have consent to use the photograph as Defendant did.

"The statute's legislative history reveals section 3344(a) was intended to fill 'a gap which exist[ed] in the common law tort of invasion of privacy' as applied to non-celebrity plaintiffs whose names lacked 'commercial value on the open market.'" *Miller v. Collectors Universe, Inc.*, 159 Cal. App. 4th 988, 1001, 72 Cal. Rptr. 3d 194, 204 (2008).

Further, "section 3344 was enacted to provide a 'practical remedy for a noncelebrity plaintiff whose damages are difficult to prove.'" *Orthopedic Sys., Inc. v. Schlein*, 135 Cal. Rptr. 3d 200, 212 (Ct. App. 2011) (quoting *Miller*, 72 Cal. Rptr. at 205). As such, California courts have recognized that the core of a privacy case cause of action "is not injury to the character or reputation, but a direct wrong of a personal character resulting in injury to the feelings without regard to any effect which publication may have on the property, business, pecuniary interest, or the standing of the individual in the community." *Fairfield v. Am. Photocopy Equip. Co.*, 291 P.2d 194, 197 (Ct. App. 1955). Plaintiffs have properly stated a claim under Civil Code 3344, and Defendant has answered. Pursuant to Civil Code section 3344, statutory, actual, and punitive damages are recoverable and are properly included within the prayer.

Since Plaintiffs have stated a proper claim under Section 3344, to which Defendant has answered, the amendment to include all forms of relief available under section 3344, including punitive damages, is meritorious. Plaintiffs have been careful to not even renumber the paragraphs in the Amendment; the revisions are so minor that Defendant's prior answer may properly be deemed responsive to the proposed Second Amended Complaint. Given the scope of the amendment, which is purely to

9

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD PRAYER FOR PUNITIVE DAMAGES PURSUANT TO CIVIL CODE SECTION 3344

Case No. 2:23-cv-10829-ODW-E

clarify the range of damages Plaintiffs seek pursuant to statute, this is not a close case. Amendment is overwhelmingly appropriate under Rule 15.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant this Motion and provide leave for Plaintiffs to file the Second Amended Complaint.

DATED:  October 24, 2024          TARTER KRINSKY & DROGIN LLP

By: _____*/s/ Tyler R. Dowdall*_____
Tyler R. Dowdall, State Bar No. 258950
*tdowdall@tarterkrinsky.com*
Renata A. Guidry, State Bar No. 227713
*rguidry@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone:    (424) 330-8580
Facsimile:     (315) 512-1465

Eliezer Lekht (*pro hac vice*)
*elekht@tarterkrinsky.com*
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York 10018
Telephone: (212) 574-0350
Facsimile: (212) 216-8001

*Attorneys for Plaintiffs* Sunny Khachatryan, Tatevik Khachatryan, B.A.J., and I.M..

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

Dated: October 25, 2024        */s/ Tyler R. Dowdall*
　　　　　　　　　　　　　　　Tyler R. Dowdall

11

*MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD PRAYER FOR PUNITIVE DAMAGES PURSUANT TO CIVIL CODE SECTION 3344*

Case No. 2:23-cv-10829-ODW-E