**EXHIBIT 3**

| | |
|---|---|
| **From:** | Jaworski, Myriah <mjaworski@clarkhill.com> |
| **Sent:** | Friday, October 18, 2024 5:59 PM |
| **To:** | Tyler R. Dowdall; Dolce, Nicolas; Eliezer Lekht; Renata Guidry; Brooke Genser |
| **Cc:** | Patel, Chirag; Bloom, Ali |
| **Subject:** | [EXT] RE: Sunny Khachatryan, et. al. v. 1 Hotel West Hollywood LLC - Punitive Damages |

**◉ External email ›**

A clarification below in red.

---

**From:** Jaworski, Myriah
**Sent:** Friday, October 18, 2024 8:57 PM
**To:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Dolce, Nicolas <ndolce@clarkhill.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Renata Guidry <rguidry@tarterkrinsky.com>; Brooke Genser <bgenser@tarterkrinsky.com>
**Cc:** Patel, Chirag <cpatel@clarkhill.com>; Bloom, Ali <abloom@clarkhill.com>
**Subject:** RE: Sunny Khachatryan, et. al. v. 1 Hotel West Hollywood LLC - Punitive Damages

Tyler,

SH Group objects to Plaintiffs' proposed filing of a Second Amended Complaint, and will oppose a Motion to Amend.

SH Group opposes this proposed amendment based on Plaintiffs' undue delay, dilatory motive, and the significant prejudice this would cause to SH Group. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Further, there is no factual or other basis upon which Plaintiff may seek an award of punitive damages under Cal. Civ. Code §§ 3344 or 3294(a), and such amendment would be futile. SH Group reserves all rights.

Myriah

---

**From:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>
**Sent:** Friday, October 18, 2024 4:55 PM
**To:** Dolce, Nicolas <ndolce@clarkhill.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Renata Guidry <rguidry@tarterkrinsky.com>; Brooke Genser <bgenser@tarterkrinsky.com>
**Cc:** Jaworski, Myriah <mjaworski@clarkhill.com>; Patel, Chirag <cpatel@clarkhill.com>; Bloom, Ali <abloom@clarkhill.com>
**Subject:** RE: Sunny Khachatryan, et. al. v. 1 Hotel West Hollywood LLC - Punitive Damages

**[External Message]**

Nicolas,

I'm surprised by your position here since 3344 specifically provides for punitive damages. Since your clients misappropriated a photograph of minor children, I don't know why you believe that punitive damages wouldn't be on the table. Generally speaking, violating the rights of children (especially over an extended period of time, as happened here) leads to imposition of punitive damages.

1

**EXHIBIT 3**

Nonetheless, to avoid any further confusion on your part, we have prepared a proposed Second Amended Complaint to include statutory language from Section 3344, and request that you stipulate to its filing.  The case you cite below provides authority for liberality in providing leave to amend, and parties are encouraged to stipulate to such relief.  We have not changed any paragraph numbering so that your answer to the First Amended Complaint can stand as the Answer for the Second Amended Complaint, thereby minimizing any additional costs to your client.

Please let us know by close of business on Monday, October 21, 2024, whether you will stipulate.  If not, we will proceed with a Motion for Leave to Amend.

Thank you.



**Tyler R. Dowdall|Partner**
T: 424-330-8580|F: 212-216-8001
tdowdall@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
2029 Century Park East, Suite 400N|Los Angeles|CA|90067
www.tarterkrinsky.com|LinkedIn

*Crain's 2024 best places to work in NYC*

**From:** Dolce, Nicolas <ndolce@clarkhill.com>
**Sent:** Wednesday, October 16, 2024 5:04 PM
**To:** Tyler R. Dowdall <tdowdall@tarterkrinsky.com>; Eliezer Lekht <elekht@tarterkrinsky.com>; Renata Guidry <rguidry@tarterkrinsky.com>; Brooke Genser <bgenser@tarterkrinsky.com>
**Cc:** Jaworski, Myriah <mjaworski@clarkhill.com>; Patel, Chirag <cpatel@clarkhill.com>; Bloom, Ali <abloom@clarkhill.com>
**Subject:** [EXT] Sunny Khachatryan, et. al. v. 1 Hotel West Hollywood LLC - Punitive Damages

Tyler,

In reviewing Plaintiffs' Fourth Supplemental Rule 26 Initial Disclosures, specifically the amended damages calculation, we noticed that Plaintiffs' included relief sought in the form of "punitive damages for the unlawful misappropriation of the photograph of minor children." In no previous iteration of Plaintiffs' three prior Rule 26 damages calculations, nor in the Complaint or Amended Complaint, have Plaintiffs ever included punitive damages as form of relief it intends to seek. It was not until this most recent Rule 26 disclosure, more than 10 months into litigation, that Plaintiffs decided to raise this alleged form of relief for the very first time.

Fed. R. Civ. P. 8(a)(3) requires a complaint to specifically demand judgment for the relief the pleader seeks. Plaintiffs' failure to specifically plead, or even mention, punitive damages anywhere in its Amended Complaint proves fatal to Plaintiffs' new request for this form of relief. *See Seven Words LLC v. Network Sols.,* 260 F.3d 1089 (9th Cir. 2001). Plaintiffs cannot now assert this new form of relief for the first time, more than 10 months into litigation, through a Rule 26 disclosure after they failed to include punitive damages in any previously served disclosure, as well as in their already amended complaint – allowing such damages at this late stage would cause substantial prejudice to 1 Hotel, and the Court will roundly reject reading such damages into the Amended Complaint where the mention of such is completely absent. *Id*.

Accordingly, 1 Hotel demands that Plaintiffs withdraw this form of relief from their Fourth Supplemental Rule 26 Initial Disclosures, and confirm they are not seeking punitive damages. Should Plaintiffs continue to pursue this line of relief or attempt to amend their complaint an additional time to include a claim for punitive damages, 1 Hotel will promptly seek dismissal of the same.

EXHIBIT 3

Please confirm in writing that Plaintiffs will not pursue this form of relief, or formally withdraw Plaintiffs' Fourth Supplemental Rule 26 Initial Disclosures and resubmit, without any reference to punitive damages, as the fifth supplemental disclosure.

Regards,
Nick

**Nicolas V. Dolce**
Attorney at Law
**Clark Hill**
130 E. Randolph Street, Suite 3900, Chicago, IL 60601
+1 312.360.2113 (office) | +1 312.517.7580 (fax)
ndolce@clarkhill.com | www.clarkhill.com

---

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

EXHIBIT 3