CLARK HILL
Myriah V. Jaworski, Esq. (SBN 336898)
mjaworski@clarkhill.com
One America Plaza
600 West Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

Attorneys for Defendant
1 HOTEL WEST HOLLYWOOD, L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY KHACHATRYAN, AN INDIVIDUAL; TATEVIK KHACHATRYAN, AN INDIVIDUAL; B.A.J., A MINOR; AND I.M., A MINOR,<br><br>Plaintiffs,<br><br>v.<br><br>1 HOTEL WEST HOLLYWOOD, L.L.C.,<br><br>Defendant. | Case No. 2:23-cv-10829<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS EX PARTE APPLICATION TO EXTEND FACT DISCOVERY AND CASE MANAGEMENT DEADLINES**<br><br>Judge: Hon. Otis D. Wright II<br>Magistrate Judge: Hon. Charles F. Eick<br><br>Discovery Cut-Off: 11/25/2024<br>Pre-Trial Conference: 4/7/2025<br>Trial: 4/29/2025 |

Defendant 1 HOTEL WEST HOLLYWOOD, L.L.C. ("Defendant" or "1 Hotel"), by and through its attorneys of record, submits this Memorandum in Support of its *Ex Parte* Application to Extend Fact Discovery and Case Management Deadlines, including resetting the trial date, consistent with the attached Proposed Order, and states the following in support thereof:

### I. INTRODUCTION

Although filed nearly one year ago, this case has been significantly delayed due to Plaintiffs' failure to comply with discovery obligations, including their month-long failure to even respond to Defendant's discovery correspondences,

ultimately necessitating the filing of a Motion to Compel. (Dkt. 49). Despite the Court's Order on that Motion, Plaintiffs' discovery is still unverified and incomplete, and will be the subject of a forthcoming joint discovery statement. Although noticed for some time, fact depositions of Plaintiffs' witnesses also cannot occur until written discovery is completed, to say nothing of the need for expert review of a fulsome discovery production prior to scheduling expert depositions. And earlier this month – more than three months after the deadline for filing an amended pleading – Plaintiffs filed a Motion for Leave to Amend their Complaint for a second time. 1 Hotel has opposed that proposed second amendment, as it is futile, untimely and would result in substantial prejudice to 1 Hotel. (Dkt. 64).

Faced with approaching deadlines for fact and expert discovery, the parties *jointly* agreed and stipulated to extend certain deadlines without altering the April 2025 trial date. (Dkt. 58). This Court denied the parties' joint stipulation, citing insufficient time to resolve dispositive motions prior to trial, and recommended as one option that the parties re-submit a stipulation resetting the trial date for the latter half of 2025. (Dkt. 60). When 1 Hotel recirculated an updated proposed case management schedule aligned with the Court's direction, Plaintiffs refused to agree to the extensions unless 1 Hotel agreed to stipulate to the filing of their Second Amended Complaint. Unwilling to agree to such unreasonable terms, 1 Hotel was forced to file this instant Application.

For the reasons set forth below, 1 Hotel respectfully requests that this Court grant 1 Hotel's *Ex Parte* Application to Extend Fact Discovery and Case Management Deadlines, as detailed in the Proposed Order.

## II. FACTUAL BACKGROUND

Plaintiffs filed their initial Complaint on December 27, 2023, alleging the unauthorized use of a photograph (the "Photograph") depicting minor Plaintiffs I.M. and B.A.J. on 1 Hotel's e-commerce website for a product listing of children's robes

(the "Website"). (Dkt. 1). On June 14, 2024, this Court dismissed all but Plaintiff Sunny Khachatryan's copyright infringement claim, and Plaintiffs I.M. and B.A.J.'s misappropriation of identity claims against 1 Hotel. (Dkt. 46). On July 5, 2024, Plaintiffs filed their first Amended Complaint in accordance with the Court's Order. (Dkt. 47).

On May 3, 2024, Plaintiffs provided their Rule 26 initial disclosures, which were deficient. *See* Declaration of Myriah V. Jaworski ("Jaworski Decl."), ¶ 7. Between May 3, 2024, and August 30, 2024, Plaintiffs tendered two supplemental Rule 26 disclosures, which remained deficient in several meaningful ways. Jaworski Decl., ¶ 8.

Throughout this time, 1 Hotel attempted to proceed with the discovery process. On June 14, 2024, 1 Hotel issued its first set of Rule 33 interrogatories and Rule 34 requests for production ("RFPs"). Jaworski Decl. ¶ 9. After delays, Plaintiffs served responses to 1 Hotel's discovery requests. Plaintiffs did not respond to ***one single interrogatory***, and instead issued improper blanket objections to all 18 of 1 Hotel's Rule 33 interrogatories. Jaworski Decl. ¶ 10. Similarly, Plaintiffs asserted blanket objections to each of 1 Hotel's Rule 34 requests for production. Jaworski Decl. ¶ 11. After multiple demands for substantive responses to discovery and for times to confer on the same, on July 26, 2024, Plaintiffs made a small production of 60 pages of documents. Jaworski Decl. ¶ 12.

Thereafter, Plaintiffs' counsel went entirely dark and failed to even engage with counsel for 1 Hotel on discovery matters for one full month. Jaworski Decl. ¶ 13. Having heard nothing from Plaintiffs or their counsel, 1 Hotel was forced to file a Motion to Compel Plaintiffs' discovery responses and a proper Rule 26 damages disclosure. Jaworski Decl. ¶ 14.

