O

# United States District Court
# Central District of California

| | |
|---|---|
| SUNNY KHACHATRYAN et al.,<br><br>     Plaintiffs,<br><br>    v.<br><br>1 HOTEL WEST HOLLYWOOD L.L.C. et al.,<br><br>     Defendants. | Case № 2:23-cv-10829-ODW (Ex)<br><br>**ORDER GRANTING PETITION FOR APPROVAL OF MINORS' COMPROMISE [77]** |

## I.  INTRODUCTION

Pending before the Court is an unopposed Petition for Approval of Minors' Compromise ("Petition") to settle this action brought against Defendant 1 Hotel West Hollywood L.L.C. ("1 Hotel"). (Pet., ECF No. 77-1.)  For the reasons stated below, the Petition is **GRANTED**.  The Court, finding no hearing necessary, **VACATES** the hearing set for March 3, 2025.

## II.  BACKGROUND

This copyright infringement dispute concerns whether 1 Hotel was authorized to use the Photograph, which depicts B.A.J. and I.M. ("Minor Plaintiffs") standing by the 1 Hotel pool in their 1 Hotel robes.  On January 3, 2021, Plaintiffs posted the Photograph to the Instagram account @brave_johnson.  (First Am. Compl. ("FAC")

¶¶ 18, 20, ECF No. 47.)  Through its Instagram account, 1 Hotel commented on the post, "We love this photo! Reply to this comment with #sharemy1pic if you're happy with us sharing your photo on our social channels."  (Answer FAC, Affirmative Defs. ¶ 7, ECF No. 48.)  The @brave_johnson account responded, "@1hotels thank you! #sharemy1pic."  (*Id.*)

1 Hotel then posted the Photograph on its website to promote and sell "1 Hotels Signature Kids Jersey Knit Hooded Robe[s]."  (FAC ¶¶ 25, 56.)  On April 21, 2023, over two years after the Photograph was taken, Sunny Khachatryan obtained a Certificate of Registration for "Cousins at the pool in bathrobes" from the United States Copyright Office.  (*Id.* ¶¶ 17–18, Ex. 1 ("Certificate of Registration"), ECF No. 47-1.)

On December 27, 2023, Plaintiffs initiated this action.  (Compl., ECF No. 1.)  On July 5, 2024, Plaintiffs filed the First Amended Complaint.  (FAC.)  Plaintiffs assert three causes of action against 1 Hotel[1]: (1) federal copyright infringement, (2) misappropriation of minor's likeness, and (3) unauthorized use of photograph or likeness in violation of California Civil Code section 3344.  (*Id.* at ¶¶ 34–69.)  Plaintiffs seek legal and equitable relief, including "actual damages in the amount presently believed to be not less than $2,000,000 per plaintiff and Defendants' profits attributable to the infringement," restitution, and attorneys' fees.  (*Id.*, Prayer for Relief.)  Sunny Khachatryan was appointed as B.A.J.'s guardian ad litem ("GAL"), and Tatevik Khachatryan as I.M.'s GAL.  (Orders Appointing GALs, ECF Nos. 22–23.)

The parties have now reached an agreement that fully resolves all claims.  (*See* Pet. 3; Decl. Tyler R. Dowdall ("Dowdall Decl.") Ex. 6 ("Settlement Agreement"), ECF Nos. 77-4, 77-10.)  Under the terms of the agreement, Defendants will pay $120,000.  (Pet. 4; Settlement Agreement § 2(a)(1).)  The distributions are as follows:

---

[1] Plaintiffs removed SH Group Operations, L.L.C., and SH Group Global IP Holdings, L.L.C. as defendants in the First Amended Complaint.  (*See* FAC.)

(1) $30,000 will be deposited into a trust for the benefit of Minor Plaintiff I.M., (2) $30,000 will be deposited into a trust for the benefit of Minor Plaintiff B.A.J., and (3) $60,000 will be paid as attorneys' fees to Plaintiffs' counsel in satisfaction of all Defendants' and Plaintiffs' liability for attorneys' fees. (Pet. 4; Settlement Agreement §§ (2)(a)(1), (3)(d).)

Sunny Khachatryan and Tatevik Khachatryan now seek approval of the minors' compromise on behalf of Minor Plaintiffs. (*See* Pet.) No party opposes the Petition.