By Order dated September 16, 2024, this Court granted 1 Hotel's Motion in part, and ordered Plaintiffs to fully respond, without objection and in verified form,

to several of 1 Hotel's interrogatory requests, to produce outstanding documents in response to most of 1 Hotel's document requests, and to supplement their damages disclosure for a *fourth* time with proper detailed calculations and analysis of their actual damages demand. Jaworski Decl. ¶ 15.

On October 15, 2024, in response to this Court's Order, Plaintiffs produced a single additional document, and issued still deficient interrogatory responses, all of which are the subject of a forthcoming Joint Report to the Court on outstanding discovery disputes. Jaworski Decl. ¶ 16.

In light of this (unnecessarily) protracted discovery process, on October 15, 2024, 1 Hotel and Plaintiffs stipulated to extend fact and expert discovery cut-off, along with certain other pre-trial deadlines, by 60-days without altering the April 2025 trial date. Jaworski Decl. ¶ 17. At this time, Plaintiffs were in agreement that the existing case management schedule was not viable. Jaworski Decl. ¶ 18.

The very next day, this Court denied the parties' joint stipulation, reasoning that the extended proposed deadlines left the Court without sufficient time to resolve dispositive motions prior to trial. Jaworski Decl. ¶ 19. The Court also indicated in its text order that the parties could re-submit a stipulation resetting the trial date and other corresponding pre-trial deadlines for a date in the Fall of 2025. Jaworski Decl. ¶ 20. Specifically, the Court indicated that "based on the Court's current schedule, if the parties request to move the trial date, the Court cannot guarantee a trial date within the first nine months of 2025." *Id.* In the midst of all this, Plaintiffs filed a Motion for Leave to Amend the Complaint – three months after this Court's deadline for same. Jaworski Decl. ¶ 21.

In an effort to address the Court's text order on the parties' joint stipulation, 1 Hotel provided Plaintiffs with an updated proposed case management schedule on November 5, 2024. Jaworski Decl. ¶ 22. Plaintiffs inexplicably refused to agree to the extensions, prompting this instant Application. *Id.*

4                                    CASE NO.: 2:23-CV-10829
DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS EX PARTE
APPLICATION TO EXTEND FACT DISCOVERY AND CASE MANAGEMENT DEADLINES

For a multitude of reasons, including Plaintiffs' significant delay in producing responsive discovery necessitating 1 Hotel's first Motion to Compel, Plaintiffs' failure to provide *any* documents whatsoever for Plaintiffs Sunny Khachatryan and B.A.J., their failure to otherwise comply with this Court's Order on 1 Hotel's Motion to Compel, and additional other discovery disputes between the parties which will be the subject of a L.R. 37 Joint Statement forthcoming to the Court, Plaintiffs' pending Motion for Leave to Amend their complaint for a second time three months after this Court's ordered deadline, keeping the current scheduling order in place is simply not viable. Jaworski Decl., ¶ 23.

## III.   ARGUMENT

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 607).

Without documents or clarity as to how Plaintiffs reached the amount of their claimed damages, or more so how they intend to prove such, 1 Hotel has been severely prejudiced. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (highlighting that failure to produce documents and timely participate in discovery is considered sufficient prejudice). 1 Hotel has been left in limbo for many months, uncertain about what Plaintiffs' alleged damages even are, and without any evidentiary or factual basis for core allegations in the Complaint.

Without a complete production, 1 Hotel has been unable to knowledgeably take any depositions and, although it has engaged an expert, that expert's work is substantially limited by Plaintiffs' failure to provide all but a few documents concerning one of the three named Plaintiffs.

As demonstrated above, good cause exists to continue all dates set forth in the Proposed Order. Indeed, 1 Hotel is acting in good faith and following this Court's own recommendation that in order to extend the close of fact and expert discovery, it will need to also extend the trial date. (Dkt. 60). Further, as established above, 1 Hotel has diligently sought documents from Plaintiffs, including by a Motion to Compel and subsequent Court Order. See *Mobile Tech, Inc. v. Hitachi Sols. Am., Ltd.*, No. 821CV00461SSSADSX, 2023 WL 3150109 (C.D. Cal. Jan. 23, 2023) (recognizing plaintiff's delays in the discovery process and failure to complete discovery in a timely manner when finding good cause existed to grant defendant's motion to extend case management deadlines).

Plaintiffs' severely delayed, and still outstanding, production of documents and discoverable information that 1 Hotel has been requesting since June, has left 1 Hotel scrambling to compel Plaintiffs' participation and confirm the completeness of such discovery, not to mention severely hinder its ability to pursue expert opinion. Because 1 Hotel needs to confirm the completion of Plaintiffs' discovery production and review any additional documents prior to conducting depositions, 1 Hotel requires an extension of all deadlines in this case. See *Smith v. Gaulding*, No. 2:19-09174 SVW (ADS), 2022 WL 2145493 (C.D. Cal. Mar. 8, 2022) (finding good cause exits to extend case management deadlines where moving party acted diligently but discovery is not yet completed). 1 Hotel's request is clearly justified, and a denial of such extension would result in severe prejudice. Plaintiffs have no reasonable justification for their extensive refusal to participate in discovery and failure to prosecute their own case for the first eight months of litigation.

For these reasons, this Court should grant 1 Hotel's *Ex Parte* Application to Extend Discovery and the Case Management Deadlines.

## IV. CONCLUSION

In view of the above, 1 Hotel respectfully requests that the Court issue an Order extending fact and expert discovery cut-off, and all other deadlines in this case, including resetting the trial date, consistent with the attached Proposed Order.

Dated: November 14, 2024          CLARK HILL

By: *s/ Myriah V. Jaworski*
    Myriah V. Jaworski

Attorneys for Defendant
1 HOTEL WEST HOLLYWOOD, L.L.C.