### III. DISCUSSION

Local Rule 17-1.2 mandates that "[n]o claim in any action involving a minor . . . shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." This rule reflects the general principle that "the court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). Consequently, "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Id.* (citation omitted); *see also Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) ("District courts have a special duty . . . to safeguard the interests of litigants who are minors.").

**A. Procedural Requirements**

"Insofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384." C.D. Cal. L.R. 17-1.3. Rule 3.1384 requires that (1) the application for compromise be verified and include form MC-350 or MC-350EX, *see* Cal. Rule Ct. 7.950; (2) the petitioners' attorney must disclose certain information regarding counsel's interest in a petition to compromise a claim, *id.* 7.951; and (3) a hearing must be held unless the court for good cause dispenses with the parties' personal appearances, *id.* 7.952.

Petitioners satisfy these three procedural requirements. First, Petitioners include a completed Form MC-350 Petition for Compromise of a Pending Action, one each for B.A.J. and I.M. (*See* Form MC-350 for B.A.J., ECF No. 77-2; Form MC-350 for I.M., ECF No. 77-3.) Sunny Khachatryan, B.A.J.'s GAL, verified Form MC-350 for B.A.J. (Form MC-350 for B.A.J. 1, 10.) Tatevik Khachatryan, I.M.'s GAL, did the same for Form MC-350 for I.M. (Form MC-350 for I.M. 1, 10.)

Second, Plaintiffs' counsel has complied with California Rule of Court 7.951, which requires counsel to disclose certain information regarding counsel's interest in a petition to compromise a claim. California Rule of Court 7.951 states that the petitioners' attorney must disclose, among other things, "[w]hether the attorney has received any attorney's fees or other compensation for services provided in connection with the claim giving rise to the petition or with the preparation of the petition, and, if so, the amounts and the identity of the person who paid the fees or other compensation." Plaintiffs disclose that, as part of the settlement, Defendants will pay Plaintiffs' counsel $60,000 in full satisfaction of the more than $190,845.80 in fees and costs that have been incurred prosecuting this case. (Dowdall Decl. ¶¶ 15, 17, 19; Pet. 4.) Plaintiffs also disclose the full terms of any agreement between Plaintiffs and their attorneys. (Dowdall Decl. ¶¶ 17–18, Ex. 5 ("Pre-Litigation Contingency Agreement"), ECF No. 77-9.)

Third, the Court finds, under California Rule of Court 7.952, that good cause exists to decide the matter without a hearing. *See* Cal. Rule Ct. 7.952 (stating that the Court for good cause may dispense with the hearing); *see also* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15; *L.M.B. v. United States*, No. 2:21-cv-01683-RSWL (AFMx), 2023 WL 11944336, at *3 (C.D. Cal. Mar. 6, 2023) ("Since the Petition is unopposed and is suitable for decision without oral argument, good cause exists to approve the settlement without a hearing.").

4

### B. Fairness of the Settlement

A court's role in approving a minor's compromise is to "assure that whatever is done is in the minor's best interest," and that "the compromise is sufficient to provide for the minor's injuries, care and treatment." *S. W. v. Frey*, No. 2:09-cv-06936-GAF (CTx), 2011 WL 13213587, at *2 (C.D. Cal. June 7, 2011) (quoting *Goldberg v. Superior Ct.*, 23 Cal. App. 4th 1378, 1382 (1994)). The Ninth Circuit has instructed that in cases involving the settlement of a minor's claim, courts should "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181–82 (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)). "So long as the net recovery to each minor plaintiff is fair and reasonable . . . the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

In light of the facts of this case, the proposed minors' compromise is fair and warrants the Court's approval. Minor Plaintiffs brought claims against Defendants for, among other things, copyright infringement and violation of California's Civil Code § 3344 related to Defendants' use of images of Minor Plaintiffs in a marketing campaign. The parties agreed to settle this action for $120,000. Each Minor Plaintiff will receive $30,000 to be paid into blocked trust accounts, and Plaintiffs' counsel will receive $60,000. (Pet. 4.) Based on evidence produced in discovery regarding Minor Plaintiffs' earning history and that Defendant produced records showing it earned $3,204.50 in gross sales of the bathrobes, Plaintiffs state that $30,000 per Minor Plaintiff "is many magnitudes beyond what they would have earned on the open market." (*Id.* at 4–5.) The Court also recently rejected Plaintiffs' motion for leave to file a second amended complaint to "clarify" that the damages they sought included

punitive damages. (Order Den. Mot. Leave Amend Second Am. Compl. 4, 8, ECF No. 69.) Considering these facts, the Court agrees that the compensation to Minor Plaintiffs is fair and reasonable.

Accordingly, the Court finds that the minors' compromise adequately protects the interests of Minor Plaintiffs.

### C. Counsel's Fees and Costs

The Ninth Circuit has made clear that district courts "should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." *Robidoux*, 638 F.3d at 1182; *see A.G.A. v. County of Riverside*, No. 5:19-cv-00077-VAP (SPx), 2019 WL 2871160, at *2 n.1 (C.D. Cal. Apr. 26, 2019) (applying *Robidoux* standard where court has federal question jurisdiction and is exercising supplemental jurisdiction over plaintiffs' state law claims); (FAC ¶¶ 12–13 (invoking Court's federal question jurisdiction and supplemental jurisdiction over state law claims).) As discussed, the Court finds that "the net amount distributed to each minor plaintiff in the settlement is fair and reasonable." *Robidoux*, 638 F.3d at 1182. Therefore, that Plaintiffs' counsel is set to receive a "large proportion of the total settlement value," fifty percent, does not factor into this Court's analysis of the settlement. *Id.* (finding district court erred in rejecting a settlement on the basis that the provision of fifty-six percent of the total settlement value for attorney's fees was "excessive").

That said, although the Court need not consider the amount of attorneys' fees in determining whether a settlement is fair and reasonable to a minor, it must nevertheless approve the amount of attorneys' fees. C.D. Cal. L.R. 17-1.4 (requiring courts to "fix the amount of attorney's fees" in "all actions involving the claim of a minor"). Outside of the $60,000 Defendants will pay Plaintiffs' counsel, Plaintiffs' counsel has waived all attorneys' fees, even though Plaintiffs have incurred a total of $190,845.80 in attorneys' fees. (Pet. 4; Dowdall Decl. ¶¶ 15, 17; Settlement

Agreement § 3(d).) The Court finds waiver of remaining attorneys' fees reasonable. *See I. H. v. Oxnard Sch. Dist.*, No. 2:19-cv-01997-MWF (MRWx), 2021 WL 1931516, at *2 (C.D. Cal. Mar. 10, 2021) (approving $375,000 award of attorneys' fees where minor plaintiff received $20,000 plus 725 hours of individual instruction and the amount of attorneys' fees was "substantially lower than counsel's total fees" in the case).

### D.   Settlement Funds

Proceeds recovered on behalf of a minor must be paid into the Court's registry unless the Court orders otherwise. C.D. Cal. L.R. 17-1.5. Here, the parties agree that Minor Plaintiffs' settlement funds be paid into blocked trust accounts designed for child entertainers. (Pet. 4 & n.2.) Each Minor Plaintiff's funds will not be released from their respective trust account until that Minor Plaintiff reaches eighteen years of age. (Dowdall Decl. ¶ 19.) The proposed method of payment is consistent with the provisions for payment provided by Local Rule 17-1.5 and California Code of Civil Procedure section 372(a). *See Banuelos v. City of San Bernardino*, No. 5:13-cv-00736-GW (DTBx), 2018 WL 6131190, at *6 (C.D. Cal. Apr. 26, 2018).

### IV.   CONCLUSION

For the reasons discussed above, the Petition for Approval of Minor's Comprise is **GRANTED**. (ECF No. 77.) The Court also orders as follows:

1. The settlement proceeds in the amount of $30,000 due to Minor Plaintiff B.A.J. shall be paid into her Coogan Trust Account at Wells Fargo, ending in 3857, subject to further order of the Court and otherwise distributable to B.A.J. upon reaching the age of majority;
2. The settlement proceeds in the amount of $30,000 due to Minor Plaintiff I.M. shall be paid into her Coogan Trust Account at Wells Fargo, ending in 5029, subject to further order of the Court and otherwise distributable to I.M. upon reaching the age of majority;

3. The Court approves the payment of attorneys' fees and costs to Plaintiffs' counsel of record, Tarter Krinsky & Drogin, LLP, in the amount of $60,000, to be paid by Defendants in accordance with the Settlement Agreement; and

4. The parties shall file a stipulation and proposed order dismissing this action no later than **forty-five days** from the date of this Order. Failure to comply with this Order may result in the dismissal of this action pursuant to the Court's own authority.

**IT IS SO ORDERED.**

February 21, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

8